**FILED**

FEB 2 7 2008

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michael Trupei, pro se<br>R12743-004<br>Corrections Corporation of America (CCA)<br>P.O. Drawer 30<br>McRae, Georgia 31055<br><br>     Plaintiff,<br><br>vs.<br><br>UNITED STATES, a/k/a "U.S., Inc."; FEDERAL<br>AVIATION ADMINISTRATION (FAA); Norman Mineta,<br>Secretary, U.S. DEPARTMENT of TRANSPORTATION;<br>Marion C. Blakely, Administrator, FAA; Keith<br>S. May, FAA-Attorney; Theressa D. Dunn, FAA-<br>Attorney; FAA-Special Agent, Michael Clark;<br>FAA-Special Agent, Richard R. Buszek, and<br>all other assignees or successors in their<br>official, acting and individual capacities,<br>et al.,<br><br>     Defendants. | Case: 1:08-cv-00351<br>Assigned To : Kennedy, Henry H.<br>Assign. Date : 2/27/2008<br>Description: Pro Se General Civil<br><br>) Pertinent statute under which<br>) this Complaint is set out, are as<br>) follows:<br>)<br>) 28 U.S.C. §§ 2671, et seq.,<br>) 28 U.S.C. § 1331 (Federal<br>) Question); § 1651 (All Writs Act);<br>) § 2201 (Declaratory Judgment);<br>) § 2202 (Further Relief); and/or<br>) Constitutional Claims premised<br>) upon Bivens v. Six Unknown Agents,<br>) 403 U.S. 388, 91 S.Ct 1999, 29<br>) L.Ed 2d 619 (1972) and provisions<br>) of Trespass and Uniform Commercial<br>) Codes (UCC) are also asserted.<br>)<br>) |

PLAINTIFF's ORIGINAL COMPLAINT in TORT, and/or BIVENS, REQUEST
for DECLARATORY and FURTHER RELIEF, and DEMAND for JURY
TRIAL, **NOTARIZED**

The PLAINTIFF, sub nomine, Michael Trupei (Plaintiff) appearing specially and

not generally and hereby complains under FEDERAL TORT CLAIMS ACT (FTCA); BIVENS

v. SIX UNKNOWN AGENTS of FEDERAL BUREA of PRISONS, 403 U.S. 388 and also seeks

DECLARATORY JUDGMENT and FURTHER RELIEFF against the above Defendants or

otherwise under the doctrine of Respondeat Superior, the alleged corporate

entities, Secretary, Administration(s), Manager(s), de facto United States

Attorney, Assistant United States Attorney(s) and Special Agent(s); and all

other unknown persons not brought forth herein in their official and/or

individual capacities. The prerequisite Administrative Tort Claim for injury

and/or omission(s) was filed on January 23th, 2007 via a Standard Form-95 (SF-

95)(Exhibit-1, attached hereto). Plaintiff states to wit:

**RECEIVED**

JAN 1 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

1.) Plaintiff, an inexperienced layperson and hereby seeks liberal interpretations of this/his complaint and invokes Haines v. Kerner, 404 U.S. 519, 30 L.Ed 2d 652, 92 S.Ct 954 (1972) (pro se litigants are to be held to less stringent standard than lawyers).

**Jurisdiction:**

2.) Besides FTCA and Bivens v. Six Unknown Agents of Federal Bureau of Narcotic, 403 U.S. 388 (1977), Plaintiff also seeks Declaratory Judgment and Injunctive Relief, and further invokes Federal Question together with Diversity Jurisdiction under 28 U.S.C. §§ 1331 (Federal Question); 1332 (Diversity Jurisdiction); 1343 (Civil Rights and Elective Franchise); 1346 (United States as Defendant) and under 42 U.S.C. §§ 1981, et seq., (equal rights under the law). This Honorable Court (the Court) has jurisdiction over this lawsuit brought forth hereunder.

**Venue:**

3.) Venue is proper in this Court under Title 28 U.S.C. § 1391(b), wherein juris is not found only on diversity of citizenship in § 1391(e) because the principal Defendants reside or otherwise are incorporated in this jurisdiction and also substantial part of the events or omissions giving rise to Plaintiff's claims, occurred in this district.

**Parties in this Action:**

4.) Plaintiff in this case is a federal prisoner and is hereby appearing in propria persona.

5.) The Defendant UNITED STATES (Defendant UNITED STATES) is at all material times hereto the Federal Corporation, ens legis, as chartered in February 21st, 1871[1] or otherwise found under statutory provisions of 28 U.S.C. § 3002(15)

---

[1]
The Legislative Act of February 21st, 1871, Congressional Record Forty-First Congress, Session III, Chapter 62, p. 419, a chartered Federal Company entitled "UNITED STATES," i.e., "UNITED STATES [1871]," a/k/a "U.S.,Inc."

(A)(B) and (C), and existing pursuant to the laws thereunder, and the laws of fifty (50) other states, having its principal place of business located in District of Columbia and elsewhere.

6.) Defendant FEDERAL AVIATION ADMINISTRATION (Defendant-FAA) is/was at all material times hereto a part of the Federal Corporation or otherwise "U.S. Inc.," having its principal place of business located in this district and elsewhere.

7.) Defendant Norman Mineta (Defendant-Mineta and all his successors) is/was at all material times hereto the Secretary, UNITED STATES DEPARTMENT of TRANSPORTATION and has broad delegation of powers under the statutory regimen that can not insulate Defendant-FAA from any liability in violation of Plaintiff's civil rights and the Federal Laws by and through its employee(s).

8.) Defendant Marion C. Blakely (Defendant-Blakely) is/was at all material times hereto, the Defendant-FAA's Administrator, having likewise delegated powers under Federal Statutory provisions and is responsible, directly, indirectly and/or otherwise for the actions of its/her employee(s).

9.) Defendant Carolyn Blum (Defendant-Blum) is/was at all material times to this action the Southern Regional Administrator, FEDERAL AVIATION ADMINISTRATION, at its Atlanta, Georgia's Office, and is responsible for the actions by its/her employees.

10.) Defendant Keith S. May (Defendant-May) is/was a Managing Attorney, Office of the Assistant Chief Counsel Southern Region, FEDERAL AVIATION ADMINISTRATION at Orlando, Florida, and one of the main protagonists in this cause against the Plaintiff.

11.) Defendant Michael Clark (Defendant-Clark) was/is a Special Agent or otherwise an employee at Miami Security Field Office, FEDERAL AVIATION ADMINISTRATION, and who had knowingly and willfully violated Plaintiff's civil rights.

-3-

12.) Defendant Richard R. Buszek (Defendant-Buszek) was/is a Special Agent in the Civil Aviation Security Investigation Section, FEDERAL AVIATION ADMINISTRATION, Miami Field Office.

13.) Defendant Theressa D. Dunn (Defendant-Dunn) was/is a General Attorney. Southern Regional Office of Assistant Chief Counsel, North Branch, (Atlanta, Georgia), FEDERAL AVIATION ADMINISTRATION.

### General Allegations as to <u>All</u> <u>Claims</u>

14.) On or about May 8th, 1996, Plaintiff received a certified U.S. Mail, return receipt requested from U.S. Department of Transportation, Federal Aviation Administration (FAA)(hereafter "Defendant-FAA"), particularly by and through Special Agent Michael Clark ("Defendant Clark"), informing Plaintiff that FAA, Civil Aviation Security Division, "<u>received information</u>" that on August 31, 1990, Plaintiff was convicted, in April 1990, in the United States District Court of conspiracy to manufacture and distribute methamphetamine, and that the Plaintiff is subject to his investigation. (See <u>exhibit-2</u>, attached hereto).

15.) In response to Defendant Clark's letter, via certified return receipt requested dated May 23, 1996, Plaintiff requested a copy of the statute under which the FAA proposed the Revocation of Plaintiff's Commercial Pilot Certificate (Certificate), so that he may rebutt Defendants allegations. (See <u>exhibit-3</u>, attached hereto).

16.) That on June 25, 1996, Defendant-Clark responded to Plaintiff's May 23, 1996, request, for a copy of 14 C.F.R. Subpart A, § 61.15(a)(2), and further advised that Plaintiff has "10 days of receipt" of Defendant's Clark's letter to present evidence or statements contrary to Defendant's charges. (See <u>exhibit-4</u>, attached hereto).

**17.)** In order to oppose Defendants-FAA charges, on July 1, 1996, Plaintiff filed his Freedom of Information request (FOIA), certified and return receipt requested No.: P-542-160-387, for all records/documents pertaining to him, so needed to oppose Defendants, allegations. (See exhibit-5, attached hereto).

**18.)** Because Defendant-Clark failed to respond within ten (10) days to Plaintiff's FOIA request as required thereunder, thereby prejudicing Plaintiff by delay of production of the records, causing him injury and harm. (See exhibit-5, attached hereto).

**19.)** Because of Defendant-Clark's non-response to Plaintiff's FOIA request of July lrd, 1996, Plaintiff followed up with his administrative FOIA-Appeal, certified return receipt requested No.: P-264-597-635, under 5 U.S.C. § 552(a)(6)(A)(ii).

**20.)** Likewise to that FOIA-Appeal, Defendant-Clark admits that he failed to respond to Plaintiff's FOIA request and appeal, thereby violating, both, 5 U.S.C. §§ 552(a)(6)(A)(i) and (ii) of that Title, or otherwise twice the ten (10) day Congressional response provisions, causing Plaintiff injury and harm by and through fraud, deceit and stay and delay. (See exhibit-6, 1st ¶, attached hereto).

**21.)** Since Defendant-Clark failed to acknowledge PLaintiff's administrative FOIA's request and appeal, on September 4th, 1996, Plaintiff filed his FOIA Complaint under 5 U.S.C. § 552(a)(4)(B), complaining of violations under FOIA statutes, and doing so, it took time to draft said complaint, which in turn causes Plaintiff prejudice and harm. (See exhibit-7, attached hereto).

**22.)** That on September 14th, 1996, Plaintiff received Defendant-Blum's response to his FOIA request dated July 3rd, 1996. That response was about 67 days late, causing prejudice by way of Defendants' intentional stay, delay, and denial of Plaintiff's requested records. (See exhibit-8, attached hereto).

23.) Because of filing of the FOIA Complaint, on November 14th, 1996, Defendant-May also responded to Plaintiff's FOIA request dated July 1st, 1996. That response was about 136 days late, as Plaintiff was not privy of early production of the records/documents sought, so required to oppose Defendants-FAA's revocation of his Certificate, thereby aggravating Plaintiff's injury through delay. 515 F.2d 579, 579 [5](See exhibit-9, attached hereto).

24.) Pursuant to Plaintiff's FOIA Complaint, Defendant-Clark produced some of the requested records that Plaintiff sought. The produced record, however, show a contradiction of the testimony by S/A DEA Mark Bumar at Plaintiff's trial in April of 1990, to that given to Defendant-Clark in 1996 as untruthful, causing prejudice and harm to Plaintiff.

25.) That the produced records/documents show, that Defendant-Clark relied on, were unsworn and untruthful statements made by S/A DEA Mark Bumar, and given to Defendant-Clark, and were also inconsistent with his testimony at Plaintiff's April 1990 trial, thereby prejudicing Plaintiff in revocation of his Certificate. (See exhibit-10, attached hereto).

26.) That Defendant-Clark failed to acquaint himself, whether S/A DEA Mark Bumar's statements and/or information were/are credible and/or accurate for the purposes to revoke Plaintiff's Certificate. By not doing so, causing Plaintiff prejudice and harm.

27.) That Defendant-Clark's recommendation to commence the revocation proceedings of Plaintiff's Certificate was premised solely on S/A DEA Mark Bumar's false statement, who was not a bona fide Agent for that agency, as Defendant-Clark should have first acquainted himself about S/A DEA Bumar's credibility and employment status, but he did not, thereby unduly prejudicing and harming Plaintiff, as the information Defendant-Clark was relying on, was a contradiction of a worst kind.

**28.)** That on November 23, 1998, Plaintiff responded and/or objected to Defendant-May's proposed action to revoke Plaintiff's Commercial Pilot Certificate. (See exhibit-13, attached hereto).

**29.)** That based on S/A DEA Bumar's statements, Defendant-Clark recommended to his superior, namely Norman B. Hancok, Manager, whose signature is a mark of approval that Plaintiff's certificate be revoked, causing Plaintiff's prejudice and harm of loosing his Certificate, inter alia. (See exhibit-11, attached hereto).

**30.)** That on November 13, 1996, Defendant-May had sent upon Plaintiff a "Notice of Proposed Certificate Action," whereby he was relying on false information given by so-called S/A DEA, Mark Bumar. In doing so, Defendants-FAA, caused prejudice upon Plaintiff. (See exhibit-12, attached hereto).

**31.)** That on November 23, 1996, Plaintiff responded and/or objected to Defendant-May's proposed action, by revocation, against Plaintiff's Commercial Pilot Certificate. (See exhibit-13, attached hereto).

**32.)** Based on his believes, on January 16, 1997, Defendant-May, a self-appointed, unappointed federal employee or otherwise a private private individual that masqueraded himself as bona fide Defendants-FAA employee, which he was not as he failed to be appoined under 5 U.S.C. § 2105(a), however, he had revoked Plaintiff's Commerecial Pilot Certificate No.2060240, causing Plaintiff's prejudice, injury, and harm. (See exhibit-14, attached hereto).

**33.)** Not long after the revocation, on January 31, 1997, Plaintiff filed his appeal to the National Transportation Safety Board (NTSB) Office of the Administrative Law Judges (ALJ). That filing entailed time and effort by Plaintiff to challenge the revocation by Defendant-May, thereby causing continuing injury and harm to Plaintiff.

**34.)** That on February 19, 1997, the self-appointed, unappointed Defendant-May, had sent a letter upon NTSB, under caption Administrator v. Michael Trupei,

Docket No.: SE-FAA, Case No. 94S0780076, requesting a hearing, but no hearing took place, prejudicing Plaintiff, once again, of fair proceedings. (See exhibit-15, attached hereto).

35.) That in his holding of June 24, 1992, the ALJ relied solely on information by self-appointed, unappointed Defendant-Clark, who in turn obtained that information from another self-appointed, unappointed, qui tam, agent DEA, Mark Bumar's untruthful statements, thereby prejudicing and harming Plaintiff through revocation of his licence and waste of time, defending that cause.

36.) That Plaintiff filed his objections on January 31, 1997, to the NTSB from Defendant-May's January 16th, 1997, Order of Revocation of Plaintiff's Certificate. (See exhibit-16, attached hereto).

37.) That on June 24, 1997, ALJ denied Plaintiff's Motion to Dismiss complaint and entered Judgment in favor of Defendants-FAA. (See exhibit-17, attached hereto).

38.) That on September 4th, 1997, PLaintiff appealed June 24, 1997 order of ALJ's William E. Fowler, denying Plaintiff's Motion to Dismiss Complaint as stale, inter alia, and granting the Defendants-FAA's Motion for Judgment on the Pleadings. (See exhibit-18, attached hereto).

39.) That on May 15, 1998, the NTSB's full Board affirmed ALJ's decision, affirming the Order of Revocation of Plaintiff's Certificate No.: 2060240. Likewise that affirmation was based on Defendant-Clark's and Defendant-May's reliance on untruthful statements and schemings by the so-called S/A DEA, Mark Bumar, prejudicing and harming Plaintiff further. (See exhibit-19, attached hereto).

40.) That on December 22nd, 2000, Defendant-May sent a letter upon Plaintiff, reminding him that his Certificate has been since June 14, 1998, revoked. (See exhibit-20, attached hereto).

41.) Moreover on December 22, 2000, Defendant-May, also advised that Plaintiff's failure to return the revoked Certificate to the Defendant-FAA, subjects him to an action to collect a civil penalty in the amount of $ 1,100 for each day that Plaintiff fails to surrender his Certificate, thereby cementing further prejudice and harassmentby demanding the Certificate that Plaintiff could not produce. (See exhibit-21, attached hereto).

42.) That Defendant-May knew or should have known that Plaintiff was incarcerated and therefore unable to physically surrender his Pilot Certificate, constitutes harassment and prejudice to Plaintiff.

43.) That via certified U.S. Mail, return receipt requested, on March 5th, 2004, Defendant-Dunn served an "Order of Assessment" upon Plaintiff to pay the assessed civil penalty of $ 3,300. Even though Plaintiff was in custody of Attorney General, Defendants-FAA, particularly Defendant-Dunn knew or should have known about his status, but had deliberately ignored and persistently threatening and/or pressured Plaintiff through the "Order of Assessment" the production of his Certificate, which could neither be had, constitutes a calculated harassment of loosing credit and diversionary tactic, so that Plaintiff could not concentrate on his more pressing issues, such as filing his 28 U.S.C. § 2255 and/or : 2241 Motion(s) in hopes to exit from the prison sooner rather than later. In so doing, Defendants had unduly prejudiced Plaintiff further through stay and delay, thereby causing him a continuing injury and harm. (See exhibit-22, attached hereto).

44.) That on March 23rd, 2004, Plaintiff objected to Defendants, Office of Regional Counsel, namely Defendant-Dunn's Order of Assessment, as it was nothing more than further harassment which is synonymous with sophisticated brand of extortion, causing Plaintiff injury and irreparable harm from loosing his Certificate, as well as focusing on his 28 U.S.C. §§ 2255 and 2241 Motions, pertaining to his case in chief. (See exhibit-23, attached hereto).

45.) That in Plaintiff's objection of March 23rd, 2004, he also challenged Defendant-Dunn's, inter alia, capacity to appear on behalf of Defendant-FAA. In that. whether she properly executed her "oath of office" under 5 U.S.C. § 3331, among others. (See exhibit-23, attached hereto).

46.) That on April 1st, 2004, Defendant-Dunn refiled the Complaint, under Administrator v. Michael Trupei, FAA Case No.: 2002SO780024 against Plaintiff. That Complaint consisted of prior filing under "Order od Assessment" that Defendant-May filed on March 5th, 2004 against Plaintiff, thereby subjecting Plaintiff to further objection which required time, causing him injury through delay and stay on his substantial 28 U.S.C. §§ 2255 and 2241 Motions. (See exhibit-24, attached hereto).

47.) That on April 17th, 2004, Plaintiff filed a FOIA request for records/documents, particularly "Oath of Office" and "Appointment Affidavit" under 5 U.S.C. §§ 3331, 3332 respectively. And because of the bankruptcy[2] in March 5th, 1933, a fidelity bond was also requested and required, pertaining to Defendant-Dunn; Defendant-May; and Defendant-Clark and/or any other entity's personnel connected with this matter. (See exhibit-25, attached hereto).

48.) That on April 20th, 2004, Plaintiff's answered to Defendant-FAA, particularly Defendant-Dunn's "Order of Assessment" or otherwise, construed as the Complaint, by defending his position against Defendants' allegations in the Complaint. In doing so, it once again required time and energy and, of course, resources to draft the answer, thereby causing Plaintiff prejudice through distraction and delay from other substantial legal effort, involving his case in U.S. v. Hogan, Case No.: 89:6062-cr-Gonzales. (See exhibit-26, attached hereto).

---

[2] Mr. Speaker: We are now in Chapter 11. Members of Congress are official trustees presiding over the greatest reorganization of any bankrupt entity in world history, U.S. Government...." Representative James A. Traficant Jr., Congressional Record, March 17th, 1993. Vol. 33. See also Chapter 11 Reorganization.

49.) That on April 20th, 2004, Plaintiff reiterated the need of the "bill of particulars" for records/documents requested in his FOIA request dated April 17th, 2004, an noticing Defendant(s)-FAA that their case, Administrator v. Michael Trupei, Case No.: 2002S00780024 and/or CF-132, wherein Plaintiff was requesting a jury trial. (See exhibit-27, attached hereto).

50.) That on May 7th, 2004, Defendant-FAA by and through Defendant-Dunn, filed "Administrator's Motion for Summary Judgment," requesting that ALJ issues an order in favor of Defendant-FAA in its entirety.

51.) That on June 8th, 2004, Defendant-Blum responded to Plaintiff's FOIA request dated April 17th, 2004, wherein she enclosed copies to wit: (1) "Oath of Office" and (2) "Officers Affidavit". The requested fidelity bonds, pertaining to Defendant-Dunn; Defendant-May; and Defendant-Clark, were not found, thereby causing Plaintiff injury and harm by and through self-insured, uninsured acting schemers upon Plaintiff. (See exhibit-28, attached hereto).

52.) That on June 23rd, 2004, Plaintiff filed objections to Defendants' partial no records response dated April 17, 2004. (See exhibit-25, attached hereto). Wherein Plaintiff also objected to the verity of the "Oath of Office" pertaining to Defendant-May, (see exhibit-29, attached hereto), the "Oath of Office" subject to Defendant-Dunn, (see exhibit-30, attached hereto), and "Oath of Office" pertaining to Defendant-Clark, (see exhibit-31, attached hereto). Pursuant through those defective documents, Defendant-Dunn; Defendant-May; and Defendant-Clark were performing federal functions, as though they were bona fide federal employees, which they were not. They, however, were challenging Plaintiff to respond to their pleadings, which in fact were fraudulent, thereby causing Plaintiff further injury and harm, aggravating his his exit from the prison by distraction. (See exhibit-32, attached hereto).

53.) That on September 15, 2004, the Chief Administrative Law Judge, William E. Fowler, Jr., issued an Order, requesting Plaintiff to provide the reasons as to why, he was unable to surrender his Certificate. (See exhibit-33, attached hereto).

54.) As so directed, Plaintiff responded to the ALJ's Order in writing, describing the reasons for not responding further, as he already did so in his prior pleading. In so doing, Plaintiff was further deterred or distracted from carrying out his other more pressing issues, such as Plaintiff's Motion to Dismiss the government's fraudulent indictment, causing further prejudice and harm by not been able to exit prison sooner. (See exhibit-34, attached hereto).

55.) That on December 8th, 2004, the Chief ALJ, William E. Fowler, Jr., denied Defendants-FAA Motion for Summary Judgment on the basis that Plaintiff was incarcerated and thus unable to physically surrender his CommercialPilot Certificate, and directed Defendants-FAA to move the court for an evidentiary hearing in this case. (See exhibit-35, attached hereto).

56.) That on December 27th, 2004, the NTSB's Office of Administrative Law Judges, assigned the cause to ALJ, William A. Pope, II for further proceedings. (See exhibit-36, attached hereto).

57.) That on February 8th, 2005, Defendant-FAA, by and through self-appointed, unappointed, self-insured, uninsured Defendant-Dunn, a private person, and pursuant to 49 U.S.C. § 821.12(b) of the Board's Rule and Procedures in Air Safety Proceedings had withdrawn Defendants' Complaint and requested the ALJ to dismiss the proceedings. In doing so, Defendants admitted that their Complaint was filed in bad faith. Nevertheless, Plaintiff had to labor against it Defendants' malevolent legal challenges, thereby further destracting Plaintiff from doing his more pressing legal work on 28 U.S.C. §§ 2255 and/or 2241 Motions, causing him injury and harm. (See exhibit-37, attached hereto).

-12-

**58.)** Because of the Defendants' withdrawal of their Complaint, on February 9th, 2005, ALJ, William A. Pope, II, terminate and dismissed the proceedings, consistent with February 8th, 2005, Defendants' request. (See exhibit-38, attached hereto).

**59.)** Because of the voluntary withdrawal by Defendants of their Complaint, and because that withdrawal was not in a certified form, on February 17th, 2005, via his Motion, Plaintiff moved ALJ for an order, directing Defendant-FAA and/or Defendant-Dunn to produce a certified copy of the withdrawal. (See exhibit-39, attached hereto).

**60.)** That on February 25th, 2005, Defendant-FAA by and through Defendant-Dunn opposed Plaintiff's Motion for a certified copy, thereby showing, once again, in bad faith for not providing a requested certified copy of the Defendants' "withdrawal" of their complaint in Administrator v. Michael Trupei, Case No. 2002S0780024, and thereafter, Administrator v. Michael Trupei, Case No.: CP-132 (Civil Penalty Assessment proceedings), causing Plaintiff substantial injury and irreparable harm by and through stay and delay, resulting in his inability to concentrate on Plaintiff's 28 U.S.C. §§ 2255 and/or 2241 Motions to exit the BOP-prison sooner, rather then much later. (See exhibit-40, attached hereto).

**61.)** On September 19 and declared on 21, 2005, Plaintiff submitted another FOIA request for the certified copies of the "Letters of Appointment" pursuant to: **(1)** Defendant-Dunn; **(2)** Defendant-May; **(3)** Defendant-Clark; and **(4)** Defendant-Buszek. (See exhibit-41, attached hereto).

**62.)** Thereafter on October 19, 2005, Defendant-FAA by and through Defendant-Blum, responded admitting that "there are no 'Letters of Appointment' pursuant to Plaintiff's September 21, 2005 FOIA-request. As the "Letters of Appointment" are not required for the positions held by the individuals listed and referenced in [Plaintiff's] request." (See exhibit-42, attached hereto). In admitting so, Plaintiff was investigated and prosecuted by other than government's agents and/or attorney(s), causing him injury and harm.

-13-

## CLAIMS

**CLAIM I**

### Fraud and Misrepresentation

60.) The Plaintiff realleges all of the allegations contained in paragraphs (1) through (62), as if fully set out herein.

61.) a.) That the Defendants made the following misrepresentations and fraud upon the Plaintiff by staying, delaying, impeding, and obstructing his legal efforts in <u>U.S. v. Hogan</u>, Case No.: 89-6062, which requires an enormous amount of time to dismiss his fraudulent indictment, instituted by the Defendant UNITED STATES, <u>inter alia</u>, as it is likewise facing an avalanche of legal/lawful claims in that case.

b.) That the Defendant-FAA represented by its officers, agents and/or contract employees misrepresented their superiors about Plaintiff's cause. In doing so, they alleged that Plaintiff plead guilty, which he did not, thereby materially misrepresented their superiors through fraud and misrepresentation.

c.) That the Defendant-Clark based his allegations solely on his believes out of Mark Bumar's windictive input that Plaintiff committed a drug crime, which he did not, and proceeded with his enforcement proposal for an "Order of Revocation" against Plaintiff's Certificate. This was a manoeuvre by Defendant-Clark, who created an impression upon his superiors that Plaintiff was still in possession of his Certificate, which he was not, that a sanction, however, through revocation of his Certificate shall be employed forthwith, so that it tacitly justifies the means, as an additional punishment upon Plaintiff for not pleading guilty at his case in chief, (89-6062) and this was done by way of <u>fraud</u> and <u>misrepresentation.</u>

d.) That Defendant-Clark's, Defendant-May's, and Defendant-Dunn's, actions and inactions, prior to and during the investigation, was made in bad faith, as Defendants, knew or should have known, that Plaintiff was incarcerated and could not "physically" deliver his Certificate thereto.

e.) That the Defendant United States by and through its corporate entity, namely Defendant-FAA initiated their investigation intentionally and in bad faith, as they knew or should have known, that the information relied upon was false, which was/is all the more to the detriment of the Plaintiff, causing him substantial prejudice and irreparable harm by and through fraud and misrepresentation.

f.) That the Defendant United States and its Codefendants-FAA, demanded the production of Plaintiff's Certificate physically. He, however, was/is incarcerated and could not do so, and despite being aware of his incarceration they, nevertheless, still proceeded with the action against Plaintiff, thereby substantially injuring and harming Plaintiff through fraud and misrepresentation.

## CLAIM II

### Gross Negligence

62.) That Plaintiff realleges all of the allegations contained in paragraphs (1) through (62), as if fully set out herein.

63.) That or on about May 8th, 1996 and continuing within venue of the Southern District of Florida and elsewhere, Defendant-FAA acted gross negligently by and through Defendant-Clark, who relied on his believes and/or sources of information, namely self-appointed, unappointed "qui tam" S/A DEA, Mark Bumar (Mark Bumar), and other known and unknown actors in this matter, that Plaintiff plead guilty to a conspiracy charge. Based on that information Defendant-Clark recommended to Defendant-May that Plaintiff's Pilot Certificate be revoked. In doing so, Defendant-Clark acted gross negligently as he relied on Mark Bumar's false information, thereby demonstrating gross negligence of not investigating, whether Mark Bumar's input was credible, causing Plaintiff prejudice and harm, and that is continously injuring Plaintiff based on Defendants gross negligent recommendation and report, and failing to investigate the source of information, namely Mark Bumar.

**CLAIM III**

**Deliberate Indifference**

64.) That the Plaintiff realleges all of the allegations contained in paragraphs (1) through (62) above, as if fully incorporated herein.

65.) By conscious indifference, the Defendants-FAA held pattern of modus operandi, by way of Defendant-Clark's and Defendant-May's reliances upon false statements proximately made by Mark Bumar, and did so knowingly and willfully for the purposes of Plaintiff's Certificate revocation, that amounted on beliefs and conjectures, that Plaintiff plead guilty, thereby contractually convicted himself and creating grounds for Defendants to bring their Revocation proceedings against his Pilot Certificate all the more justifiably so. As such, Defendants-FAA acted with deliberate indifference, for failing to investigate Mark Bumar's credibility as S/A DEA, thereby incurring a substantial prejudice and injury upon Plaintiff, resulting in compensable damages to Plaintiff.

**CLAIM IV**

**Violation of due process**

66.) That the Plaintiff realleges all of the allegations contained in paragraphs (1) through (62) inclusive.

67.) That the Defendants' reliance on Mark Bumar's statements were unduly suggestive to Defendant-Clark who in turn recommended to his superiors that Plaintiff's Certificate should be revoked; thereby created an arbitrary and discriminating enforcement due to failing to establish, whether Mark Bumar's statements were worthy of confidence to warrant the revocation action against Plaintiff's Certificate at all, in violation of due process, resulting in cumulative prejudice and irreparable harm from proximate acts hereinabove described, as Plaintiff was injured thereby.

## CLAIM V

### Leading to Aggravating of Plaintiff's Injury through stay and delay.

**68.)** That the Plaintiff realleges all of the allegations contained in paragraphs (1) through (62) above, as if fully set out herein.

**69.)** That the Defendants, particularly Defendant-Clark knew, or should have known, about Plaintiff's FOIA request of July 1st, 1996, but failed to observe ten (10) days response provision, and thereafter FOIA-Appeal, as Defendant-Clark likewise failed to observe the latter response provision, all in violation of Congressional intent pertinent to the statutes, thereby leading to Plaintiff's aggravated injury through further stay, delay, and obstruction, causing cumulative prejudice and irreparable harm upon Plaintiff.

## CLAIM VI

### Culpable Neglect

**70.)** That the Plaintiff realleges all of the allegations contained in paragraphs (1) through (62) above, as if fully set forth herein.

**71.)** That during the relevant period of time giving rise to this action, Defendants aforementioned had revoked Plaintiff's Certificate solely on Mark Bumar's false statements that Plaintiff plead guilty, inter alia, and did so without higher supervisory input whether Mark Bumar's statements to Defendant-Clark, were indeed credible, who then recommended the sanction of revocation upon next in command, Defendant-May, whereby the latter revoked Plaintiff's certificate based on the former's recommendation, without any further consultations with officers higher-ups, whether those statements were true at all. In not doing so, Defendants causing Plaintiff prejudice and irreparable harm, consistent of culpable neglect.

**CLAIM VII**

Intentional Delay of Personal Liberty

72.) That the Plaintiff realeges all of the allegations contained in paragraphs (1) through (62) inclusive herein.

73.) That in all material times to this action, Defendants had intentionally delayed Plaintiff's personal liberty interest by and through their administrative input of his Certificate revocation, whereby that delay was, in part, through subterfuge designed to distract Plaintiff from concentrating his mental faculties upon his more pressing 28 U.S.C. § 2255 and/or § 2241, so as to exit from his incarceration sooner, rather than later. Instead Plaintiff was, for 7 years, or more, squandering his effort and time upon Defendants' fraudulent "Order of Revocation" of his Certificate by and through the related pleadings thereof. In so doing, Defendants substantially prejudiced the Plaintiff by way of intentional stay and delay, that causes Plaintiff's injury and harm by delaying his personal liberty, and Defendants are therefore liable.

**CLAIM VIII**

Abuse of Process

74.) That the Plaintiff realleges all of the allegations contained in paragraphs (1) through (62) above, as if fully set out herein.

75.) That during the relevant period of time and continuing thereafter, the Defendant-Clark, Defendant-May, Defendant-Dunn, among others, had knowingly and willfully violated "Appointment Clause" (Art.II, § 2, cl 2) of the Constitution as well as statutory provisions in nexus thereof, under 5 U.S.C. § 2105 or otherwise under 28 U.S.C. § 542; they nevertheless executed "oath of office" which are null and void, and undertook Plaintiff's investigation under pretext of the federal agents, and who soon after filed their "Order of Revocation" of Plaintiff's Certificate, all the while not authorized to do so. As such, the Defendants above named fradulently abused the process, under the guise of federal agents, which they were not, thereby once again violated Plaintiff due process, and more, causing him substantial prejudice and irreparable harm.

## CLAIM IX

**They who Leave the Battle Field
First, loose by Default**

76.) That the Plaintiff realleges all of the allegations contained in paragraphs (1) through (62) above, as if fully set out herein.

77.) As a proximate and direct result of the aforementioned Defendants' actions and inactions, by and through the "Order of Revocation", filing their frivolous Complaint against Plaintiff, on the premises to create credit out of nothing, and ultimately withdrawal of that Complaint, by admitting that Plaintiff was in prison and therefore he could not "physically" produce his revoked Certificate. In doing so, Plaintiff had to respond to Defendants' onslaught of challenges, squandering his time and effort in lieu of his more pressing legal issues under 28 U.S.C. §§ 2255 and 2241 pleadings, thereby directly and/or indirectly delaying, staying, and obstructing Plaintiff's personal liberty by and through his incarceration, together with much grief, mental stress and economic misery, that entailed, 7 years or better, of Plaintiff's defenses through responses or rebuttals against Defendants' plethora of fraudulent challenges, causing Plaintiff substantial prejudice and irreparably injury by way of fraud and deceit.

## PRAYERS for RELIEF

(Paragraphs 1 through 62 herein are incorporated and realleged)

ACCORDINGLY, Plaintiff prays that this Honorable Court order Defendants herein to answer this/his Original Complaint in Tort and/or Bivens, and that this action be set for a trial at an early date, and that the Court grants judgment on the pleadings to Plaintiff, including but not limited to wit:

A. A preliminary and permanent injunction, restraining the Defendants, their agent(s) and/or representatives from retaliating against the Plaintiff, if so need be, from maintaining this/his cause of action. See generally Cisneros v. Nix, 884 FS 1313 at 1339 (Prison officials could not retaliate against an inmate for the exercise of a constitutional right), citing Scher v. Engelke, 943 F.2d 921 (8th Cir.1991), cert. denied 503 U.S. 952, 112 S.Ct 1516, 117 L.Ed 2d 652 (1992); and

B. directing Defendants to reinstate Plaintiff's revoked Commerecial Pilot Certificate No.: 2060240; and

C. ordering the Defendants to pay actual damages to Plaintiff, stemming from the injuries named hereinabove in the amount of $ 100,000,000.00 United States dollars of lawful money; and

D. ordering an award of compensatory damages in accordance with the the findings of the jury, together with prejudgment and postjudgment interests as allowed by law, recoverable jointly and severally from all of Defendants; and

E. ordering and/or awarding punitive damages in the full amount found by the jury against each of the individual Defendants; and

F. awarding Plaintiff the costs of litigating this/his action, including but not limited to reasonable attorney's fees and all reasonable and necessary expenses of this litigation, as provided by law, together with prejudgment and postjudgment interests; and

G. that a special prosecutor be appointed, uncontaminated by any association with the judicial and/or prosecutorial self-appointed, unappointed officers in the District of Columbia or elsewhere, to present Plaintiff's evidence to a grand jury; and

H. that in all counts herein, such other and further relief to which Plaintiff is or may show himself entitled to at or in law, or in equity, as this Honorable Court deems just, equitable, and proper; and

I. that Plaintiff also reserves his right to amend this/his Complaint as need be.

## REQUEST for a JURY

In the exercise of his right under Seventh Amendment of the United States Constitution, the applicable statutes and rules of the Court, Plaintiff hereby respectfully requests that a jury decides all issues of fact(s) in his several claims for relief asserted herein.

Respectfully submitted,

Michael Trupei, pro se

## CERTIFICATE of SERVICE

I, Michael Trupei do hereby CERTIFY that a copy of this Complaint in tort and/or Bivens has been on January 14, 200 8, hand delivered upon the McRae's mail-room for the purposes to be forwarded via U.S. Mail, first class certified and return receipt requested as follows:

Assistant Administrator for Regions
and Center Operation, ARC-1
Federal Aviation Administration,
800 Independence Ave., S.W.,
Washington, D.C. 20591

Michael Trupei, pro se

Sworn to and subscribed
before me on this 14, day of

January , 200 8

NOTARY PUBLIC          My Commission Expires:

Notary Public, Telfair County, Georgia
My Commission Expires Feb. 13, 2009

-21-

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

## I. (a) PLAINTIFFS

MICHAEL TARPEI

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _88888_
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

UNITED STATES, ETAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:08-cv-00351
Assigned To : Kennedy, Henry H.
Assign. Date : 2/27/2008
Description: Pro Se General Civil

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A. Antitrust**

☐ 410 Antitrust

☐ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☐ **E. General Civil (Other) OR** ☒ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

| □ G. *Habeas Corpus/ 2255* | □ H. *Employment Discrimination* | □ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |
| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights<br>Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-<br>Employment<br>□ 446 Americans w/Disabilities-<br>Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>□ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

---

**V. ORIGIN**

⦿1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

---

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23  DEMAND $ 100 Million  Check YES only if demanded in complaint  JURY DEMAND: ⦿YES  □ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  □ YES ⦿NO  If yes, please complete related case form.

DATE  SIGNATURE OF ATTORNEY OF RECORD  NCD

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

ma\js-44.wpd

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-94 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Federal Aviation Administration, (FAA), 800 Independence, Avenue, S.W. Washington. D.C. 20591 | 2. Name, Address of claimant and claimant's personal representative, if any. (See Instructions on reverse.) (Number, street, city, State and Zip Code) Michael Trupei, pro se R12743-004 FCC-Coleman Medium Security P.O. Box 1032 Coleman. Florida 33521-1032 |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH June 12, 1941 | 5. MARITAL STATUS Divorced | 6. DATE AND DAY OF ACCIDENT February 8th, 2005 | 7. TIME (A.M. OR P.M.) 11:24AM |
|---|---|---|---|---|

**8. Basis of Claim** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying the persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary)

This Federal Tort Claim (FTCA) under 28 U.S.C. § 2671, et seq., pertains to the Federal Aviation Administration's (FAA) maliciously instituted an investigation pursuant to Case No.: 94S0780076 and thereafter, with malice aforethought had instituted its administrative action under Docket No.: CP-132--FAA Case No.: 2002S078004 against Michael Trupei("Claimant") and/or his commercial pilot license No.: 2060240 on May 8th, 1996. Subsequently on May 15th, 1998, the National Transportation Safety Board (NTSB) revoked Claimant's commercial pilot license ("license") pursuant to EA-4661 order.

(continuing on the attachment)

| 9. PROPERTY DAMAGE |
|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See Instructions on reverse side.)

N/A

| 10. PERSONAL INJURY/WRONGFUL DEATH |
|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The FAA by and through its special agents, attorneys, and the like had instituted an investigation against the Claimant, all the while unappointed under 5 U.S.C. § 2105, inter alia, thereby causing Claimant injury and harm all in violation of 28 U.S.C. § 2671, et seq.

| 11. WITNESSES | |
|---|---|
| NAME | ADDRESS (Number, street, city, State and Zip Code) |
| Trupei v. FAA, 1:04-cv-0117 (EGS) and NTSB | United States District Court for the District of Columbia, 333 Constitution, Ave, Washington D.C. |

| 12. (See instructions on reverse) AMOUNT OF CLAIM (In dollars) | | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE Time-Loss | 12b. PERSONAL INJURY Aggravated the Claimant's Incarceration | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) $ 100,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) Michael Trupei | 13b. Phone number of signatory N/A | 14. DATE OF CLAIM 1/21/2007 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

30 0351

| 95-109 7-85) | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. |
|---|---|---|

**FILED**

FEB 2 7 2008

EXHIBIT-1

(continuing from the Standard Form-95)

Moreover, on December 22nd, 2000, the FAA directed Claimant to surrender his license to said agency and pay the assessed fine. Because the Claimant was already in prison, he was unable to comply with neither of the FAA's directives, as his business premises were plundered, including his license. Thus, on May 5th, 2004, the FAA initiated its "Order of Assessment" and shortly thereafter on May 7th, 2004, its Motion for Summary Judgment, whereby Claimant objected to all of FAA's pleadings in accordance of their need.

As a result of the administrative action dated above, on October 19th, 2004, the Claimant counter-sued FAA under Freedom of Information Act (FOIA), Case No.: Trupei v. FAA, 1:04-cv-0117 (EGS) alleging a violation of Specific Performance by FAA's agents and/or employees. Specifically, among others, they failed to honor the Congressional intent to answer Claimant's administrative appeal under 5 U.S.C. § 552(a)(6)(A)(ii), as amended.

Finally, on December 8th, 2004, the NTSB's Administrative Law Judge denied FAA's Motion for Summary Judgment pursuant to Docket No.: CP-132. Soon thereafter on February 8th, 2005, the FAA by and through its counsel withdrew the complaint, invoking 49 C.F.R. § 821.12(b) of the Board's Rule of Practice. (See exhibit-A, attached hereto). The following day of February 9th, 2005, the Administrative Law Judge, William A. Pope, II, ordered the proceeding be and is terminated. 1

Still, the civil action No.: Trupei v. FAA, 1:04-cv-0117 (EGS), where that Court held that the FAA "located no copies on file of fidelity bonds for the three (3) [FAA] employees," that were subject to the Claimant's erstwhile FOIA request and the civil action named above, and the case was terminated.

Because the FAA initiated the administrative "fight" against the Claimant's license first by and through its unauthorized, unappointed, self-insured [uninsured] attorney, namely Keith S. May, inter alia, as he/they or otherwise in conjunction with others, knew or should have known that from 1989 to as we speak Claimant was/is in prison, and thus he could not have reasonably produced the requested license,2 makes the FAA's action all the more in bad faith, as he/they deprived Claimant, for over 8 years, of his valuable time by way of his required responses to the FAA's constant barrage of the deceptive challenges, and has thereby aggravated the Claimant's injuries even further, namely from attending his underlying 28 U.S.C. § 2255 motion already in court, as well as many suits, in support thereof which have substantially stayed, delayed, and obstructed Claimant's exit out of prison. In doing so, the FAA by and through its obedient mercenaries acted "ultra vires" through their intentional stay, delay, and obstruction to the Claimant's legal input, which causes him injury, and said injury causes Claimant damages and which demands a commercial price to pay in a sum certain of $ 100,000,000.00 United States Dollars of lawful money.

---

1
Thus, and as an old maxim goes: "He who leaves the battle field first, loses by default."

2
Claimant is also Canadian citizen and holder of its commercial pilot certificate. Therefore, he has no use of his FAA's ticket, at all. Had Claimant been in actual or constructive possession of the license, without doubt, he would have it surrendered forthwith, but he was not privy of neither.

EXHIBIT-1  1



**U.S. Department
of Transportation**

**Federal Aviation
Administration**

Southern Region

**Investigations Field Office
P.O. Box 592336
Miami, Florida 33159**

May 8, 1996

**CERTIFIED MAIL -- RETURN RECEIPT REQUESTED**

File Number: **Commercial Pilot #94SO780076**

Michael Trupei
c/o Coleman Correctional Facility
Unit B-1
P.O. Box 819
Coleman, Florida  33521-0819

Dear Mr. Trupei:

The FAA, Civil Aviation Security Division, received information that on August 31, 1990, in the United States District Court, you were convicted of Conspiracy to Possess With Intent to Distribute P2P and Conspiracy to Manufacture and Distribute Methamphetamine.

Airmen convicted of offenses involving alcohol or drugs may have their FAA Airman Certificates suspended or revoked pursuant to Title 14 of the Code of Federal Regulations (CFR), Part 61.15(a)(2).

This letter is to inform you that this matter is under investigation by the Federal Aviation Administration.  You may present any evidence or statements you care to make regarding this matter within 10 days of receipt of this letter.  Any discussion or written statements you furnish will be given consideration in our investigation.  If you do not respond within the specified amount of time, our report will be processed without the benefit of your statement.

Sincerely,

Michael Clark
Special Agent

08  0351

**FILED**

FEB 2 7 2008

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT-2**



## "DOLUS ET FRATUS NEMINI PATROCINENTUR"

To: FAA, Investigation Field Office
P.O. Box 592336
Miami, Fl 331599

From: Michael Trupei
P.O. Box 819
Coleman, Fl 33521-0819

**IN RE: COMMERCIAL PILOT #94S0780076**

May 23rd, 1996

Dear Mr. Clark,

I am in receipt of your letter, dated May 8th, 1996, to which I am hereby responding as requested, and seek the following:

In order to examine the statute, governing FAA licensing provisions pursuant to Title 14 (CFR), part 61.15(a)(2), I need a copy of the aforesaid Title, so that I can respond to you concerning the above referenced subject matter. Therefore I ask you that you extend my time to respond by at least 30 working days.

In as much, as the requested aforesaid statute, i.e., Title 14 (CFR), part 61.15(a)(2), is in the "PUBLIC INTEREST" and I have declared myself to be indigent, I ask that you "WAVE ALL FEES, COSTS, and/or CHARGES."

Your assistance in this matter is gratefully appreciated!

Sincerely submited,

08 0351

*Michael Trupei*
MICHAEL TRUPEI-12743-F4

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Sworn to and subscribed before me this 23d day of

_____May_____ 199 6

*Penny R. Lancaster* My Commission Expires:
NOTARY PUBLIC

PENNY R. LANCASTER
COMMISSION # CC 28951
EXPIRES JUN 12, 1997
Atlantic Bonding Co., Inc.
800-732-2245

**EXHIBI-3**



U.S. Department
of Transportation

**Federal Aviation
Administration**

Southern Region

Investigations Field Office
P.O. Box 592336
Miami, Florida 33159

June 25, 1996

## CERTIFIED MAIL -- RETURN RECEIPT REQUESTED

File Number:  **Commercial Pilot #94SO780076**

Michael Trupei
c/o Coleman Correctional Facility
Unit B-1
P.O. Box 819
Coleman, Florida  33521-0819

Dear Mr. Trupei:

The FAA, Civil Aviation Security Division, received your letter dated May 23, 1996,
requesting a copy of Title 14, Code of Federal Regulations, Subpart A, Section
61.15(a)(2):  Offenses involving alcohol or drugs.  A copy of the regulation is attached for
your review.

As indicated previously, this matter is currently under investigation by the Federal
Aviation Administration.  You may present any evidence or statements you care to make
regarding this matter **within 10 days of receipt** of this letter.  If you do not respond
within the specified amount of time, our report will be processed without the benefit of
your statement.

Sincerely,

Michael Clark
Special Agent

Enclosure

08  0351

**FILED**

FEB 2 7 2008

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT-4**

PETITIONER:

**RESPONDENT:**

To: U.S. Department
    of Transportation
    Federal Aviation
    Administration (FAA)
    Southern Region's Field Office,
    P.O. Box 592336,
    Miami, Fl 33159

From: Michael Trupei
      P.O. Box 819
      Coleman, Fl 33521-
      0819

      June 29th, 1996

Att: S/A Michael Clark:

**IN RE: FILE No. COMMERCIAL PILOT,**
**#94S0780076, PURSUANT to**
**"RECEIVED INFORMATION",**
**SUBJECT to FREEDOM of**
**INFORMATION ACT, (FOIA),**
**TITLE 5 U.S.C.A., §552b,**
**as AMENDED and PRIVACY ACT**
**(PA), as AMENDED, §552a.**

08 0351

# FILED

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Sir:

Under the provision of the Freedom of Information Act, (FOIA)
Title 5 U.S.C.A., §552b, as amended, and the Privacy Act (PA) of 1974,
Title 5 U.S.C.A., §552a, as amended, in its entirety, including all
amendments to current date, and other Federal Statutes and regulations
regarding the Freedom of Information Act and Privacy Act, promulgated
thereunder.

I Michael Trupei (hereinafter referred to as Petitioner) hereby
respectfully request that you search your **systems, computers, data-**
**banks, files, documents, your notes, dossiers, transcripts, reports,**
**statements, notes,**  and any other type of informative materials or
data that is or may be available, including all **investigative records**
indicative in your May 8th, letter, pursuant to **"RECEIVED INFORMATIONS"**
as set forth in the above referenced cause.

In the event that any requested information, or any part of it,
is deemed exempt from disclosure, please advise Petitioner with speci-
ficity and particularity the reason therefor including the specific
exemption which you base your claim to with information and itemization
with index which would correlate specific statements in such justifi-

**EXHIBIT-5**

-2-

cation with actual portions of requested documents. See Vaughn v. Rosen, 484 F2d, 820, 360-38 (D.C. 1974). Additionally, if any mate- rials is deemed from disclosure please provide a "reasonable portions" of the same after deletions are made and justification and itemi- zation for the same are correlated and disclosed.

Furthermore, in the event that such a denial should be made, and the Petitioner wishes to exercise his right to appeal. Please list departments, agencies, offices, and supervisors, directors, and/or individual employee's name who have and actually handle Petitioner's request. Also, please list titles of all personnel, their addresses and telephone numbers, (including their FTS numbers) of all parties with applicable locator or other references as required and/or neces- sary for an appeal to be correctly executed.

Please mail to above said Petitioner a copy of all of the rules and regulations governing your agency and its operations, its respon- sibilities, and other criteria in order that the Petitioner may comply with same, requesting such information as herein above stated.

Should you fail to grant Petitioner's request within the sta- tutory time limit of ten (10) working days [FOIA 552(6)(A)(i)], Peti- tioner will deem his request denied and take appropriate action al- lowable by law.

This is an ongoing request for all disclosable **information** in your files referencing the above enumerated subject matter, even those records which postdate this request and which are prepared during or prior to its processing.

In as much this request, pursuant to your May 8th, 1996 **"RECEIVED INFORMATION"** letter, in the above entitled matter is in the "PUBLIC INTEREST" and above said Petitioner has declared himself to be indigent, Petitioner asks that you "WAVE ALL FEES, COSTS, and/or CHARGES".

Additionally, Petitioner respectfully request that you inform him in detail, if and when (date), and what information has been di- sclosed, to whom, and please be exact and specific.

-over-                **EXHIBIT-5**

-3-

ALL FOIA/PA AMENDMENTS CURRENTLY IN FORCE APPLY TO THIS REQUEST.

    I Michael Trupei, swear that the aforegoing FOIA/PA request
is true and correct to the best of my knowledge and belief.



                            Sincerely submitted,


                            Michael Trupei, pro se, 12743-
                            004



Sworn to and subscribed
before me on this _3rd_ day of


____July____ 199 _6_

Produced ID from Federal
Bureau of Prisons #12743-004.

                                        PENNY R. LANCASTER
                                        COMMISSION # CC 289517
                                        EXPIRES JUN 12, 1997
                                        Atlantic Bonding Co., Inc.
                                        800-732-2245

_____My Commission Expires: _____
NOTARY PUBLIC



                                                    EXHIBIT-5

U.S. DEPARTMENT OF TRANSPORTATION
FEDERAL AVIATION ADMINISTRATION
CIVIL AVIATION SECURITY

SUBJECT later submitted a request for information from his investigative file under the Freedom of Information Act, and later a Letter of Appeal after his initial request for information was not immediately fulfilled.

**[EXHIBITS 7 & 8]**

A memorandum describing SUBJECT's request for information was prepared and forwarded to the FAA, Regional Office, Atlanta, Georgia.

**[EXHIBIT 9]**

Records from the FAA, Airman Certification Branch, reflect that SUBJECT was issued a Commercial Pilot certificate #2060240, and instrument rating, on May 16, 1989.

**[EXHIBIT 10]**

*This is false because I was convicted of Title 21 U.S.C.A. 846 rather than 963*

**ANALYSIS:**

SUBJECT was convicted of conspiring to import a controlled substance into the United States. Thus, pursuant to Title 14, CFR, Subpart A, Subsection 61.15(a)(2), SUBJECT's airman certificate may be revoked or suspended.

Furthermore, since the conspiracy was detected prior to the completion of the crime no evidence exists indicating that SUBJECT piloted any aircraft into the United States for the purpose of delivering a controlled substance. However, during the investigation SUBJECT informed agents that he was a pilot and that he had the ability to facilitate the delivery of the controlled substance to a destination within the United States. Thus, SUBJECT demonstrated a clear intent to violate Section 609(c)(1) of the Federal Aviation Act of 1958, which requires a one year revocation of SUBJECT's airman certificates. *See Exhibit 2, a total contradiction as to the intent statement*

Based upon the foregoing information, a revocation of SUBJECT's airman certificates is recommended.

08 0351

**FILED**

FEB 27 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Interviewed/Reviewed On _____ , At_____ ,

By _____ Special Agent Michael Clark _____   File No. __94SO780076____ .



AA Form 1600-32-1 (9-86)

**FOR OFFICIAL USE ONLY**
*(Public availability to be
determined under U.S.C. 552)*

**EXHIBIT—6**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA.

MICHAEL TRUPEI,                          )
       Plaintiff,                        )
                                         )
                                         )
v.                                       )
                                         )
                                         )    Civil case No. _96-2372_ (NHJ)
FEDERAL AVIATION ADMINISTRATION          )
(FAA), DAVID R. HINSON AS                )
INDIVIDUAL AND IN HIS OFFICIAL           )    _____
CAPACITY AS THE FEDERAL AVIATION         )
ADMINISTRATION'S (FAA) ADMINISTRATOR,    )
AND MICHAEL CLARK S/A FEDERAL AVIATION   )
ADMINISTRATION'S CIVIL AVIATION          )
SECURITY DIVISION AS AN INDIVIDUAL       )
AND IN HIS OFFICIAL CAPACITY, et al.,    )
       Defendants.                       )

_____

COMPLAINT.

Comes now the Plaintiff, Michael Trupei, pro se complaining **08  0351**

against Defendant(s) particularly Federal Aviation Administration

(FAA), David R. Hinson as individual and in his official capacity

as the Administrator of Federal Aviation Administration, and Michael

Clark S/A of Federal Aviation Administration Civil Aviation Security

Division, Southern Region Investigations Field Office, Miami Florida,

and alleges as follows:

**FILED**

FEB 2 7 2008

**NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT**

JURISDICTION.

(1) This action arises under the Freedom of Information Act (FOIA)

and Privacy Act (PA) (hereinafter referred to as FOIA/PA) for

**EXHIBIT-7**

violations of Title 5 U.S.C.A. §552(a)(6)(A)(i)(ii)(C) and 552a
subsection (g)(1)(D) under this section which grants the District
Court, or in the District of Columbia jurisdiction pursuant to Title
28 U.S.C.A. §1331 over lawsuits brought to enforce the FOIA/PA
statutes.

(2) The Federal Aviation Administration (hereinafter referred to
as "the Agency"), David R. Hinson as individual and in his official
capacity as the administrator, (hereinafter referred to as "the Ad-
ministrator"), and Michael Clark S/A of Federal Aviation Administration
Civil Aviation Security Division Southern Region Investigations
Field Office, Miami Florida, (hereinafter referred to as "Clark")
acting in conjunction with each other and under their authority as
agent(s) of the Agency's operation, created, prepared and kept logs,
notes, tapes, dossiers and other communications and documents related
to Plaintiff's Michael Trupei, **Commercial Pilot investigation #94SO-
780076** pursuant to federal authority, supervision and direction.
These documents come under the jurisdiction of this Court by virtue
of the factual relationship that exist between the Agency, the Ad-
ministrator and Clark. Their joint modus-operandi was underwritten
by and in pursuit of, federal interests and therefore are subject to
FOIA/PA laws, rules and regulations.

<u>VENUE.</u>

(3) Venue jurisdiction is proper in this Court under Title 28
U.S.C.A. §1391(b) because jurisdiction is not founded solely on
diversity of citizenship, and Defendant(s) reside, or are located

**EXHIBIT-7**

(2)

in this district.

## FIRST CLAIM FOR RELIEF.

(4) Begining on or about May 8th, 1996 and to the present time, Defendant(s), particularly the Agency, the Administrator and Clark have had custody and control of Plaintiff's requested investigative documents, referred to as **"received information"** (FOIA/PA documents) and are the principal investigators in the Plaintiff's case. Plaintiff's request was to disclose all reports, dossiers, logs, tapes, etc... (see exhibit-A) pursuant to Title 5 U.S.C.A. §552(a)(1)(2)(3), §552(b)(2)(3)(5)(6)(7)(A)(B)(C)(D)(E)(F), and §552a, relating to the Agency's, the Administrator's and Clark's investigation of the Plaintiff. Plaintiff has exhausted his administrative remedies under the FOIA/PA statutes, with regard to Defendant(s), particularly the Agency, the Administrator and Clark who did not comply with the ten-day(10) response provision of the statute, pursuant to Title 5 U.S.C.A. §552(a)(6)(A)(i)(C).

## SECOND CLAIM FOR RELIEF.

(5) Plaintiff, Michael Trupei realleges and incorporates paragraph one(1) and two(2), as restated herein.

(6) Begining on or about August 5th, 1996 and to the present time, Defendant(s) the Agency, the Administrator and Clark the custodians of records and documents related to the aforesaid request did not respond to Plaintiff's subsequent administrative appeal, which was the subject to the initial FOIA/PA request for disclosure of

**EXHIBIT-7**

(3)

**received information** set forth in the letter of May 8th, 1996 pursuant to the provisions of the applicable time limit. The Defendant(s) have not complied with the twenty-day(20) response provision, pursuant to Title 5 U.S.C.A. §552(a)(6)(A)(ii)(C). As a result of said violations of the statutory time limits, Plaintiff is suing the Defendant(s), as individuals and in their official capacities as administrators and agent(s) of the above stated federal agency for damages. Plaintiff respectfully request a judgment against the Defendant(s) as follows:

(1) For damages with interest and litigation costs against the above Defendant(s), pursuant to Title 5 U.S.C.A. §552(a)(4)(E), and §552a(g)(1)(D), because of the Defendant(s) intentional and/or willful refusal to respond to Plaintiff's FOIA/PA requests.

(2) To demand disclosure and delivery to the Plaintiff of the FOIA/PA documents, namely the Agency's, the Administrator's and Clark's **"received information"**, of the subject file No. **Commercial Pilot #94S0780076**, i.e., reports, dossiers, tapes, logs, communicatios between known and unknown federal officials, private individuals, their agent(s) and others, as well as any additional related FOIA/PA documents requested in Plaintiff's request pursuant to Title 5 U.S.C.A. §552(a)(1)(2)(3), §552(b)(2)(3)(5)(6)(7)(A)(B)(C)(D)(E)(F), §552,and

(3) For such further relief as the Court may deem just and Appropriate.

EXHIBIT-7

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grants the relief sought herein.


Respectfully submitted,


MICHAEL TRUPEI-pro se
Reg. No. 12743-004
P.O. Box 819
Coleman, Florida 33521-0819


## CERTIFICATE OF SERVICE.

I hereby certify, that on the _4_ , day of September 1996, a true and correct copy of the aforegoing complaint has been mailed, via U.S. mail, and deposited in a box designated by the Bureau of Prisons at FCC Coleman for such mailings and addressed to: U.S. Department of Transportation Federal Aviation Administration 800 Independence Avenue S.W., Washington, DC 20591, attention to David R. Hinson, and Federal Aviation Administration Southern Region Investigations Field Office, P.O. Box 592336 Miami, Florida 33159, attention to S/A Michael Clark.


MICHAEL TRUPEI

**EXHIBIT-7**

(5)



U.S. Department
of Transportation

**Southern Region**

P.O. Box 20636
**Atlanta, Georgia  30320**

**Federal Aviation
Administration**
SEP 0 4 1996

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

Mr. Michael Trupei
c/o Coleman Correctional Facility
Unit B-1
P. O. Box 819
Coleman, Florida  33521-0819

Dear Mr. Trupei:

Re:  Control No. FO-96-65-669

This is in response to your Freedom of Information Act (FOIA) request dated June 29, 1996, which you sent to Special Agent Michael Clark of our Miami Security Field Office.

The information you requested is part of an on-going investigation by the Federal Aviation Administration (FAA).  The premature release of the information on which the government may base its case, summaries of evidence, recommendations as to how the case should proceed, and similar kinds of documents contained in the file would interfere with the agency's investigation.  Therefore, the contents of the investigative file are protected from mandatory disclosure under Exemption 7(A) of the FOIA, 5 U.S.C. 552.  Accordingly, your request for documents contained in the investigative file is denied.

Exemption 7(A) may be used to protect from mandatory disclosure records or information compiled for law enforcement purposes to the extent that disclosure could reasonably be expected to interfere with an enforcement proceeding.  The scope of protection under Exemption 7(A) extends to investigations to support administrative actions as well as criminal and civil statutes.  Fedders Corp. V. F.T.C., 494 F. Supp. 325, 327-28 (S.D.N.Y.) aff'd mem. 646 F.2d 560 (2d Cir. 1980).  Documents whose premature release would interfere with the investigation leading up to an enforcement proceeding or harm the Government's case in that proceeding are protected from mandatory disclosure N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214, 232 (1978).  Disclosure of those documents that would prematurely reveal the Government's evidence or strategy in a particular matter is also not required.  Raytheon Co. V. Dept. Of the Navy, 731 F. Supp. 1097 1101 (D.D.C. 1989).

08 0351

**FILED**

FEB. 2 7 2009

EXHIBIT-8

**NANCY** MAYER WHITTINGTON, CLERK
**U.S. DISTRICT COURT**

2

The undersigned is responsible for this denial.  Your appeal dated August 5, 1996, has been forwarded to the Associate Administrator for Administration, Federal Aviation Administration, 800 Independence Ave., SW, Washington, DC  20591, for appropriate action.

Sincerely,

Carolyn Blum
Regional Administrator



U.S. Department
of Transportation

**Federal Aviation
Administration**

NOV 1 4 1996

Office of the Assistant Chief Counsel
Southern Region at Orlando, Florida
5950 Hazeltine National Dr., Suite 510
Orlando, Florida 32822

Telephone: (407) 812-5635
Facsimile: (407) 812-5644

CERTIFIED — RETURN RECEIPT REQUESTED

Mr. Michael Trupei
Coleman Correctional Facility
Unit B-1, PO Box 819
Coleman, FL 33521-0819

Re: Control No. FO-96-65-669

Dear Mr. Trupei:

This is in further response to your Freedom of Information Act
(FOIA) request dated June 29, 1996.

Enclosed is a copy of our investigative report pertaining to you
which contains all of the documents you had requested except as
noted below. This information had previously been withheld from
disclosure because the investigation was still in process. Since
enforcement action has now been initiated (a Notice of Propsed
Certificate Action was recently mailed to you), that FOIA exemption
no longer applies to this situation. The only documents not
enclosed are copies of criminal history records which are the
property of the Federal Bureau of Investigation (FBI). I have
forwarded your request for this information to the FBI for
processing and you should receive a response directly from the FBI.

Sincerely,

KEITH S. MAY
Managing Attorney
Office of the Assistant Chief Counsel
Southern Region at Orlando, Florida

Enclosure

08 0351

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT-9

U.S. DEPARTMENT OF TRANSPORTATION
FEDERAL AVIATION ADMINISTRATION
CIVIL AVIATION SECURITY

**RECORD OF INTERVIEW:** Mark BOMAR, Special Agent, United States Department of Justice, Drug Enforcement Administration, Miami, Florida, (305) 590-4875, was contacted to determine if SUBJECT used his airman privileges or a U.S. registered aircraft to during the conspiracy outlined in Grand jury Indictment #89-6062. BOMAR provided the following information:

*This statement contradict trial records*

SUBJECT and several co-defendants were arrested after planning to import several gallons of a chemical used in the manufacture of methamphetamine into the state of California.

*must request these two Telephone conversation*

During the investigation, Agents were able to record two telephonic conversations with SUBJECT. During each conversation SUBJECT lead agents to believe he could assist in the importation of the chemical into the United States. SUBJECT informed agents of his qualifications as a pilot and his ability to arrange for the chemical to be delivered to them. Although, SUBJECT never directly stated any intentions to pilot the aircraft himself or allow any of his aircraft to be used to facilitate the importation of the chemical. *could establish probable cause Facts pertinent points see Hamilton's*

Further details of the investigation are contained in the case file maintained by the Drug Enforcement Administration.

08 0351

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Interviewed/Reviewed On _____, At _____

By _____ Special Agent Michael Clark _____    File No. _____ 94SO780076 _____

FAA Form 1600-32-1 (9-86)

FOR OFFICIAL USE ONLY
(*Public availability to be
determined under U.S.C. 552*)

**EXHIBIT-10**

```
-----------------------------------------------------------------------
  ENFORCEMENT INVESTIGATIVE REPORT    ]    Report Number    Related Number ]
 (Read Order 2150.3 for instructions) ]    94SO780076                      ]
-----------------------------------------------------------------------
```

18. Regulations Believed Violated (Continued)

Remarks:

```
-----------------------------------------------------------------------
                          RELATED DATA
-----------------------------------------------------------------------
```

| 19. Type | 20. Sub Type | 21. Category | 22. Source | 23. Accident Assoc. |
|----------|--------------|--------------|------------|---------------------|
| 99       | 32           | 20           | 30         | 00                  |

```
-----------------------------------------------------------------------
```

24. Security Program      D220

```
-----------------------------------------------------------------------
               INVESTIGATING FIELD OFFICE RECOMMENDATION
-----------------------------------------------------------------------
```

| 25. Type Action | 26. Sanction |
|-----------------|--------------|
| REVOCATION      | REVOCATION   |

```
-----------------------------------------------------------------------
Reporting Inspector (Typed name)  CLARK, M                  CASID 2148
-----------------------------------------------------------------------
```

| 27. Date | 28. Investigating | Chief (Typed name and signature) |
|----------|-------------------|----------------------------------|
| 9/19/96  | Office  SO78      | *Norman B. Hancock* |
|          |                   | NORMAN B HANCOCK, MGR, ASO-710 |

08 0351

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT-11



U.S. Department
of Transportation

**Federal Aviation
Administration**

NOV 1 8 1996

Office of the Assistant Chief Counsel
Southern Region at Orlando, Florida
5950 Hazeltine National Dr., Suite 510
Orlando, Florida 32822
Telephone: (407) 812-5635
Facsimile: (407) 812-5644

CERTIFIED - RETURN RECEIPT REQUESTED                          94SO780076

Mr. Michael Trupei
Coleman Correctional Facility
Unit B-1, PO Box 819
Coleman, FL 33521-0819

## NOTICE OF PROPOSED CERTIFICATE ACTION

We have considered a report of investigation, which indicates
that:

    1.    At all times material herein you were and are now the
holder of Commercial Pilot Certificate No. 2060240.

    2.    On or about August 31, 1990, you were convicted in the
United States District Court, Southern District of Florida, of
the offense of conspiracy to possess with intent to distribute
P2P and conspiracy to manufacture and distribute methamphetamine,
in violation of Title 21 USC Section 846.

    3.    By reason of the foregoing you have demonstrated that
you lack the qualifications to be the holder of any airman
certificate.

    4.    Pursuant to Section 61.15(a) of the Federal Aviation
Regulations, a conviction for the violation of any Federal or
state statute relating to the growing, processing, manufacture,
sale, disposition, possession, transportation, or importation of
narcotic drugs, marijuana, or depressant or stimulant drugs or
substances is grounds for the suspension or revocation of any
airman certificate issued under part 61.

Taking into consideration all of the circumstances of this case,
we propose, pursuant to the authority vested in the Administrator
by 49 U.S.C. Section 44709, to issue an Order revoking any and
all Commercial Pilot Certificates you hold.

An Order for such revocation will be issued unless, on or prior
to fifteen (15) days after your receipt of this letter, you elect

08 0351

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT-12

to proceed in accordance with the enclosed information with
respect to certificate action.

EDDIE L. THOMAS
ASSISTANT CHIEF COUNSEL

By:
KEITH S. MAY
Managing Attorney
Office of the Assistant Chief Counsel
Southern Region at Orlando, Florida

Enclosure

**EXHIBIT-12**

P-178-116-355

To: Office of Assistant Chief Counsel
**FAA/ASO-7-ORL**
5950 Hazeltine National Dr.
Suite 510
Orlando, Fl 32822

From: Michael Trupei
P.O. Box 819
Coleman, Fl 33521
-0819

**IN RE: RESPONSE TO "FAA"**
**ALLEGATIONS PURSUANT**
**TO INVESTIGATION**
**No.94S0780076.**

Nov. 23rd, 1996

Att: Keith S. May,

Sir:                                                    08 0351

I am in receipt of your letter dated Nov. 13th, 1996 to
which I am hereby responding as requested and offer the following:

(1) With respect to your investigation in the above entitled
cause, why did you wait six(6) years to act upon this government's
manufactured case, knowing full well that I was convicted on
April 17th, 1990 and sentenced on August 31st, 1990 and please **FILED**
be specific.                                            FEB 2 7 2008

(2) In reference to your response of Nov. 14th, 1996 I did NANCY MAYER WHITTINGTON, CLE
not plead guilty as stated in your exhibit-2, nor would I at U.S. DISTRICT COURT
time consider pleading guilty to such a well of polluted justice.
Instead I went to trial. (see U.S. v. Hogan, et al., 89-6062-CR)
After four days of jury deliberations, (see exhibit-A) I was found
guilty. However, had the prosecution disclosed **all** requested
information, i.e., Brady and Jenks materials as required by Rule-11
of Federal Rules of Criminal Procedures (Discovery and Inspection)
more than likely I would won my case. These witheld information
of Brady and Jenks materials have presently being litigated in the
District Court.

(3) Contrary to the statement(s) made by S/A DEA Mark Bumar,
(hereinafter referred to as "Bumar") the newly discovered evidence
reflects otherwise, see exhibit-B attached hereto, for a true and

-1-                    **EXHIBIT-13**

correct statement(s) made by lead investigator Detective Al Scotti
(hereinafter referred to as "Scotti") who was involved in the
instant government's manufactured dry-conspiracy. **"When Detective
Scotti asked Mike Trupei if he wanted to go down with Mark Wilkinson,
Trupei was very noncommittal."** Had the prosecutor Jim Lord fol-
lowed the required procedures, i.e., <u>Rule-11</u> governing disclosure
of **all** requested <u>Brady</u> and <u>Jenks</u> informations, the jury would
surely acquitted me (see <u>exhibit-A</u>) however he did not. (another
Constitutional and statutory violation, as well as prosecutorial
misconduct which will be addressed in my next complaint)

(4) Likewise the **"Record of Interview"**, Bumar's statements
are false:

(a) Neither I nor my 85 year old <u>demented</u> co-defendant (see
<u>exhibit-C</u> for a true and correct findings made by the government's
psychiatrist Dr. Joel V. Klass MD) had at any time planed to
import several gallons of a chemicals used in manufacture of
Methamphetamine into the State of California. Trial record(s)
will so reflect.

(b) As to the statement(s) made by Bumar that I had two(2)
telephone conversations with agents. Once again, this statement
is absolutely false, and the trial record(s) will so reflect.

(5) According to Title 14, CFR §61.15(a) offence involving
alcohol and drugs. The aforesaid section doesn't mention con-
spiracy and much less a dry-conspiracy with no overt act committed.

(6) Newly disclosed evidence in the above said subject matter,
clearly reveals a gross misconduct by the prosecution, such as
**fraud, perjury, violation of due process, and above all obstruction
of justice**, which is currently being litigated.

(7) A recent statement made by one individual who had testi-
fied at the grand jury exonerates me of all wrongdoings, parti-
cularly this government's manufactured dry-conspiracy with no
overt act committed. That individual later stated to my friend:

-2-                          **EXHIBIT-13**

"Michael Trupei is **not** guilty as charged, however, he is a "NAZI" and ought to stay in prison." This statement was said on or about beginning of May 1995 in confedentiality to the aforesaid friend. As soon as condition permits, I will subpoena or demand an affidavit or both in order to support my claim.

(8) In the strictest sense, my conviction in the above cited case, was nothing more than a hoax, propagated without my knowledge by my 85 year old demented co-defendant (trial transcripts will so reflect) in order to rip-off the cops. This hoax was then furthered by Scotti, Bumar and other known and unknown perpetrators, by rendering vindictive energy and informations, so as to push through a bogus investigation in order to manufacture a non-existing dry-conspiracy with no overt act committed.

(9) As a result, my conviction in the above cited case was criminally coerced by the prosecutor Jim Lord, Scotti, Bumar and others and is based on **FRAUD, PERJURY, VIOLATION OF DUE PROCESS, AND OBSTRUCTION OF JUSTICE.** Thus the evidence against me was/is contaminated, compromised and ultimately corrupted, and therefore is deemed **"Void ab initio"** and does not warrant a suspension or revocation of my license.

Sincerely submitted,

Michael Trupei #12743-004
P.O. Box 819
Coleman, Fl 33521-0819


P.S. I would strongly recommend that you read my trial transcripts.

-3-        **EXHIBIT-13**



U.S. Department
of Transportation

**Federal Aviation
Administration**

Office of the Assistant Chief Counsel
Southern Region at Orlando, Florida
5950 Hazeltine National Dr., Suite 510
Orlando, Florida  32822

Telephone: (407)  812-5635
Facsimile: (407)  812-5644

( JAN 1 6 1997 )

CERTIFIED - RETURN RECEIPT REQUESTED

Mr. Michael Trupei
Coleman Correctional Facility
Unit B-1, PO Box 819
Coleman, FL 33521-0819

Re: 94SO780076

Dear Mr. Trupei:

I have considered the information that you presented in your letter
dated November 23, 1996, and I have reevaluated our file in this
matter.   I still believe that we should proceed with our proposed
enforcement action and an Order of Revocation as proposed is
enclosed.

Sincerely,

KEITH S. MAY
Managing Attorney
Office of the Assistant Chief Counsel
Southern Region at Orlando, Florida

Enclosure

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

08 0351

**EXHIBIT-14**



U.S. Department
of Transportation

**Federal Aviation
Administration**

Office of the Assistant Chief Counsel
Southern Region at Orlando, Florida
5950 Hazeltine National Dr., Suite 510
Orlando, Florida 32822
Telephone: (407) 812-5635
Facsimile: (407) 812-5644

FEB 1 9 1997

CERTIFIED - RETURN RECEIPT REQUESTED

Office of the Administrative Law Judges
National Transportation Safety Board
Room 531, 5th Floor
490 L'Enfant Plaza East, S.W.
Washington, D.C.  20594


Re:  Administrator vs. Michael Trupei
     Docket No. SE-, FAA Case No. 94SO780076

Dear Judge:

We hereby file our Complaint in the subject case.  Our Complaint
consists of the enclosed Order of Revocation dated January 16,
1997, which is hereby republished and filed as the Complaint.
This Complaint is filed under the provisions of Section 821.31 of
the Board's Rules of Practice in Air Safety Proceedings.

Although Mr. Trupei's Appeal was dated January 31, 1997, this
office received the Appeal by facsimile on February 18, 1997 from
the NTSB Office of Judges.

We request that the hearing be held in the Miami, Florida area
and estimate that the hearing would last one day.

KEITH S. MAY
Managing Attorney
Office of the Assistant Chief Counsel
Southern Region at Orlando, Florida
(407) 812-5635; FAX (407) 812-5644

Enclosure: Copy of Order of Revocation

08 0351

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT-15**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this letter and a copy of the Order of Revocation which serves as the Complaint have been mailed this date by Certified Mail, Return Receipt Requested to:

Michael Trupei
Coleman Correctional Facility
Unit B-1, P.O. Box 819
Coleman, FL  33521

with the original and one copy of this letter, and two copies of the Order of Revocation which serves as the Complaint, via Certified Mail, Return Receipt Requested to:

Office of Judges
National Transportation Safety Board
Room 531, 5th Floor
490 L'Enfant Plaza East, SW
Washington, D.C.  20594

_Lucia Krauss_                          FEB 1 9 1997
Legal Technician                        Date
Office of the Assistant Chief Counsel
Southern Region at Orlando, Florida

**EXHIBIT-15**



U.S. Department
of Transportation

**Federal Aviation
Administration**

JAN 1 6 1997

CERTIFIED - RETURN RECEIPT REQUESTED

Office of the Assistant Chief Counsel
Southern Region at Orlando, Florida
5950 Hazeltine National Dr., Suite 510
Orlando, Florida 32822
Telephone: (407) 812-5635
Facsimile: (407) 812-5644

94SO780076

Mr. Michael Trupei
Coleman Correctional Facility
Unit B-1, PO Box 819
Coleman, FL 33521-0819

## ORDER OF REVOCATION

On November 13, 1996, you were advised by mail through a Notice
of Proposed Certificate Action of the reasons why we proposed to
revoke your Commercial Pilot certificate.

After a consideration of all the evidence presently a part of
this proceeding the Administrator has determined that safety in
air commerce or air transportation and the public interest
require the revocation of your Commercial Pilot certificate for
the following reasons:

1. At all times material herein you were and are now the
holder of Commercial Pilot Certificate No. 2060240.

2. On or about August 31, 1990, you were convicted in the
United States District Court, Southern District of Florida, of
the offense of conspiracy to possess with intent to distribute
P2P and conspiracy to manufacture and distribute methamphetamine,
in violation of Title 21 USC Section 846.

3. By reason of the foregoing you have demonstrated that
you lack the qualifications to be the holder of any airman
certificate.

4. Pursuant to Section 61.15(a) of the Federal Aviation
Regulations, a conviction for the violation of any Federal or
state statute relating to the growing, processing, manufacture,
sale, disposition, possession, transportation, or importation of
narcotic drugs, marijuana, or depressant or stimulant drugs or
substances is grounds for the suspension or revocation of any
airman certificate issued under part 61.

NOW, THEREFORE, IT IS ORDERED, pursuant to 49 U.S.C. Section
44709, that any and all Commercial Pilot certificates held by you
including Commercial Pilot Certificate No. 2060240, be and hereby
are revoked effective February 6, 1997, and it is further ORDERED
that you surrender your certificate(s) on or before that date to

this office.  You may appeal this Order in accordance with the paragraph below.

EDDIE L. THOMAS
ASSISTANT CHIEF COUNSEL

   /s/

BY:
KEITH S. MAY
Managing Attorney
Office of the Assistant Chief Counsel
Southern Region at Orlando, Florida


## APPEAL

You may appeal from this Order by filing an original and three copies of a Notice of Appeal with the Office of Judges, National Transportation Safety Board, Room 531, 5th Floor, 490 L'Enfant Plaza East, SW, Washington, D.C. 20594, (202) 314-6150.  An appeal must be filed within twenty (20) days from the time of service of this Order.  Part 821 of the Board's Rules of Practice (49 CFR Part 821) applies to such an appeal.  A letter is considered served as of the date of the postmark.  Such an appeal stays the effectiveness of this Order.  If you appeal, please send a copy to us.


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Order of Revocation has been mailed by certified mail to:

Mr. Michael Trupei
Coleman Correctional Facility
Unit B-1, PO Box 819
Coleman, FL 33521-0819

   /s/                                              JAN 1 6 1997
_____          _____
Legal Technician                                   Date
Office of the Assistant Chief Counsel
Southern Region at Orlando, Florida


cc: ASO-7, AFS-760, ASO-710 (~~Clerk~~) mia-Disu(clark)
ASO-7-ORL:ksm:1/14/97
F:\WP\orders\Trup076.ord

RESPONDENT:

Office of Judges,
National Transportation Safety Board
Room 513, 5th, Floor 490 L'Enfant Plaza, E.S.W.,
Washington, Dc 20594

APPELLANT:

Michael Trupei
P.O. Box 819
Coleman, Fl 33521-0819

IN RE: File No. 94S0780076
        Revocation of Commercial
        Pilot Certificate No. 2060240.

Jan. 31st 1997

## ADMINISTRATIVE APPEAL.

The Appellant Michael Trupei, (hereinafter referred to as Trupei) hereby acting pro-se and appeals to the Office of Judges, National Transportation Safety Board, pursuant to the Office of the Assistant Counsel's Southern Region at Orlando Florida to his administrative Order of the Revocation of Trupei's Commercial Pilot Certificate No. 2060240 that was rendered on January 16th, 1997 and offers the following:

## STATEMENTS OF FACT.

On June 7th, 1989 Trupei was arrested by the DEA for an alleged dry-conspiracy with no overt act committed to distribute P2P(phenyl-acetone). This dry-conspiracy with no overt act committed was willingly, knowingly, and deliberately manufactured by DEA and Fort Lauderdale Police Department, (Federal Task Force agents, detectives) See exhibit-A, Defendant's Affidavit in Support of 28 U.S.C.A. §2255 to Set Aside, Vacate, and/or Correct the Sentence, attached hereto for true and correct statements by Trupei)

On April 17th, 1990 Trupei was found guilty by jury in the U.S. District Court for the Southern District of Florida of one

08 0351
**FILED**
FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(1)

**EXHIBIT-16**

count of manufactured dry-conspiracy with no overt act committed.

On August 31st, 1990 Trupei was sentenced in the U.S. District Court for the Southern District of Florida to 23 years in federal prison.

ARGUMENT.

1) Trupei srgues that 14 CFR §61.15(a) does not applies to the above said subject matter of Revocation Order, because it lacks the express and implied language provision for conspiracy, much less dry-conspiracy with no overt act committed. Section 61.15(a) specifically states: **"A conviction for violation of any Federal or state statute relating to the growing, processing, manufacture, sale, disposition, possession, transportation, or importation of narcotic drugs, marihuana, depresant or stimulant drugs or substances or importing of narcotic drugs, such as marihuana or depresant or stimulant drugs or any other illicit substances."** Trupei had been convicted of one count of fraudulently engineered dry-conspiracy Title 21 U.S.C.A. §846, i.e., dry-conspiracy with no overt act committed which is not related nor mentioned in any of above said 14 CFR §61.15(a) language.

2) Trupei further argues that the Office of the Assistant Counsel Southern Region at Orlando, Florida has erred by invoking Order of Revocation subject to instant Commercial Pilot Certificate No. 2060240 by simply failing to observe statute of limitations that governs administrative procedures. Since this action was not brought within the required time period prescribed by the statute, it is therefore clearly defective and considered null and void.

**EXHIBIT-16**

(2)

## CONCLUSION.

WHEREFORE, premises considered, Trupei's conviction in the U.S. v. Hogan, 89-6062-Cr-Gonzales was criminally coerced by the prosecutor(s), agent(s), detective(s) and others, and is based on **FRAUD, PERJURY, VIOLATION of DUE PROCESS and OBSTRUCTION of JUSTICE.** Thus, the evidence against Trupei is contaminated, compromised and ultimately corrupted that reveals a **WELL of POLLUTED JUSTICE.** Therefore, the conviction is deemed "Void ab initio" and does not warrant suspension or revocation of Trupei's Commercial Pilot Certificate.

Sincerely submitted,

Michael Trupei, pro-se
#12743-004
P.O. Box 819
Coleman, Fl 33521-0819

**EXHIBIT-16**

(3)

SERVED: June 24, 1997

# UNITED STATES OF AMERICA
## NATIONAL TRANSPORTATION SAFETY BOARD
### OFFICE OF ADMINISTRATIVE LAW JUDGES

|  |  |
|---|---|
| BARRY L. VALENTINE,<br>Acting Administrator,<br>Federal Aviation Administration,<br><br>        Complainant,<br><br>    v.<br><br>MICHAEL TRUPEI,<br><br>        Respondent. | Docket SE-14801 |

### ORDER DENYING RESPONDENT'S MOTION TO DISMISS COMPLAINT AND ENTERING JUDGMENT ON THE PLEADINGS IN FAVOR OF ADMINISTRATOR

SERVICE: Michael Trupei
        Coleman Correctional
           Facility
        Unit B-1
        Post Office Box 819
        Coleman, Florida 33521

      (BY CERTIFIED MAIL)

Keith S. May, Esq.
Federal Aviation
      Administration
Southern Region
Suite 510
5950 Hazeltine National Dr.
Orlando, Florida 32822

      (BY FAX)

08 0351

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

    Respondent, acting <u>pro se</u>, has appealed to the National Transportation Safety Board from a January 16, 1997 order, by which the Administrator of the Federal Aviation Administration revoked his commercial pilot certificate pursuant to § 61.15(a) of the Federal Aviation Regulations ("FAR," codified at 14 C.F.R.), based on his conviction of a narcotics offense.[1]

---

    [1]FAR § 61.15(a) provides in relevant part:

"§ 61.15  <u>Offenses involving alcohol or drugs.</u>
    (a) A conviction for the violation of any Federal or state
                           (continued...)

EXHIBIT-17

2

After respondent filed his appeal, the Administrator reissued the revocation order as his complaint in this proceeding. Respondent subsequently submitted a motion to dismiss the complaint as stale under Rule 33 of the Board's Rules of Practice in Air Safety Proceedings (codified at 49 C.F.R. § 821.33). Thereafter, the Administrator filed both a reply to that motion and a motion for the entry of judgment on the pleadings and/or summary judgment in his behalf. Those filings were submitted by the Administrator on March 24, 1997. As of this date, no reply to the Administrator's motion for judgment on the pleadings and/or summary judgment has been received from respondent. Consideration of that motion will, therefore, be undertaken without the benefit of such a reply. Upon a thorough review of the aforesaid filings by the parties and the record in this proceeding as a whole, and for the reasons set forth below, the undersigned will deny respondent's motion to dismiss the complaint, enter judgment on the pleadings in favor of the Administrator, and terminate this proceeding.

I.

The Administrator's complaint contains the following factual allegations:

1.  At all times material herein you were and are now the holder of Commercial Pilot Certificate No. 2060240.

2.  On or about August 31, 1990, you were convicted in the United States District Court, Southern District of Florida, of the offense of conspiracy to possess with intent to distribute P2P and conspiracy to manufacture and distribute methamphetamine, in violation of Title 21 USC Section 846.

Respondent, in his appeal, which contains sufficient information to also serve as his answer, admitted that he was convicted in 1990 of conspiracy to distribute P2P, but averred that "[t]his [was] a dry-conspiracy with no overt act committed [which] was willingly, knowingly, and deliberately manufactured by [the] DEA and Fort Lauderdale Police Department."[2]  Respondent

---

[1](...continued)
statute relating to the growing, processing, manufacture, sale, disposition, possession, transportation, or importation of narcotic drugs, marihuana, or depressant or stimulant drugs or substances is grounds for --
    *       *       *       *       *
    (2) Suspension or revocation of any certificate or rating issued under this part."

[2]Respondent's Appeal at 1.

3

also noted in his appeal that he has filed in United States District Court a motion to set aside, vacate and/or correct the sentence imposed upon him by that court.[3]

## II.

Under Rule 33 of the Board's Rules, a complaint is subject to dismissal if it sets forth allegations of offenses which occurred more than six months before the airman in question received notice that an action had been proposed against his certificate -- typically through the issuance of a notice of proposed certificate action -- unless the Administrator either establishes good cause for the delay furnishing such notification or presents in the complaint an issue of lack of qualification on the part of that airman.  In moving to dismiss the complaint in this proceeding pursuant to Rule 33, respondent asserts that the factual allegations of the complaint cannot establish a lack of qualification on his part because the "dry-conspiracy with no overt act" of which he was convicted does not fall within the purview of FAR § 61.15(a).  However, it appears to the undersigned that the language of that regulation, which permits the Administrator to revoke a pilot's certificate upon a conviction of a violation of "any . . . statute relating to the growing, processing, manufacture, sale, disposition, possession, transportation, or importation of narcotic drugs, marihuana, or depressant or stimulant drugs or substances," covers persons convicted of involvement in conspiracies to distribute narcotics.  It must, therefore, be found that the complaint in this matter alleges conduct which, if established, would warrant the revocation of respondent's certificate.  As a result, the complaint raises a legitimate issue with respect to respondent's qualifications to be the holder of an airman certificate.  Dismissal of the Administrator's complaint under Rule 33 is, thus, not warranted herein.

## III.

Turning to the Administrator's motion, it must be noted that respondent has admitted in his appeal that he was convicted of conspiracy to distribute P2P, as was alleged in the complaint. He has, thus, pled that he was convicted of involvement in a commercial drug enterprise.  The Board has previously opined, in Administrator v. Piro, NTSB Order EA-4049 at 3-4 (1993) and Administrator v. Nave, NTSB Order EA-4257 at 2-3 (1994), that an airman who has participated in commercial drug activity has thereby demonstrated that he lacks the degree of care, judgment and responsibility required of a certificate holder, and that revocation is the proper sanction to be imposed in such cases.

---

[3] Id. at 1, and Ex. A attached thereto.

EXHIBIT—17

4

More recently, in <u>Administrator v. Poole</u>, NTSB Order EA-4425 (1996), the Board held that, where an airman's conviction of involvement in a commercial drug enterprise is undisputed, the entry of summary judgment -- which is akin to a judgment on the pleadings -- sustaining an order of revocation is appropriate. In view of respondent's admitted drug conviction and the Board's holding in <u>Poole</u>, the entry of judgment on the pleadings in favor of the Administrator is warranted here.  Although respondent appears to challenge the legality of the conviction upon which the Administrator's certificate action is based, it must be noted that the Board has held that it is without authority to consider such a collateral attack on a criminal conviction which provides the basis for a certificate action under FAR § 61.15(a).[4]  The Board has also held that the fact there is a pending appeal or motion to set aside or vacate the conviction upon which the Administrator relies does not prevent him from proceeding with a certificate action during the pendency of such an appeal or motion.[5]

For the aforesaid reasons, the undersigned believes that the Administrator is entitled to judgment on the pleadings in this matter.  Accordingly, such a judgment will be entered.

THEREFORE, IT IS ORDERED that respondent's motion to dismiss the Administrator's complaint in this matter is DENIED, that the Administrator's motion for judgment on the pleadings is GRANTED, and that this proceeding is hereby TERMINATED.

Entered this 24th day of June, 1997, at Washington, D.C.

_WILLIAM E. FOWLER, JR._
Chief Administrative Law Judge

---

[4]<u>Administrator v. Manning</u>, NTSB Order EA-4363 at 4 & n.6, affirmed <u>sub nom.</u>, <u>Manning v. Fed. Aviation Admin.</u>, No. 96-70022, slip op. at 2 (9th Cir. April 25, 1997).

[5]<u>Id.</u>  NTSB Order EA-4363 at 4; 9th Cir. opinion at 2-3.

UNITED STATES OF AMERICA
**NATIONAL TRANSPORTATION SAFETY BOARD**
OFFICE OF ADMINISTRATIVE LAW JUDGES.

BARRY L. VALENTINE.
Acting Administrator,                )
Federal Aviation Administration,     )
        Complainant,     )
               )
               )
v.                                   )        Docket No. SE-14801
               )
               )
MICHAEL TRUPEI,                      )
        Respondent.      )
_____  )

**RESPONDENT APPEALS TO INITIAL DECISION BY NATIONAL TRANSPORTATION SAFETY BOARD'S ENTERED JUDGMENT IN FAVOR OF THE ADMINISTRATOR.**

COMES NOW, the Respondent Michael Trupei (hereinafter referred to as "Respondent"), pro se and hereby appeals to initial decision by National Transportation Safety Board's entered judgment in favor of Federal Aviation Administration (hereinafter referred to as "Administrator") subject to revocation of Respondent's commercial pilot certificate, pursuant to §61.15(a) of Federal Aviation Regulations, "FAR," codified at 14 C.F.R., based on Respondent's conviction of Tile 21 U.S.C. §846, ie., dry-conspiracy with no overt act committed and objects to the following:

(1) Respondent objects to National Transportation Safety Board's (herinafter referred to as NTSB) decision in its interpretation of FAR §61.15(a).

(2) Respondent objects to National Transportation Safety ruling in the matter of Respondent's challenged Stale Complaint.

(3) Respondent objects to National Transportation Safety Board's

08 0351

**FILED**

FEB 27 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-                         **EXHIBIT-18**

assertion, as to whether or not Respondent pled guilty or whether
or not the trial jury found him guilty, and

(4) Respondent objects to National Transportation Safety Board's
refusal for not allowing him (respondent) to depose Administrator's
perjurious chief witness, fell beneath the objective standards or
reasonable NTSB's administrative judgment, causing Respondent great
harm and prejudice.

## ARGUMENT.

## I

The Respondent renews all challenges as set forth above sub-
ject to the NTSB's revocation Order, particularly to its interpre-
tation of FAR §61.15(a). Once again, Respondent asserts that there
is a missing language element of conspiracy in aforesaid statute.
(much less a dry-conspiracy with no overt act committed) FAR §61.15(a)
specifically authorizes either suspension or revocation of a pilot
certificate when a holder is convicted of a state or federal crime
RELATING  to narcotic disposition, possession, importation, growing,
processing, sale, transportation, importation, etc..., 14 C.F.R.
§61.15(a) applies to a controlled substances, when underlying of-
fense is possession, see Koleg v. Engen, 869 F.2d 1281. In order
to complete a commercial transaction a conspiracy must be had.
(Police officer(s) or confidential informers are excluded) However,
a conviction without an underlying offense, eg., talking about some-
thing and never proceed any further does not constitute a substantial

-2-

**EXHIBIT-18**

offense, and therefore is **NOT** governed by §61.15(a). If Congress intended to include a language of conspiracy (much less dry-conspiracy without an overt act committed) in §61.15(a), Congress would say so. There is no evidence, or any indications that Congress had ever intended to include a conspiracy (much less a dry-conspiracy with no overt act committed) into FAR §61.15(a) provision. In order to violate §61.15(a), there <u>must</u> <u>be</u> <u>a</u> <u>substantive</u> <u>offense</u>, such as: <u>growing</u>, <u>processing</u>, <u>sale</u>, <u>disposition</u>, <u>transportation</u>, or <u>importation</u>, of stimulant drugs or substances so as to be ground for revocation or suspension. In §61.15(a) the language of conspiracy is clearly missing. In the Respondent's case, none of the above cited illegal act(s) criteria applies herein and therefore was **not** violated directly or indirectly. The above §61.15(a) pertains to the substantive offenses **ONLY**, whereas dry-conspiracy without an overt act committed **CAN NOT**. In the Respondent's case the  latter applies here. These effects specifically reflects in, <u>Walters v. McLucas</u>, 597 F.2d 1230, 1232 (9th Cir.1997); <u>Koleg v. Engen</u>, 869 F.2d 1281(9th Cir.1997); Conviction for possession of a controlled substances, cocaine, <u>Administrator v. Correa</u>, NTSB Order EA-3815(1993); Respondent was convicted of knowingly selling a "chemical drug, laboratory apparatus and device(s)" to be used to unlawfully manufacture, compound, convert, process and prepare a controlled substance," <u>Administrator v. Poole</u>, NTSB Order EA-4425(1996); Conviction for possession for sale of a controlled substance, cocaine; <u>Administrator v. Piro</u>, NTSB Order EA-4049(1993); "In our judgment, any drug conviction establishing or supporting a conclusion that the airman **POSSESSED** (emphasis added) a controlled substance for profit or commercial purposes is a

**EXHIBIT-18**

flagrant one warranting revocation under the regulation," <u>Admini-</u>
<u>strator v. Nave</u>, NTSB Order EA-4557(1994). These preceeding autho-
rities are distinguished and dissimilar from the Respondent's in
two parts:

(1) Respondent was not charged or convicted of a substantive
offense, whereas, <u>Walters</u>, <u>Koleg</u>, <u>Correa</u>, <u>Piro</u>, <u>Nave</u>, and
<u>Poole</u>, were, and

(2) Respondent had not committed any overt act(s), whereas
<u>Walters</u>, <u>Koleg</u>, <u>Correa</u>, <u>Piro</u>, <u>Nave</u>, and <u>Poole</u> had.

The adjective **"any"** in section 61.15(a) pertains to **growing,**
**processing, manufacture, sale, disposition, possession, transporta-**
**tion,** or **importation** of controlled substance thus section 61.15(a)
does not mention conspiracy **"noun"** anywhere in its context. Therefore
the above cites do not apply and support the context of the Respon-
dent's scenario. In <u>Walters'</u>, <u>Koleg's</u>, <u>Correa's</u>, <u>Piro's</u>, <u>Nave's</u>,
and <u>Poole's</u> cases are all substantive violations with an overt act
committed that resulted in conspiracy. Their pilot certificates were
not suspended or rewoked on the basis of conspiracy, but rather they
were revoked/suspended because of the fact(s) that there was a sub-
stantive violation(s) as articulated in §61.15(a). In <u>Koleg</u>, (supra)
defendant pleaded guilty for violating 21 U.S.C. §848, (continuing
criminal enterprise) a substantial violation of multi-ton quantity
of Marijuana and Cocaine. This is dissimilar to Respondent's dry-
conspiracy with no overt act committed. FAR §61.15(a) specifically
addresses and authorizes either suspension or revocation of a pilot
certificate when a holder is convicted of a state or federal crime
<u>RELATING</u> <u>TO</u> narcotic distribution, possession, smuggling, etc...

-4-

**EXHIBIT-18**

but **NOT** for a dry-conspiracy with no overt act committed as in the case in chief. Respondent had not **grown** any Marijuana, Respondent had not **processed any** drugs, whereas <u>Koleg</u>, <u>Walters</u>, <u>Correa</u>, <u>Piro</u>, <u>Poole</u> did. Respondent had not **manufactured any drugs**, whereas <u>Poole</u> did. Respondent had not **sold any drugs**, whereas <u>Koleg</u>, <u>Walters</u>, <u>Piro</u>, and <u>Poole</u> did. Respondent had not **disposed any drugs**, whereas <u>Koleg</u>, <u>Walters</u>, <u>Piro</u>, <u>Poole</u>, and <u>Nave</u> did. Respondent had not **transported any drugs**, whereas <u>Walters</u> did. Respondent had not **imported any drugs**, whereas <u>Walters</u>, <u>Koleg</u>, and others did. Neither was a substantive violation, nor an overt act committed in the Respondent's case, and he was not convicted of either one. Finding of fact(s) by NTSB are binding if supported by **substantive offense(s)** in the record(s). No such offense(s) can be attributed or supported in the instant case. Therefore, section 61.15(a) was not violated and NTSB's ruling must **NOT** stand. Should the NTSB decision remain unchanged, Respondent will seek a judicial review pursuant to 49 U.S.C. §46110; so as to resolve the purely legal question(s) such as hereinbefore implicated by NTSB Order which is/are reviewable **de Novo**, under 5 U.S.C. section 706(2)A.

## II

Next, Respondent challenges NTSB on its ruling subject to Stale Complaint issue. Section 821.33 which bars of offenses involving Federal Aviation Regulations if offenses are more than six months old, unless Administrator alleges lack og qualification of certificate holder. Where the complaint states allegations of offenses which occured more than 6 months prior to the Administrator's advising Respondent as to reason for proposed action under section 609

**EXHIBIT-18**

of the Act, Respondent may move to dismiss such allegation(s) pursuant to the following provisions:... In those cases where the complaint alleges lack of qualification of the certificate holder:

(1) The law judge shall first determine whether an issue of lack of qualification would be presented if any or all allegation(s), stale and timely, are assumed to be true...and

(2) If the law judge deems that an issue of lack of qualification would be presented by any or all of the allegation, if true,

he shall proceed to a hearing on the each of qualification issue only, and he shall so inform the parties, <u>49 C.F.R. §821.33</u>. In the instant case no such hearing was ordered by NTSB law judge. Therefore, Respondent requests for a hearing to be set by NTSB, in order to hear the issue(s), as set forth hereinabove, or lack of qualification must <u>**NOT**</u> stand.

<u>III</u>

The ruling by NTSB that the Respondent had admitted to his conviction of conspiracy, and therefore **pled guilty** is false. This interpretation of the record(s) by NTSB's law judge is absurd and clearly erroneous. The trial jury found the Respondent guilty of this preposterous government's fabricated allegation(s), and <u>**only**</u> after the perjurious testimony given by the government's agent(s), and <u>**only**</u> after four days of deliberation of a ten day trial and five jury requests to the trial Court to clarify the meaning of the alleged dry-conspiracy with no overt act committed, (see <u>exhibit A</u>, attached hereto) and <u>**only**</u> after the failure by the government to produce the

**EXHIBIT-18**

Respondent's with requested <u>Brady</u> and <u>Jenks</u> materials (that would otherwise found the Respondent not guilty) the jury found the Respondent guilty. (These Constitutional violations by denying Respondent the requested <u>Brady</u> and <u>Jenks</u> materials will be revealed in due course) Respondent denies <u>**any**</u> and <u>**all**</u> alleged charges at **all** material times. Therefore, the Administrator's allegations and NTSB's ruling on the issue herein must be deemed <u>**NULL**</u> and <u>**VOID**</u>.

## IV

Finally, the Respondent objects to NTSB's refusal for not allowing him to depose the perjurious government's witness, i.e., S/A DEA Mark Bumar (hereinafter referred to as "Bumar") who is currently assigned at DEA Miami Field Office, and by giving knowingly, wittingly, intentionally with malice aforethought false information, prejudicial statement(s) and remarks to the Administrator regarding the Respondent. Such jugglings with false information and evidence had itself been devised by Bumar and others for the benefit to the Administrator and themselves, fell beneath the objective standards or reasonable NTSB's administrative judgment, causing Respondent great harm and prejudice. As it stands, the information given to the Administrator by Bumar is false, capricious, prejudicial and represents a "Well of Polluted Justice". In the Respondent's book giving false information is perjury. Therefore, this issue must be decided by this administrative court as a matter of law, or the subject matter will proceed to subsequent judicial review for a <u>de **Novo**</u> hearing.

**EXHIBIT-18**

## CONCLUSION.

National Transportation Safety Board's (NTSB) ruling regarding the Respondent is not in accord with its precedents, and does not establish the requisite proof by a preponderance of reliable-probative and substantial evidence to the Order of Revocation. Furthermore, National Transportation Safety Board's precedents are clear. It only imposes judgments of revocation or suspension to a substantive controlled substance violations with one or more overt act(s) committed. As a result, the revocation imposed upon the Respondent by the Administrator, and upholding the same by National Transportation Safety Board's judge is arbitrary, capricious, abuse of discretion, or otherwise inconsistent with National Transportation Safety Board's precedents and not in accordance with law, and its ruling shall not stand, and must be dismissed with prejudice.

Sincerely submitted,

Michael Trupei, pro-se #12743-004
P.O. Box 819
Coleman, Florida 33521-0819

**EXHIBIT-18**

-8-

## CERTIFICATE OF SERVICE.

I HEREBY CERTIFY, that the foregoing Respondent's Appeal to Initial Decision by National Transportation Safety Board's Entered Judgment in Favor of the Administrator was mailed, postage prepaid, to complainant's counsel, i.e.,

Keith S. May, Esq.,
Federal Aviation Administration
Southern Region
Suite 510
5950 Hazeltine National Dr.
Orlando, Florida 32822

on this <u>4th</u>, day of September, 1997.


Michael Trupei pro se #12743-004

SERVED:  May 15, 1998

NTSB Order No. EA-4661

# UNITED STATES OF AMERICA
## NATIONAL TRANSPORTATION SAFETY BOARD
### WASHINGTON, D.C.

Adopted by the NATIONAL TRANSPORTATION SAFETY BOARD
at its office in Washington, D.C.
on the 1st day of May, 1998

```
                                    )
  JANE F. GARVEY,                   )
  Administrator,                    )
  Federal Aviation Administration,  )
                                    )
            Complainant,            )
                                    )       Docket SE-14801
        v.                          )
                                    )
  MICHAEL TRUPEI,                   )
                                    )
            Respondent.             )
                                    )
                                    )
```

## OPINION AND ORDER

The respondent, <u>pro se</u>, has appealed from the June 24, 1997

order of Administrative Law Judge William E. Fowler, Jr., denying

respondent's motion to dismiss the complaint as stale and

granting the Administrator's motion for judgment on the pleadings

in this proceeding.[1]  By that order, the law judge affirmed the

Administrator's order revoking respondent's commercial pilot

certificate upon finding that respondent violated section

---

[1]The law judge's order is attached.

08 0351

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT-19

6983

2

61.15(a) of the Federal Aviation Regulations (FARs), 14 C.F.R. § 61.15(a).[2] As discussed below, we deny the appeal.

The Administrator's revocation order (complaint), dated January 16, 1997, alleged that, on or about August 31, 1990, respondent was convicted in the United States District Court, Southern District of Florida, of conspiracy to possess with intent to distribute P2P and conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846.

Respondent's appeal of the Revocation Order, received by the NTSB's Office of Law Judges on February 18, 1997, included a statement of fact in which respondent stated that,

> [o]n June 7th, 1989[,] Trupei was arrested by the DEA for an alleged dry-conspiracy with no overt act committed to distribute P2P (phenylacetone).... On April 17th, 1990[,] Trupei was found guilty by jury in the U.S. District Court for the Southern District of Florida of one count of manufactured dry-conspiracy with no overt act committed. On August 31[st], 1990[,] Trupei was sentenced in the U.S. District Court for the Southern District of Florida to 23 years in federal prison.

Based on respondent's admission that he was convicted of a drug-related offense, namely, conspiracy to distribute P2P, the

---

[2]FAR section 61.15(a) provides, in pertinent part:

**§ 61.15  Offenses involving alcohol or drugs.**

(a) A conviction for the violation of any Federal or state statute relating to the growing, processing, manufacture, sale, disposition, possession, transportation, or importation of narcotic drugs, marihuana, or depressant or stimulant drugs or substances is grounds for--

    \*      \*      \*      \*

(2) Suspension or revocation of any certificate or rating issued under this part.

3

Administrator sought, and the law judge properly granted, judgment on the pleadings.[3] Respondent admitted to the key allegation in the complaint and has identified no error in the law judge's decision. As the law judge noted, an airman who has been convicted of participation in a commercial drug enterprise lacks the care, judgment, and responsibility required of a certificate holder. June 24, 1997 Order at 3, <u>citing</u> <u>Administrator v. Nave</u>, NTSB Order No. EA-4257 at 2-3 (1994); <u>Administrator v. Piro</u>, NTSB Order No. EA-4049 at 3-4 (1993), <u>aff'd</u>, 66 F.3d 335 (9th Cir. 1995).[4] As such, a hearing to determine whether respondent's conduct warranted revocation was unnecessary.

Respondent argues that since section 61.15(a) does not include "conspiracy" in the list of convictions for which suspension or revocation of an airman's certificate is authorized, and since he was not convicted of one of the "overt" drug-related offenses listed, then his certificate revocation

---

[3]We would strongly encourage the Administrator, however, in such cases to make the judgment of conviction part of the record.

[4]As we stated in <u>Piro</u> at 3-4,

[i]n our judgment, any drug conviction establishing or supporting a conclusion that the airman possessed a controlled substance for profit or commercial purposes is a flagrant one warranting revocation under the regulation. An individual who knowingly participates in a criminal drug enterprise for economic gain thereby demonstrates such a disregard for the rights and lives of others that he may reasonably be viewed as lacking the capacity to conform his conduct to the obligations created by rules designed to ensure and promote aviation safety.

**EXHIBIT-19**

4

cannot be upheld.  We disagree.  A conviction for conspiracy to distribute a controlled substance clearly is a conviction for a drug-related offense.  See, e.g., Administrator v. Crawford, NTSB Order No. EA-4553 (1997).

Finally, respondent's argument that the complaint against him should be dismissed as stale is unavailing.  A complaint that legitimately alleges issues of lack of qualification is not stale.  49 C.F.R. § 821.33.  We have consistently stated that a case involving an airman's conviction for participating in a commercial drug activity involves an issue of lack of qualification, as such a conviction demonstrates that the airman lacks the care, judgment, and responsibility required of a certificate holder.  See Crawford at 3; Piro, supra.

As the respondent has identified no reason to disturb the decision of the law judge, the appeal is denied.[5]

**ACCORDINGLY, IT IS ORDERED THAT:**

1.    Respondent's appeal is denied; and

2.    The revocation of respondent's airman certificate shall begin 30 days from the date of service of this order. [6]

HALL, Chairman, FRANCIS, Vice Chairman, HAMMERSCHMIDT, GOGLIA, and BLACK, Members of the Board, concurred in the above opinion and order.

---

[5]Given our disposition of the matter, we need not rule on respondent's motion for an order to take depositions.

[6]For the purposes of this order, respondent must physically surrender his certificate to an appropriate representative of the FAA pursuant to 14 C.F.R. § 61.19(f).



U.S. Department
of Transportation

**Federal Aviation
Administration**

DEC 22 2000

Southern Region
Office of the Regional Counsel

P.O. Box 20636
Atlanta, Georgia 30320

(404) 305-5200
(404) 305-5223 FAX

CERTIFIED - RETURN RECEIPT REQUESTED

1994SO780076

Michael Trupei
Coleman Correctional Facility
Unit B-1, PO Box 819
Coleman, FL 33521

Michael Trupei
FCI Coleman (Low)
846 N.E 54th Terrace
Coleman, FL 33521-1029

Dear Mr. Trupei:

By Order dated May 15, 1998, the NTSB full Board affirmed Judge Fowler's decision affirming the Order of Revocation of your Commercial Pilot Certificate No. 2060240. You were also ordered to surrender your certificate to this office. However, a recent examination of our records failed to disclose that you have surrendered said certificate.

Under the terms of the Order, your certificate is now and has been since June 14, 1998, revoked. The period of denial of a new application for a certificate will continue in effect for a period of at least one year after you surrender your certificate.

You are reminded that while the Order of Revocation remains in effect you do not hold a valid pilot certificate and you are further advised that your operation of any civil aircraft without a valid pilot certificate is a violation of 49 U.S.C. Section 44711(a)(2) and subjects you to a civil penalty of not to exceed $1,100 for each such violation.

You are also advised that your failure to return the revoked certificate to the FAA as ordered subjects you to an action to collect a civil penalty in the amount of $1,100 for each day that you fail to surrender the certificate as ordered.

We request that you return your Commercial Pilot certificate to this office immediately.

Sincerely,

KEITH S. MAY
Managing Attorney
Office of the Regional Counsel

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT
08 0351

**EXHIBIT-20**



U.S. Department
of Transportation

Southern Region
Office of the Regional Counsel

P.O. Box 20636
Atlanta, Georgia  30320

**Federal Aviation
Administration**
DEC 2 2 2006

(404) 305-5200
(404) 305-5223  FAX

CERTIFIED - RETURN RECEIPT REQUESTED                    1994SO780076

Michael Trupei
Coleman Correctional Facility
Unit B-1, PO Box 819
Coleman, FL 33521

Michael Trupei
FCI Coleman (Low)
846 N.E 54th Terrace
Coleman, FL 33521-1029

Dear Mr. Trupei:

By Order dated May 15, 1998, the NTSB full Board affirmed Judge Fowler's decision affirming the Order of Revocation of your Commercial Pilot Certificate No. 2060240.  You were also ordered to surrender your certificate to this office.  However, a recent examination of our records failed to disclose that you have surrendered said certificate.

Under the terms of the Order, your certificate is now and has been since June 14, 1998, revoked. The period of denial of a new application for a certificate will continue in effect for a period of at least one year after you surrender your certificate.

You are reminded that while the Order of Revocation remains in effect you do not hold a valid pilot certificate and you are further advised that your operation of any civil aircraft without a valid pilot certificate is a violation of 49 U.S.C. Section 44711(a)(2) and subjects you to a civil penalty of not to exceed $1,100 for each such violation.

You are also advised that your failure to return the revoked certificate to the FAA as ordered subjects you to an action to collect a civil penalty in the amount of $1,100 for each day that you fail to surrender the certificate as ordered.

We request that you return your Commercial Pilot certificate to this office immediately.

Sincerely,

KEITH S. MAY
Managing Attorney
Office of the Regional Counsel

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

08  0351

**EXHIBIT-21**



U.S. Department
of Transportation

Southern Region
Office of the Regional Counsel

P.O. Box 20636
Atlanta, Georgia 30320

**Federal Aviation
Administration**

(404) 305-5200
(404) 305-5223 FAX

MAR  5 2004

CERTIFIED - RETURN RECEIPT REQUESTED

2002SO780024

Michael Trupei
41 SW 5th St
Pompano Beach, FL 33060-7901

Michael Trupei
#12743-004
Coleman Low FCI
846 NE 54th Terrace
Post Office 1029
Coleman, FL 33521

## ORDER OF ASSESSMENT

On April 1, 2003, you were advised through a Notice of Proposed Assessment that the FAA proposed to assess a civil penalty in the amount of $3,300.

After consideration of the available information, it appears that:

    1.    At all times material herein you were the holder of Commercial Pilot Certificate No. 002060240. *lem of*

    2.    On or about January 16, 1997, an Order of Revocation was issued revoking your Commercial Pilot certificate and directing you to surrender your certificate to the FAA.

    3.    On or about May 15, 1998, the National Transportation Safety Board affirmed Judge Fowler's decision affirming the Order of Revocation, and ordered you to physically surrender your certificate to the FAA within 30 days.

    4.    By letters dated December 22, 2000 and September 12, 2002, you were further advised by the FAA to immediately surrender your certificate.

    5.    As of this date, you have failed to surrender your certificate as Ordered.

    6.    As a result, you violated Section 61.19(g) of the Federal Aviation Regulations, in that the holder of any certificate issued under this part that has been suspended or revoked must return that certificate to the FAA when requested to do so by the Administrator.

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLI
U.S. DISTRICT COURT

08 0351

EXHIBIT-22

Under 49 U.S.C. Sections 46301(a)-(d), you are subject to a civil penalty not to exceed $1,100 for each of the violations noted. By reason of the foregoing facts and circumstances, we hereby assess a civil penalty in the amount of $3,300.

You may appeal from this order within 20 days from the date it is served by filing a Notice of Appeal with the Office of Administrative Law Judges, National Transportation Safety Board, Suite 4704, 490 L'Enfant Plaza East, SW, Washington, D.C. 20594, 1-800-854-8758.

In the event you appeal, a copy of your notice must be furnished to the undersigned FAA Attorney in the Office of the Regional Counsel at the address noted in this Order. Your request must be dated and signed. If you do not appeal, you must pay the assessed civil penalty.

You may pay the penalty amount by submitting a certified check or money order payable to the "Federal Aviation Administration," and sent to Office of Accounting, FAA/ASO-22C, P. O. Box 45719, Atlanta, GA 30320.

If you do not request a hearing before the NTSB on or before 20 days after you receive this Order, the amount of the debt assessed in this Order constitutes a legally collectable debt owed to the United States. You will not have a right to seek review within the FAA of the validity and/or amount of this debt. If this debt is not paid in full within 30 days of your receipt of this letter, the debt is considered delinquent. For delinquent debts, Federal law (49 C.F.R. §89.23) requires us to charge interest, from today's date, at a fixed annual rate of 6%, along with an administrative charge of $12.00 per month, representing our costs of administrative collection. Furthermore, if the full amount assessed is not paid in full within 120 days of your receipt of this letter, we are required to assess an additional penalty at an annual rate of 6%, accruing from the date of the delinquency. Delinquent debts will be reported to consumer reporting agencies or commercial credit bureaus, which could adversely affect your credit rating. Nonpayment of this debt may ultimately result in a referral to a collection agency, the Internal Revenue Service, or to the United States Department of Justice for enforced collection.

EDDIE L. THOMAS
REGIONAL COUNSEL

BY:    **ORIGINAL SIGNED BY**
THERESA D. DUNN
Attorney
Office of the Regional Counsel

**EXHIBIT-22**

UNITED STATES OF AMERICA
NATIONAL TRANSPORTATION SAFETY BOARD
OFFICE OF ADMINISTRATIVE LAW JUDGES



ADMINISTRATOR,
Federal Aviation Administration,    )
                                    )
                 Respondent,        )
                                    )
vs.                                 )        Docket No.: 2002SO0780024
                                    )
                                    )
Michael Trupei,                     )
                                    )
                 Appellant.         )
_____)

APPELLANT'S OBJECTION TO THE ADMINISTRATIVE
"ORDER OF ASSESSMENT", AND NOTICE OF PROOF
VERIFIED

The Appellant, Michael Trupei (Appellant) appearing specially and not generally and hereby objects to the "Office of Regional Counsel, Southern Region, U.S. Department of Transportation Federal Aviation Administration" (FAA) (Respondent) to a certain assertions in its March 5th, 2004, "Order of Assessment" as follows:

1) As of June 6th, 1989, the Appellant may had been in physical possession of his Commercial Pilot Certificate No.: 002060240, whereby on that day he was illegally and/or unlawfully arrested or otherwise "kidnapped" by and through the agents of the Federal Corporation,[1] namely "DEA" and had to abandon his business premises.

2) That the certificate in question herein may had been located in the office of his forcefully abandonment of and now defunct "SUD AUTOMOTIVE Inc.," at 41 S.W. 5th, Street in Pompano Beach, Florida.

3) That during the period of June 6th, 1989 through Julu of 1991 the said certificate may had been together with the Appellant's other substantive and/or shop items which were stolen therefrom.

_____
1 The Legislative Act of February 21st, 1871, Congressional Record, Forty-First Congress Session III, Chapter 62, p. 419, a chartered Federal Company entitled "United States," i.e, "United States (1871)," a/k/a "U.S.Inc."

EXHIBIT-23    08  0351

Respondent may inquire about that certificate by and through John E. Aurelius, Florida attorney, Bar No.: 103433 who was the foreclosure attorney of the Appellant's business in 1991.

Furthermore, under Rule 33 of the Board's Rule a complaint is subject to dismissal if it sets forth allegations of offenses which occurred (in the case 89-6062-CR-Gonzales no U.S. law was violated) more than six months before the airman in question received notice that an action had been proposed against his certificate. In the Appellant's case the Respondent brought forth the instant complaint five and half years after of the Appellant's jury verdict in 1990. This argument was brought forth by the Appellant on September 4th, 1997 in one of his pleadings. The Administrative Law Judge, however, denied that challenges despite the clear violation of the substantive due process of Appellant by and through the Respondent. Again, this will further be addressed in a Article III Court as soon as condition allows to do so.

As one can see, the Appellant is in Federal Custody, and has been so from June 8th, 1989 to the present, and thereby he had no control of his substantive assets, including the much sought pilot certificate by and through the Respondent. Out of pure principles, however, the Appellant will not abandon this challenge against the Respondent on the grounds that the United States Special Attorney in 1989 has failed to procure the requested and required "letter of authorization" from the United States Department of Justice in order to present his manufactured evidence to the Fort Lauderdale Grand Jury in 89-6062-CR-Gonzales. In so doing, he was acting as a civilian, and thus the Court did not have its jurisdiction under the teachings of the United States v. Providence Journal Co., 485 U.S. 693, 99 L.Ed 2d 785, 108 S.Ct 1502 (1988) to try and/or incarcerate the Appellant. This, however, will be brought into a forum of competent jurisdiction in the not to distant future. Once that is settled, hopefully soon, then of course the Appellant will bring his full attack upon this entity and the agents thereof in their official and private capacity for violating Appellant's substantial due process all in violation of 42 U.S.C. § 1983, et seq.

**EXHIBIT-23**

## NOTICE of PROOF

In addition and under Fair Debt Collection Practice Act, Pub.Law. 90-321, May 29th, 1978, Title VIII, as added Pub.L. 95-109, September 1977, 91 Stat. 874, Appellant once again objects to the validity of a debt created by the Respondent on or about March 5th, 2004. Because the amount of the created debt exceeds $20.00 a trial by jury in a Article III Court, in law, under the Seventh (7th) Amendment of the Constitution of the United States of America, is hereby required to prove the referenced debt in Respondent's "Order of Assessment" of March 5th, 2004 was established under lawful authority and is valid.

Moreover, under the United States Constitution Respondent must take the required "Oath of Office". As such, Appellant demands that Respondent's "Officer Affidavit" under Title 5 U.S.C. §3332 and signed "Oath of Office" under § 3331 of this Title was properly executed and be produced to the Appellant in all respects, evidencing Respondent and/or its agents a lawful representatives of the United States.

No further attempt to collect this objected debt can take place by way of the Respondent until it validates said objected debt as herein demanded. Failure of Respondent to provide and/or produce to the Appellant with a certified copies of the "Officer Affidavit" and signed "Oath of Office" pertaining to the Respondent or otherwise the agents thereof, is a further admission that the Assessment against the Appellant is NULL and VOID assessment, and the Respondent and its agents are thus liable for every minute of every day of such unlawful assessment.

NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL,
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT!

Respectfully submitted,

_Michael Trupei_ pro se

## CERTIFICATE of SERVICE

I, Michael Trupei do hereby Certify that this Objection and/or Notice of Proof has been forwarded via U.S. Mail, first class prepaid, upon Theresa D. Dunn, Attorney, Office of the Regional Counsel, P.O. Box 20636, Atlanta, Ga 30320 on March 24th, 2004.

## DECLARATION

Pursuant to 28 U.S.C. § 1746 I, Michael Trupei do hereby declare, or state under penalty of perjury that the foregoing is to the best of my knowledge and belief, true and correct.    Done on: _March 23rd_, 200 _4_  Signed: _Michael Trupei_ pro se

**EXHIBIT-23**

23                                    -3-



U.S. Department
of Transportation

Southern Region
Office of the Regional Counsel

P.O. Box 20636
Atlanta, Georgia  30320

**Federal Aviation
Administration**

(404) 305-5200
(404) 305-5223  FAX

APR  1 2004

<u>CERTIFIED - RETURN RECEIPT REQUESTED</u>

National Transportation Safety Board
Office of Judges, Room 4704
490 L'Enfant Plaza East, SW
Washington, DC  20594

Re:    Administrator vs. Michael Trupei
      Docket No. CP-    , FAA Case No. 2002SO780024

Dear Judge:

We hereby file our Complaint in the subject case.  Our Complaint consists of the enclosed Order of Assessment dated March 5, 2004, which is hereby republished and filed as the Complaint. This Complaint is filed under the provisions of Section 821.31 of the Board's Rules of Practice in Air Safety Proceedings.

We request that the hearing be held in the Miami, Florida area and estimate that the hearing would last one day.

*Theresa Dunn*

THERESA D. DUNN
Attorney
Office of the Regional Counsel
(404) 305-5200; FAX (404) 305-5223

Enclosure

08 0351

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT-24**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this letter and a copy of the enclosed Complaint have been mailed this date by Certified Mail, Return Receipt Requested to:

National Transportation Safety Board
Office of Judges, Room 4704          (Original + 3 copies)
490 L'Enfant Plaza East, SW
Washington, DC  20594

Michael Trupei
R12743-004
Federal Correctional Complex
P. O. Box 1031
Coleman, FL  33521-1031

_____
APR  1 2004
Dated
_____

**EXHIBIT–24**

RESPONDENT

U.S. Department of Transportation
Federal Aviation Administration
Office of Regional Counsel
Southern Region
P.O. Box 20636
Atlanta, GA 30320

REQUESTER

Michael Trupei pro se
R12743-004
Federal Correctional Complex
Low Security, C-3-Unit
P.O. Box 1031
Coleman, Florida 33521-1031

Re: Freedom of Information (FOIA) Request
    for the "Oath of Office" under 5 U.S.C.
    § 3331, "Officer Affidavit" under § 3332,
    and "Fidelity Bond" under 31 U.S.C. § 9203,
    subject to **Theresa D. Dunn, Keith S. May,** and
    **Michael Clark,** et al.

April 17th, 2004

## "FOIA" REQUEST
## VERIFIED

This is a request for records/documents as sought herein under FOIA, 5 U.S.C.
§ 552, as amended, and Privacy Act (PA) of 1974, 5 U.S.C. § 552a, as amended.
This agency is required by law under 5 U.S.C. § 2906 to maintain the above noted
records on file. Requester requests that the following records be provided to him, and
please do so forthwith.

Records Requested:

(1) Oath of Office as required under 5 U.S.C. § 3331; and

(2) Officer Affidavit as required by 5 U.S.C. § 3332; and

(3) Fidelity Bond as required under 31 U.S.C. § 9302, et seq., pertaining to
**Theresa D. Dunn, Keith S. May,** and **Michael Clark** and/or anyother entity's personnel
connected with this matter.

Should you fail to respond to this request within the statutory time limit of
twenty (20) working days from this date, or otherwise under 5 U.S.C. § 552(a)(6)(A)(i),
as amended, Requester will deem this request denied and will proceed under 5 U.S.C.
§ 552(a)(4)(B) or alternatively 552(a)(6)(C) in a federal judicial district of com-
petent jurisdiction for failure to follow the statutory law.

Inasmuch as the request for said records/documents which are "public documents"
are thus also in the "public interest" and Requester has declared himself to be
indigent. Requester requests that Respondent waives all fees, costs, and/or charges.

Requester trusts that this suffices to his request and he is looking forward
to Respondent's production and/or disclosure, consistent as requested hereinabove.

NOTICE TO THE AGENT IS THE NOTICE TO THE
PRINCIPAL, NOTICE TO THE PRINCIPAL IS THE
NOTICE TO THE AGENT!

08 0351    **FILED**

FEB 27 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Sincerely,

_Michael Trupei_
Michael Trupei pro se

## DECLARATION

Pursuant to 28 U.S.C. § 1746 I, Michael Trupei do hereby declare, or state under
penalty of perjury that the above "FOIA Request" for records/documents is to the best
of my knowledge and belief, true and correct.

Done on: _April 17th_, 200 _4_

Signed: _Michael Trupei_
Michael Trupei pro se

**EXHIBIT-25**

UNITED STATES OF AMERICA
NATIONAL TRANSPORTATION SAFETY BOARD
OFFICE OF ADMINISTRATIVE  LAW JUDGES

ADMINISTRATOR,                      )
Federal Aviation Administration,    )
             Complainant,       )
                     )
                     )
vs.                                 )    Docket No.: <u>2002S00780024</u> or
                     )                 CF-132
                     )
Michael Trupei,                     )
             Respondent.        )    7001 1940 0004 7972 8300

## RESPONDENT'S ANSWER AND AFFIRMATIVE DEFENSES

RESPONDENT, the Michael Trupei (Respondent) hereby duly answers the Complainant's
Order of Assessment or otherwise construed as Complaint as follows: Respondent denies
each and every allegations of the Complaint not expressly admitted in this answer:

## ANSWER

1) This paragraph contains Complainant's characterization of the Complaint, not
averments of fact to which an answer is required. To the extent an answer is deemed
not to be required, denied.

2) This paragraph refers to an apparent "Order of Revocation" of Respondent's
Pilot Certificate. To the extent an answer is deemed not to be required, admit.

3) This paragraph refers to "National Transportation Board's" decision affirming
the Order of Revocation. To the extent an answer is deemed not to be required, admit.

4) This paragraph contains Complainant's assertions that Respondent "were [] advised
by and through the FAA [to] surrender [his] certificate." Respondent lacks knowledge
or information, or both, sufficient to form of such an advisement and on that basis,
denies it.

5) This paragraph characterizes Respondent for his noncompliances of an order.
Respondent lacks knowledge or information, or both, sufficient to form a belief of
such a "failure" and on that basis, denies it.

**FILED**

0E 0351    FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT-26**

6) Respondent denies any characterization whatsoever that he violated § 61.19(g) of the Federal Regulations. To the extent an answer is deemed not to be required, and on that basis, denies it.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As stated on numerous occasions, Respondent is not privy of whereabouts of the Pilot Certificate, sought in the Complaint. As he has been incarcerated since June 6th, 1989, and his business premises had been plundered, whereby that plundering may, or may not, have included the said certificate. Either way, no one knows what has had transpired with that Certificate.

### Second Affirmative Defense

Complainant failed to timely proceed against the alleged certificate. On that basis the Respondent challenges the Jursidiction of the Complainant's and ALJ.

### Third Affirmative Defense

Respondent challenges the legality of the Complainant's "Order of Assessment." In that, it is illegal and/or unlawful and in violation of Fifth (due process); Sixth (public trial); and Seventh Amendments of the United States Constitution "where the value in controversy shall exceed twenty (20) dollars, the right of trial by jury (7th Amendment) shall be preserved...." U.S.C.A. 5,6,7. See also Curtis v. Loether, 415 U.S. 189, 195-96.

### Fourth Affirmative Defense

Under the United States of America Constitution, or in a nexus thereof, the Complainant's agents must take the required "Oath of Office"; submit "Officer Affidavit"; and/or provide the "Fidelity Bond" so as to make, or otherwise to prove themselves as a bona fide representative of the Government. Although requested via "FOIA" request, as of yet, however, the Complainant failed to provide/disclose such documents.

**EXHIBIT-26**

<u>Fifth Affirmative Defense</u>

Respondent reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmance under <u>Fed.R.Civ.P.</u>, Rule 8(c).

WHEREFORE, the Respondent requests that the Administrative Law Judge (ALJ) enters a judgment:

a) Dismissing this frivolous complaint with prejudice; and

b) That the ALJ orders the pertinent agents to produce their requisite proof of the "Oath of Office"; "Officer Affidavit" and in supporth with the required "Fidelity Bond"; and

c) That ALJ award the Respondent $20,000.00 exclusive interest for costs and time spent, litigating this frivolous case; and

d) That this case be transferred to an Article III Court whereby it can tried under the Constitution and/or its subject to Amendments, particularly under Seventh (7th) Amendment to the Constitution of the United States of America. And awarding Respondent such other and further relief as this ALJ deems just, equitable, Constitutional and/or proper.

Respectfully submitted,

_Michael Trupei_

Signature of Respondent,
Michael Trupei <u>pro se</u>

<u>CERTIFICATE of SERVICE</u>

I, Michael Trupei do hereby certify that a true and correct copy of this "Answer and Affirmative Defenses" were deposited in a box so designated by the FCC-Coleman, Low Security Prisons for such mailings on April 20th, 200 4, and thereafter forwarded via U.S. Mail, first class, upon the following:

Theresa D. Dunn, Attorney
Office of the Regional Counsel
Southern Region
P.O. Box 20636
Atlanta, GA 30320

_Michael Trupei_

Michael Trupei <u>pro se</u>

**EXHIBIT-26**

-3-

UNITED STATES OF AMERICA
NATIONAL TRANSPORTATION SAFETY BOARD
OFFICE OF ADMINISTRATIVE LAW JUDGES

ADMINISTRATOR,
Federal Aviation Administration,                )
        Claimant,                        )
                          )
                          )
vs.                                             )    Docket No.: <u>2002S00780024</u> or otherwise
                          )                             <u>CF-132</u>
                          )
Michael Trupei,                                 )
        Respondent.                      )

## NOTICE OF RELIANCE ON ADDITIONAL AUTHORITY
## <u>AND DEMAND OF PROOF</u>

COMES NOW, the Respondent Michael Trupei (Respondent) and hereby files this Notice of Reliance on Additional Authority, and Demand of Proof and says:

In <u>Lorilland v. Pons</u>, 434 U.S. 575, 576, 98 S.Ct 866, 867-68, 55 L.Ed 2d 40(1978) the Supreme Court of the United States held that: "There exists a Seventh Amendment jury trial right under the civil enforcement [] provisions...."

Also, the Respondent hereby once again reiterates his demand of proof that Claimant's "Officer Affidavit" under 5 U.S.C. § 3332 and signed "Oath of Office" under § 3331 of this Title were properly executed and shall be produced to Respondent as <u>"Proof"</u> that the agents are bonafied the Government's personnel.

In addition to the above proof, Respondent also demands that their "Fidelity Bond", evidencing the Claimant's lawful and/or legal representative of the United States, and thereby must likewise be produced. (Government employees cannot be surety on bonds for other employees).

Failure to provide and/or produce the requested documents is acquescing to the fact that Claimant and/or its agents, involved in this case, failed to take the required regimen, or as pronounced in <u>U.S. v. Tweed</u>, 550 F.2d 297 (1977) that: "silence is equated with fraud." <u>Id.</u>

08 0351    **FILED**

FEB 2 7 2008

EXHIBIT-27  NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

WHEREFORE, the Respondent hereby provides this entity with an additional authority for its consideration as this matter is post administrative and "legal" in nature, and shall thus be decided by and through Article III forum of competent jurisdiction; and likewise Respondent further demands the production and/or disclosure of the requested records/documents under "FOIA" that be provided to him forthwith. Failure to comply with such a provision will be deemed as proof that Claimant does not have jurisdiction, either in personam or subject matter.

Respectfully submitted,

Signature of Respondent,
Michael Trupei pro se

## CERTIFICATE of SERVICE

I, Michael Trupei do hereby certify that a copy hereof has been sent on April 20th, 200 4, via U.S. Mail, first class prepaid, upon the following:

Theresa D. Dunn
Office of the Regional Counsel
Southern Region
P.O. Box 20636
Atlanta, GA 30320

Michael Trupei pro se

**EXHIBIT–27**

–2–



U.S. Department
of Transportation

Southern Region

P.O. Box 20636
Atlanta, Georgia 30320

**Federal Aviation
Administration**

JUN 08 2004

CERTIFIED RETURN-RECEIPT

Mr. Michael Trupei
P.O. Box 1031
Coleman, Florida 33521

Dear Mr. Trupei:

This is in response to your Freedom of Information Act Request Number 2004-004842(SO), dated April 17, 2004. You have requested copies of the (1) Oath of Office; (2) Officer Affidavit; and (3) Fidelity Bond for Federal Aviation Administration employees Theresa D. Dunn, Keith S. May and Michael Clark.

A copy of each of these employees Appointment Affidavits (Oath of Office) is enclosed. A search of records of the Human Resource Management Division and the Office of Regional Counsel revealed that we have no copies on file of a Fidelity Bond for any of these employees.

The undersigned and Q. Scott Brackett, Manager, Human Resource Management Division are responsible for this partial no records response. You may request reconsideration of this determination by writing to the Assistant Administrator for Regions and Center Operations, ARC-1, Federal Aviation Administration, 800 Independence Avenue, S. W., Washington, DC 20591. Your request must be made in writing within 30 days from the date of receipt of this letter and must include all information and arguments relied upon. Your letter must state that it is an appeal from the above-described denial of a request made under FOIA. The envelope containing the appeal should be marked "FOIA."

Sincerely,

Carolyn Blum
Regional Administrator, ASO-1

Enclosures

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

08 0351

EXHIBIT-28

STANDARD FORM 61
REVISED DECEMBER 1966
U.S. CIVIL SERVICE COMMISSION
F.P.M. CHAPTER 295
61-106

Case 1:08-cv-00351-HHK    Document 1-11    Filed 02/27/2008    Page 1 of 6

# APPOINTMENT AFFIDAVITS

IMPORTANT.—*Before swearing or affirming to these appointment affidavits, you should read and understand the attached information for appointee*

Attorney-Adviser (General)                    09-29-75
(Position to which appointed)                 (Date of appointment)

Department of Transportation    FAA    Washington, D.C.
(Department or agency)        (Bureau or division)        (Place of employment)

I, Keith S. May ................................................, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. SO HELP ME GOD.

## B. AFFIDAVIT AS TO SUBVERSIVE ACTIVITY AND AFFILIATION

I am not a Communist or Fascist. I do not advocate nor am I knowingly a member of any organization that advocates the overthrow of the constitutional form of the Government of the United States, or which seeks by force or violence to deny other persons their rights under the Constitution of the United States. I do further swear (or affirm) that I will not so advocate, nor will I knowingly become a member of such organization during the period that I am an employee of the Federal Government or any agency thereof.

## C. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof. I do not and will not assert the right to strike against the Government of the United States or any agency thereof while an employee of the Government of the United States or any agency thereof. I do further swear (or affirm) that I am not knowingly a member of an organization of Government employees that asserts the right to strike against the Government of the United States or any agency thereof and I will not, while an employee of the Government of the United States or any agency thereof, knowingly become a member of such an organization.

## D. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*Keith S. May*
(Signature of appointee)

08 0351

Subscribed and sworn (or affirmed) before me this ...29... day of ........Sept........ A.D. 19...75.

at ............Wash, DC........................
(City)                    (State)

FILED
FEB 27 2008

[SEAL]

Commission expires ..............................        Staffing Clerk
(If by a Notary Public, the date of expiration        (Title)
of his Commission should be shown)

(Signature of officer)

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

NOTE.—*The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "SO HELP ME GOD" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.*

U.S. GOVERNMENT PRINTING OFFICE: 1968—O-298-855

EXHIBIT—29

STANDARD FORM 61
Revised June 1986
U.S. Office of Personnel Management
FPM Chapter 296
61-108

# APPOINTMENT AFFIDAVITS

General Attorney                                                    August 9, 1999
*(Position to which appointed)*                                      *(Date of appointment)*

DOT-FAA                         Regional Counsel                    College Park, GA
*(Department or agency)*         *(Bureau or Division)*              *(Place of employment)*

I, _____THERESA   DELLA IACONO_____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

08 0351

*Theresa Della Iacono*
*(Signature of appointee)*

Subscribed and sworn (or affirmed) before me this __10__ day of __August__, 19__99__

at _____Atlanta_____    _____Ga._____
*(City)*                    *(State)*

**FILED**
FEB 27 2008

[SEAL]

NANCY MAYER WHITTINGTON, Clerk
U.S. DISTRICT COURT

*(Signature of officer)*

Commission expires _____
*(If by a Notary Public, the date of expiration of his/her Commission should be shown)*

*(Title)*

NOTE.—*The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.*

NSN 7540-00-634-4015                    U.S. GOVERNMENT PRINTING OFFICE : 1987 O – 178-560                    Prior Edition Usable

**EXHIBIT-30**

STANDARD FORM 61
Revised June 1985
U.S. Office of Personnel Management
FPM Chapter 296
61-108

Case 1:08-cv-00351-HHK    Document 1-11    Filed 02/27/2008    Page 3 of 6

# APPOINTMENT AFFIDAVITS

ATCS
_(Position to which appointed)_

JAN 23, 1989
_(Date of appointment)_

DOT
_(Department or agency)_

FAA
_(Bureau or Division)_

SOUTHERN
_(Place of employment)_

I, MICHAEL L. CLARK , do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

Michael L. Clark
_(Signature of appointee)_

Subscribed and sworn (or affirmed) before me this 23 day of JANUARY , 19 89 ,

at OKLAHOMA CITY
_(City)_

OKLAHOMA
_(State)_

08 0351

[SEAL]

_(Signature of officer)_

Commission expires _____
_(If by a Notary Public, the date of expiration of his/her Commission should be shown)_

HRC
_(Title)_

FILED
FEB 2 7 2008
NANCY MAYER WHITTINGTON, C
U.S. DISTRICT COURT

NOTE.—_The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits._

NSN 7540-00-634-4015

☆ U.S. GPO: 1987-194-974/79026    **EXHIBIT-31**    Prior Edition Usable

RESPONDENT:

U.S. Department of Transportation
**Federal Aviation
Administration**
Southern Region
P.O. Box 20636
Atlanta, GA 30320

REQUESTER:

Michael Trupei pro se
R12743-004
Federal Correctional Complex
Low Security, C-3-Unit
P.O. Box 1031
Coleman, FL 33521-1031

Via certified return receipt mail
No.: 7001-1940-0004-7972-8300

June 19th, 2004

Att: Carolyn Blum

OBJECTION TO THE ADMINISTRATIVE OATHS OF OFFICE,
AND THEIR ADMINISTARATION THEREOF, PERTAINING TO
**Keith S. May;    Theressa Della** (Ms.Dunn);    AND
ATCS **Michael L. Clark**; AND REQUEST FOR FURTHER
DISCOVERY UNDER "FOIA" 5 U.S.C. § 552, PROVISIONS

Pursuant to your letter, with enclosures dated June 8th, 2004, Requester hereby
objects to the verity of those enclosures, namely "Oath of Office" and "Officer
Affidavits" pertaining to the above named players and states the following to wit:

Title 5 U.S.C. § 2903 reads in full:

Section 2903 **authority to administer**

   (a) The oath of office required by section 3331 of this title may be administered
by an individual **authorized** by the laws of the United States or local laws to
administer oaths in the State, District, or territory or possession of the United
States where the oath is administered.

   (b) An employee of an Executive agency **DESIGNATED** in **WRITING** by the head of the
Executive agency, or the Secretary of a military department with respect to an
employee of his department, may administer--

      1) the oath of office required by Section 3331 of this title, incident to
entrance into the executive branch; or

      2) any other oath required by law in connection with employment in the executive
branch.

   (c) An oath authorized or required under the laws of the United States may be
administered by--

      1) the Vice President; or

      2) an individual **AUTHORIZED** by local law to administer oaths in the State where
the oath is administered. (Pub. L. 89-554, Sep. 6, 1966, 80 Stat. 411)

The Standard Form-61 subject to Keith S. May (Mr. May) is defective on its face

The socalled oath of office disclosed belatedly by the Respondent to the Requester
on June 8th, 2004, where it should had been disclosed, at the very latest, on May
7th, 2004, is not the oath of office as required under the statute. Because the
Standard Form-61 (the form) has not been administered by a person who met the bonding

08 0351

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CL
U.S. DISTRICT COURT

**EXHIBIT–32**

requirements under the provisions of 31 U.S.C. § 2903, et seq. Or at the very least by a <u>notary public</u> who is "bonded" by and through an insurance, or bonding underwriters. In the instant case the "<u>staffing clerk</u>" does not exhibit any indicia of his name. Much less the required "fidelity bond" as it would have been otherwise shown by a notary public, had he/she swore Mr. May into that office.

None of such requirements was satisfied in this instance. Nor the Form-61 shows whether the "<u>staffing clerk</u>" was duly **designated in writing** as required under Title 5 U.S.C. § 2903(a)(b)(c), <u>supra</u>, to do so. Further, the Form-61 shows the requirements for a "Seal" to be embossed thereupon, (locus sigilli) or otherwise a stamp of approval which also authenticates the Form-61, and provides indisputable evidence of the validity of the underlying obligations. See generally 28 U.S.C. § 683, 608, and 502; and 18 U.S.C. § 505.

## The Standard Form-61 pertaining to Theressa Della Iacono (Ms.Dunn) is likewise insufficient

It is further apparent that the Form-61 pertaining to Ms.Dunn is similarly on its face defective. In Ms. Dunn's fill in's of her essentials, there the administrator of that worthless piece of paper has not signed his/her name upon Form-61 in a legible fashion. In fact, no one knows whose name that "scratch" should represent. That Form-61 also fails to show the duly required **authorization** as promulgated under § 2903(a)(b)(c) of this title. Nor it shows any bonding or surety provisions, involving a confidence of trust. Therefore, that Form-61 is substantially invalid, and can not be taken as a <u>bona fide</u> oath of office at all. As such, the Requester hereby objects to that purported oath of office in all respects.

## The Standard Form-61, pertinent to ATCS Michael L. Clark (Mr.Clark) is defective on its face.

Likewise the Form-61 pertaining to Mr. Clark fails to show the essential elements to be considered as legal document, and is thus defective on its face. Again, no duly **written authorization**, or proof thereof, whether "Riza Walsen" was empowered or has satisfied the section 2903(a)(b)(c) of this title prior to administer the ceremony to Mr. Clark. In failing to provide the evidence of such a required authorization in writing, and the "bond" as well, makes that fill out Form-61 not worthy of confidence. Thus, the Form-61 sent in by the Respondent to the Requester on June 8th, 2004, is/are nothing more than a naked 8 1/2 x 11 piece(s) of worthless paper. As it/they lack(s) everything and anything from the legal and lawful protokols. As such, and for the readily apparent reasons, these documents are <u>fraudulent</u> as do not carry the required indicia for a constitutional oath of office, nor do they show any nexus thereto. Therefore, the Form-61's provided in this case to the Requester are for all practical and legal purposes null and void <u>ab initio</u>, as they do not govern, nor stand as a legal or lawful oaths, or binding documents in any sense, shape, or form whatsoever.

## "FOIA" Request for an Additional Documents

Pursuant to Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and Privacy Act (PA) of 1974, 5 U.S.C. § 552a, as amended. This agency is required by law under 5 U.S.C. § 2906 to maintain such documents hereby requested on file. Requester requests that the Respondent produces/provides the "<u>written authorization</u>" pursuant to the above named individuals (Mr.May; Ms. Dunn; Mr. Clark and also S/A Richard R. Buszek who was also acting, and is still doing so, in the instant case and thus must produce all the pertinent, records/documents herein requested, or otherwise consistent with this and prior such requests. See the caption of April 17th, 2004 request, particularly where it seeks, "...Michael Clark, <u>et al.</u>"

**EXHIBIT-32**

Should you fail to respond to this request within the statutory response provision of twenty (20) working days from this date, or otherwise under 5 U.S.C. § 552(a)(6)(A)(i), as amended, Requester will deem this request denied and will proceed under 5 U.S.C. § 552(a)(4)(B) or alternatively 552(a)(6)(C) in a federal judicial district of competent jurisdiction for failure to obey the statutory law or otherwise the contract.

This request for the additional records/documents or otherwise the information as it/they is/are considered <u>public documents</u>, and also in "<u>public interest</u>." The Requester hereby declares himself to be indigent. As such, Requester requests that the Respondent waives all fees, costs, and/or charges.

Your assistance and effort in this matter is hereby imperative and genuinely appreciated.

NOTICE TO THE AGENT IS THE NOTICE TO THE PRINCIPAL,
NOTICE TO THE PRINCIPAL IS THE NOTICE TO THE AGENT!

Sincerely,

_Michael Trupei pro se_

DECLARATION/AFFIRMATION

Pursuant to 28 U.S.C. § 1746 I, Michael Trupei do hereby declare, or state under penalty of perjury that the above "FOIA" request or otherwise is to the best of my knowledge and belief, true and correct.

Executed on: June 23ʳᵈ, 200__

Signed: _Michael Trupei pro se_

**EXHIBIT-32**

-3-

SERVED: September 15, 2004

# UNITED STATES OF AMERICA
# NATIONAL TRANSPORTATION SAFETY BOARD
## OFFICE OF ADMINISTRATIVE LAW JUDGES

| | |
|---|---|
| MARION C. BLAKEY,<br>Administrator,<br>Federal Aviation Administration,<br><br>  Complainant,<br><br>  v.<br><br>MICHAEL TRUPEI,<br><br>  Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)  Docket CP-132<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER REQUESTING FURTHER
## INFORMATION FROM RESPONDENT

SERVICE:  Michael Trupei
          # R12743-004
          Federal Correctional
            Complex
          Low Security, C-3 Unit
          Post Office Box 1031
          Coleman, Fla. 33521-1031

          (BY PRIORITY AND
          CERTIFIED MAIL)

Theresa D. Dunn, Esq.
Federal Aviation
  Administration
Southern Region
Post Office Box 20636
Atlanta, Ga. 30320

          (BY FAX)

**08 0351**

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

    In this case, respondent, acting pro se, has appealed from
a March 5, 2004 order, by which the Administrator of the Federal
Aviation Administration ("FAA") assessed him with a civil penalty
of $3,300, as a consequence of his alleged failure to physically
surrender his commercial pilot certificate in accordance with
a January 16, 1997 order of revocation that was subsequently
affirmed by the Board.[1]  After the Administrator reissued her

---

[1]NTSB Order EA-4661 (served May 15, 1998).

**EXHIBIT-33**

2

order of assessment as the complaint in this proceeding and respondent submitted his answer to the complaint, the Administrator, through counsel, filed a motion for summary judgment, in which she has asserted that, based on the undisputed fact that respondent has not physically surrendered his certificate and the civil penalty authority she has been granted under 49 U.S.C. § 46301(a)(1) and (d)(2), she is entitled to judgment herein as a matter if law.  No reply to the Administrator's motion has since been received from respondent.

The undersigned notes that respondent has, in both his appeal from the March 5, 2004 assessment order and his answer to the complaint, related that he is no longer in physical possession of his commercial pilot certificate, and has not had possession of that certificate since sometime between the commencement of his incarceration in June 1989 and the occurrence of a theft at his previous place of business in July 1991.[2]  The undersigned further notes that it has been the practice of the Administrator in other cases where the loss of a certificate ordered surrendered has been claimed to ask for, and -- if produced -- accept as exculpatory to the imposition of a civil penalty, a sworn statement from the certificate holder in question attesting to the physical unavailability of the subject certificate.  Accordingly, the undersigned believes that respondent should be afforded an opportunity to submit such a sworn statement, or provide an explanation as to why he is unable to furnish one, before consideration of the Administrator's summary judgment motion is undertaken.  Such a submission must be made within 30 days of the issuance of this Order -- or by October 15, 2004 -- in order to be considered.

THEREFORE IT IS ORDERED that respondent is directed to, by no later than October 15, 2004, submit a statement in which, under penalty of perjury, he verifies that he is unable to physically surrender his commercial pilot certificate to the Administrator of the Federal Aviation Administration and provides the reason(s) for such inability to surrender that certificate, or explain why he is not able to provide such a sworn statement. In the event that such a submission is made by October 15, 2004, it will be considered by the undersigned in evaluating the Admin-

---

[2]See Respondent's Appeal ¶¶ 2-3; Respondent's Answer at 2 (first affirmative defense).  Given respondent's incarceration, it would have made sense for him, were he able to locate his certificate, to have surrendered it after his appeal of the January 16, 1997 order was denied, as it is generally necessary for a year to pass after a certificate is surrendered pursuant to a revocation order for the airman in question to begin the process of requalification.  See §§ 61.13(g) and 63.11(d) of the Federal Aviation Regulations (codified at 14 C.F.R.).

EXHIBIT–33

3

istrator's motion for summary judgment.  However, if respondent fails to make such a submission by that date, the undersigned will grant that motion as unopposed.

Entered this 15th day of September, 2004, at Washington, D.C.


WILLIAM E. FOWLER, JR.
Chief Administrative Law Judge

EXHIBIT-33

UNITED STATES OF AMERICA
**NATIONAL TRANSPORTATION SAFETY BOARD**
OFFICE OF ADMINISTRATIVE LAW JUDGES

MARION C. BLAKELY,
Administrator,
Federal Aviation Administration, )
      Complainant, )
                   )
                   )
vs.                  )       Docket No.: CP-132
                   )
                   )
Michael Trupei,        )
      Respondent.     )

RESPONDENT RESPONDS TO THE ADMINISTRATIVE LAW JUDGE'S ORDER AND REITERATES THE SAME INFORMATION, UNDER PENALTY OF PERJURY, AS TO WHY HE IS UNABLE TO SURRENDER HIS COMMERCIAL PILOT CERTIFICATE TO THE "FAA-ADMINISTRATOR," AS HE ALREADY DID SO IN HIS PRIOR PLEADINGS

RESPONDENT, sub nomine, Michael Trupei (Respondent) in the above enumerated matter, appearing specially and not generally and hereby responds to the "Office of Adminis- trative Law Judges'" Order of September 15, and once again by and through its Amended Order of September 21, 2004 where the Respondent was "directed" to show "under penalty of perjury" as to why he is unable to produce his Commercial Pilot Certificate to the FAA-Administrator (FAA) physically or otherwise, to wit:

**Ruling on the matter at issue herein can be made by this Court nunc pro tunc on the Respondent's prior pleadings**

This Court has acknowledged in its September 15, Order and once again in its Amended Order six days later on September 21, 2004 that the Respondent had: "...in both his appeal from March 5, 2004 assessment [O]rder and his [A]nswer to that Order/Complaint, where he relates that he is no longer in physical possession of his commercial pilot certificate and has not had possession thereof since sometimes between the commencement of his incarceration on June 1989 and July 1991."[1] Thus, it is obvious that this Court has read and/or is in possession of the Respondent's prior pleadings, and based on those pleadings, it should therefore be sufficient for this Court to render its decision

---

[1] See Respondent's Appeal ¶¶ 2-3 and Respondent's Answer at 2 (first affirmative defense).

**EXHIBIT-34**

based on circumstances as to why the Respondent could not produce the sought Commercial Pilot Certificate to the FAA, as it is more likely than not, once and for all, "LOST." Also, the Respondent objects to the FAA's Summary Judgment in its entirety as there are no valid reasons why "beat the dead horse" any further, simply because the license can not be had. What is all the more apparent, however, in this matter the FAA is using modus operandi to deprive and is depriving the Respondent's scarce time, energy, and effort from concentrating elsewhere on his more urgent and substantial issues. Such as working on his "Motion to Dismiss his Fraudulent Indictment" and/or many lawsuits all in connection and support herewith and therewith. Thus, working on this matter is un-doubtedly injuring and will continue to injure the Respondent of not being able to act on his more meaningful issues makes the FAA therefore further liable.

WHEREFORE, premises considered, the Respondent has timely complied with this Court's Orders and hereby prays that it throws out this frivolous case altogether and do so with prejudice and fortwith, as the FAA has no standing in any Judicial Court either in or at Law, and for such other and further relief as this Court deem just, equitable, and proper.

Respectfully submitted,

Michael Trupei pro se

## CERTIFICATE of SERVICE

I, HEREBY CERTIFY that on this _19_ day of October, 2004 a copy hereof has been deposited in legal-mail box so designated for such mailings by the FCC-Coleman, Low Security Prisons at Coleman, Florida to be forwarded via U.S. Mail, first class, when it was deemed "filed" within the meaning of Houston v. Lack, 487 U.S. 266 (1988) and not the date it was subsequently received as follows:

Federal Aviation Administration
Southern Region
Office of the Regional Counsel
P.O. Box 20636
Atlanta, GA 30320

Michael Trupei pro se

## DECLARATION

Pursuant to 28 U.S.C. § 1746 I, Michael Trupei do hereby declare under penalty of perjury that the above information together with my "Objection(s)" and "Answers and Affirmative Defenses" of April 20, 2004 are to the best of my knowledge and belief, nunc pro tunc, true and correct.

Done on: _October 19_, 200 _4_    Signed: _____
                                            Michael Trupei pro se

**EXHIBIT-34**

SERVED: December 8, 2004

# UNITED STATES OF AMERICA
# NATIONAL TRANSPORTATION SAFETY BOARD
## OFFICE OF ADMINISTRATIVE LAW JUDGES

|  |  |
|---|---|
| MARION C. BLAKEY,<br>Administrator,<br>Federal Aviation Administration,<br><br>    Complainant,<br><br>   v.<br><br>MICHAEL TRUPEI,<br><br>    Respondent. | Docket CP-132 |

### ORDER DENYING ADMINISTRATOR'S
### MOTION FOR SUMMARY JUDGMENT

SERVICE: Michael Trupei      Theresa D. Dunn, Esq.
     # R12743-004      Federal Aviation
     Federal Correctional     Administration
      Complex       Southern Region
     Low Security, C-3 Unit   Post Office Box 20636
     Post Office Box 1031    Atlanta, Ga. 30320
     Coleman, Fla. 33521-1031

                (BY FAX)

     (BY CERTIFIED MAIL)

  In this case, respondent, acting pro se, has appealed from
a March 5, 2004 order, by which the Administrator of the Federal
Aviation Administration ("FAA") assessed him with a civil penalty
of $3,300, as a consequence of his alleged failure to physically
surrender his commercial pilot certificate in accordance with
a January 16, 1997 order of revocation that was subsequently
affirmed by the Board.[1]  After the Administrator reissued her
order of assessment as the complaint in this proceeding and

08 0351

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLI
U.S. DISTRICT COURT

---

[1]NTSB Order EA-4661 (served May 15, 1998).

EXHIBIT-35

2

respondent submitted his answer to the complaint, the Adminis-
trator, through counsel, filed a motion for summary judgment,
in which she asserts that, based on the undisputed fact that
respondent has not physically surrendered his certificate,
and the civil penalty authority vested in her under 49 U.S.C.
§ 46301(a)(1) and (d)(2), she is entitled to judgment herein
as a matter if law.

In an Order issued on September 15, 2004, the undersigned
noted that respondent had, in both his appeal from the March 5,
2004 assessment order and his answer to the complaint, related
that he is no longer in physical possession of his commercial
pilot certificate and has not had possession of that certificate
since sometime between the commencement of his incarceration in
June 1989 and the occurrence of a theft at his previous place of
business in July 1991.[2]  That Order further noted that it has been
the practice of the Administrator in other cases where the loss
of a certificate ordered surrendered has been claimed to ask for,
and -- if produced -- accept as exculpatory to the imposition of
a civil penalty, a sworn statement from the certificate holder in
question attesting to the physical unavailability of the subject
certificate.  Thus, in that Order, the undersigned gave respondent
an opportunity to either submit such a sworn statement or provide
an explanation as to why he is unable to furnish one, prior to
consideration of the Administrator's motion for summary judgment.[3]
Respondent has, since, submitted a sworn statement, in which he
reiterated his prior statements as to why he is unable to produce
his certificate for surrender to the FAA.

Given that respondent has sworn, under penalty of perjury,
that it is impossible for him to surrender his pilot certificate
pursuant to the January 1997 revocation order because he has not
been in physical possession of that certificate since 1991 or
earlier, it would appear that he has made a sufficient assertion
of a valid affirmative defense to the civil penalty assessment
from which he appeals to warrant denial of the Administrator's
summary judgment motion.[4]  As a result, it will be necessary for

---

[2]See Respondent's Appeal ¶¶ 2-3; Respondent's Answer at 2
(first affirmative defense).

[3]On September 21, 2004, the copy of that Order that had been
transmitted to respondent via priority mail was returned to this
office for inadequate postage.  Because respondent is incarcerated
and a copy of the Order was sent to him by priority mail to compen-
sate for any delay in inmate mail processing that might have made
it difficult for him to respond within the initially allotted time-
frame, an Amended Order was issued on that date, affording him
additional time to furnish the requested statement.

[4]As was noted in the previous Orders of September 15 and 21
(p.2, n.2 of both orders), given his incarceration, it would have
(continued...)

EXHIBIT-35

3

the Administrator to establish her entitlement to recover the
civil penalty assessed at an evidentiary hearing on the matter.
At that hearing, respondent will be afforded the opportunity to
prove the affirmative defense he has asserted in exculpation of
the Administrator's civil penalty assessment.


THEREFORE IT IS ORDERED that the Administrator's motion for
summary judgment is hereby DENIED.


Entered this 8th day of December, 2004, at Washington, D.C.



WILLIAM E. FOWLER, JR.
Chief Administrative Law Judge

---

<sup></sup>

⁴(...continued)
behooved respondent, were he able to locate his certificate, to
have surrendered it once his appeal of the Administrator's January
1997 order was denied, as it is generally necessary for a year to
pass after a certificate is surrendered pursuant to a revocation
order for the airman in question to begin the process of requalif-
ication.  See §§ 61.13(g) and 63.11(d) of the Federal Aviation
Regulations (codified at 14 C.F.R.).  Since respondent would have
started the running of that one-year period upon the surrender
of his certificate, there would seem to have been no incentive
for him to withhold it, were it in his possession, as to do so
would jeopardize his ability to begin the requalification process
upon his release from prison.

**EXHIBIT-35**

SERVED:   February 9, 2005

UNITED STATES OF AMERICA
**NATIONAL TRANSPORTATION SAFETY BOARD**
OFFICE OF ADMINISTRATIVE LAW JUDGES

MARION C. BLAKEY, )
Administrator, )
Federal Aviation Administration, )
)
           Complainant, )
)     Docket CP-132
         v. )
)
MICHAEL TRUPEI, )
)
         Respondent. )
)
)

## ORDER TERMINATING PROCEEDING

SERVICE:

Michael Trupei
#12743-004
Coleman Low FCI
Post Office 1029
Coleman, FL 33521

**(BY REGULAR MAIL)**

Theresa D. Dunn, Esq.
Federal Aviation Administration
Southern Region
Box 20636
Atlanta, GA 30320

**(BY FAX ONLY)**

On February 8, 2005, the Administrator, through Counsel, withdrew the Complaint in the above-captioned matter and requested dismissal of the proceedings.

**THEREFORE, IT IS ORDERED** That this proceeding is hereby **TERMINATED.**

Entered this 9th day of February 2005, at Washington, D.C.

08 0351

FILED
FEB 27 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_William A. Pope, II_

WILLIAM A. POPE, II
Administrative Law Judge

**EXHIBIT—36**

# UNITED STATES OF AMERICA
## NATIONAL TRANSPORTATION SAFETY BOARD
### WASHINGTON, D. C.

NTSB RECEIVED
OFC OF JUDGES
WASHINGTON, D.C.

2005 FEB -8 A 11: 31

|  |  |
|---|---|
| MARION C. BLAKEY, ADMINISTRATOR<br>FEDERAL AVIATION ADMINISTRATION,<br><br>        Complainant,<br><br>vs.<br><br>MICHAEL TRUPEI,<br><br>        Respondent. | Docket No. CP-132<br>Judge Fowler |

## WITHDRAWAL OF COMPLAINT

COMES NOW the Administrator of the Federal Aviation Administration, by and through her undersigned attorney, and, pursuant to Section 821.12(b) of the Board's Rules of Practice in Air Safety Proceedings, hereby withdraws the complaint in the referenced matter. The Administrator requests that the administrative law judge dismiss the proceedings.

Respectfully submitted this 8th day of February, 2005.

*Theresa Dunn*
THERESA D. DUNN
Attorney
Office of the Regional Counsel

08 0351

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT-37

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Withdrawal of Complaint was mailed by regular mail and facsimile to:

The Honorable William E. Fowler, Jr.
Administrative Law Judge
National Transportation Safety Board
Office of Law Judges, Room 4704
490 L'Enfant Plaza East, SW
Washington, DC 20594
Fax (202) 314-6158

and a copy by regular mail to:

Michael Trupei
#12743-004
Coleman Low FCI
846 NE 54th Terrace
Post Office 1029
Coleman, FL 33521

FEB 8 2005

Dated

EXHIBIT-37

SERVED:  February 9, 2005

UNITED STATES OF AMERICA
**NATIONAL TRANSPORTATION SAFETY BOARD**
OFFICE OF ADMINISTRATIVE LAW JUDGES

```
_____
                                 )
MARION C. BLAKEY,                )
Administrator,                   )
Federal Aviation Administration, )
                                 )
            Complainant,         )
                                 )        Docket CP-132
         v.                      )
                                 )
MICHAEL TRUPEI,                  )
                                 )
            Respondent.          )
                                 )
_____)
```

## ORDER TERMINATING PROCEEDING

SERVICE:

Michael Trupei
#12743-004
Coleman Low FCI
Post Office 1029
Coleman, FL 33521

**(BY REGULAR MAIL)**

Theresa D. Dunn, Esq.
Federal Aviation Administration
Southern Region
Box 20636
Atlanta, GA  30320

**(BY FAX ONLY)**

On February 8, 2005, the Administrator, through Counsel, withdrew the Complaint in the above-captioned matter and requested dismissal of the proceedings.

**THEREFORE, IT IS ORDERED** That this proceeding is hereby **TERMINATED.**

Entered this 9th day of February 2005, at Washington, D.C.

08 0351

_____
WILLIAM A. POPE, II
Administrative Law Judge

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT–38**

UNITED STATES OF AMERICA
**NATIONAL TRANSPORTATION SAFETY BOARD**
OFFICE OF ADMINISTRATIVE LAW JUDGES

MARION C. BLAKEY,
Administrator,
Federal Aviation Administration,

        Complainant,

versus,

Michael Trupei,

        Respondent.

Docket CP-123

MOTION FOR AN ORDER, DIRECTING ADMINISTRATOR TO
PRODUCE A CERTIFIED COPY OF ITS WITHDRAWAL OF
THE COMPLAINT IN THE ABOVE REFERENCED MATTER,
**VERIFIED**

RESPONDENT Michael Trupei (Respondent), appearing pro se in reference to the above captioned cause, and hereby respectfully moves this Honorable Court for an Order directing the Complainant to produce a certified copy of a motion of the withdrawal.

On February 8, 2005, the Complainant by and through its Counsel, via a motion, withdrew the Complaint pursuant to the above subject matter. Said motion was served ex parte upon this Court. The Respondent, however, was not privy of a copy thereof.

WHEREFORE, premises considered, Respondent prays that this Court order the Complainant to serve a certified copy of said "withdrawal-motion" upon Respondent and do so forthwith; and for such other and further relief as this Honorable Court deem just, equitable, and proper.

Respectfully submitted,

_Michael Trupei_
Michael Trupei pro se

**CERTIFICATE of SERVICE**

I HEREBY CERTIFY that on February 17th, 2005, a copy hereof was sent, via U.S. Mail, first class, as follows:

Theresa D. Dunn
Federal Aviation Administration
Southern Region
P.O. Box 20636
Atlanta, GA 30320

_Michael Trupei_
Michael Trupei pro se

08 0351

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**DECLARATION**

Pursuant to 28 U.S.C. § 1746 I, Michael Trupei do hereby declare under penalty of perjury that the above subject matter is to the best of my knowledge and belief, true and correct.

Done on: _February 17th_ 200 _5_   Signed: _Michael Trupei_
                                           Michael Trupei pro se

**EXHIBIT-39**

UNITED STATES OF AMERICA
NATIONAL TRANSPORTATION SAFETY BOARD
WASHINGTON, D. C.

MARION C. BLAKEY, ADMINISTRATOR
FEDERAL AVIATION ADMINISTRATION,

        Complainant,

vs.

MICHAEL TRUPEI,

        Respondent.

Docket No. CP-132
Judge Fowler

## REPLY TO RESPONDENT'S "MOTION FOR AN ORDER, DIRECTING ADMINISTRATOR TO PRODUCE A CERTIFIED COPY OF ITS WITHDRAWAL OF THE COMPLAINT IN THE ABOVE REFERENCED MATTER"

COMES NOW the Administrator of the Federal Aviation Administration, by and through her undersigned attorney, and hereby responds to Respondent's "Motion for an Order, Directing Administrator to Produce a Certified Copy of its Withdrawal of the Complaint in the Above Referenced Matter." In support thereof, the Administrator submits the following.

On February 8, 2005, the Administrator withdrew her complaint in this matter and requested that the administrative law judge dismiss the proceedings. A copy of the Withdrawal of Complaint was issued to Respondent by regular mail, as certified on the Certificate of Service submitted with the Withdrawal of Complaint.[1] On February 23, 2005, the Withdrawal of Complaint served on Respondent was returned with an indication that inmate mail should be sent to a separate post office

**FILED**

FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLE
U.S. DISTRICT COURT

---

[1] The Withdrawal of Complaint was sent to Respondent at Coleman Low FCI, 846 NE 54th Terrace, Post Office 1029, Coleman, FL 33521. Respondent has received previous pleadings and correspondence at this address without incident.

EXHIBIT–40      08  0351

box (Box 1031). That same day, the Withdrawal of Complaint and its original envelope were re-mailed to Respondent at Post Office Box 1031.

WHEREFORE, the Administrator submits that a copy of the Withdrawal of Complaint has already been served on Respondent, and requests that the Motion be denied.

Respectfully submitted this 25th day of February, 2005.


*Theresa Dunn*
THERESA D. DUNN
Attorney
Office of the Regional Counsel

EXHIBIT–40

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this Withdrawal of Complaint was mailed by regular mail and facsimile to:

The Honorable William E. Fowler, Jr.
Administrative Law Judge
National Transportation Safety Board
Office of Law Judges, Room 4704
490 L'Enfant Plaza East, SW
Washington, DC 20594
Fax (202) 314-6158

and a copy by regular mail to:

Michael Trupei
#12743-004
Coleman Low FCI
846 NE 54th Terrace
Post Office 1031
Coleman, FL 33521

FEB 2 5 2005

_____
Dated

EXHIBIT—40

RESPONDENT:

Assistant Administrator for Region
and Center Operation, ARC-1
U.S. Department of Transportation
800 Independence Ave., S.W.
Washington, D.C. 20591

Att: Robert Stanley Weyland
     FAA Human Resources Management

REQUESTER:

Michael Trupei pro se
R12743-004
FCC-Coleman Low Security Prisons
P.O. Box 1031
Coleman, Florida 33521-1031

September 19, 2005

Re: Request under Freedom of Information Act
    for the Certified Copies of the "Letters
    of Appointment" under 5 U.S.C. §§ 2104 or
    2105, pursuant to Theresa D. Dunn; Keith
    S. May; S/A Michael Clark, and S/A Richard
    R. Buszek.

"FOIA" REQUEST
VERIFIED

Under the provisions of Freedom of Information Act (FOIA), 5 U.S.C. § 552, as
amended and Privacy Act (PA) of 1974, 5 U.S.C. § 552a, as amended, the Requester hereby
requests for certified copies of the following documents/records:

The "Letters of Appointment" in accordance with the appointment clause provided other-
wise under statutory provisions of the Federal Constitution (Art II, § 2, cl 2), and
5 U.S.C. §§ 2104 and/or 2105 subject to: (1) Theresa D. Dunn, Attorney for Office of
Regional Counsel at Atlanta, Georgia; (2) Keith S. May, Managing Attorney, Office of the
Assistant Chief Counsel Southern Region at Orlando, Florida; (3) Michael Clark, Special
Agent Investigations Field Office at Miami, Florida; and (4) Richard R. Buszek, Special
Agent at civil Aviation Security Division Investigation Section, 8600 N.W., 36th Street,
Suite 503 Miami, Florida 33166, whereby a written indicia via the "Letters of Appointment"
is/was required, which confirms that the above named and/or enumerated officers/employees
of the Federal Aviation Administration (FAA) have met their constitutional and/or sta-
tutory appointments prior to their entry of employment with the FAA or otherwise their
special and general appearances before the National Transportation Safety Board, Office
of Administrative Law Judges in Washington, D.C. and elsewhere from August 27th, 1975
and continuing thereafter.

This agency is required by law under 5 U.S.C. § 2906 to maintain these "Letters of
Appointment" at FAA Human Resources Management Division Records, pertaining to the
FAA employees and their official duties are "maintained in the employees' official
personnel folders, which are located in a secured filing room," on file thereat.

The Requester expects that the Respondent answer this/his request within the statutory
time limit of twenty (20) working days from the date of the receipt of this request, or
otherwise under 5 U.S.C. § 552(a)(6)(A)(i), as amended. Should the Respondent fail to
obey the foregoing Congressional intent, the Requester will deem this/his Request denied
and will proceed under 5 U.S.C. § 552(a)(6)(C), even though the Requester has not filed
an administrative appeal, in a court of competent jurisdiction as consistent with
Pollack v. Department of Justice, 49 F.3d 115, 118-19 (4th Cir.1995)("[A] requester
who has not received a timely notice of the agency's decision, as required by 5 U.S.C.
§ 552(a)(6)(A)(i) , may proceed immediately in court to enforce a FOIA request without
exhausting any administrative remedies.") Pollack at 119. 30 0351 FILED

EXHIBIT-41    FEB 2 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1 of 2

Inasmuch as this request for the "Letters of Appointment" is in the "public interest" in that, the public is entitled to know the functioning of its Government on a day-in-day-out basis, whereby the Requester will inform the public of such functioning by and through a press release and through communications with members of local, state, and federal legislators. Therefore, the Requester hereby requests that Respondent "waive all fees, costs, and/or charges."

Your effort and attention in this matter, is both, imperative and genuinely appreciated!


NOTICE TO THE AGENT IS NOTICE TO THE PRINCIPAL,
NOTICE TO THE PRINCIPAL IS NOTICE TO THE AGENT!


                              Sincerely,

                              _Michael Trupei  pro se_


                   VERIFICATION

Pursuant to 28 U.S.C. § 1746 of the United States Code I, Michael Trupei do hereby verify under penalty of perjury that this/my "FOIA" request for the "Letters of Appointment" is to the best of my knowledge, true and correct.


Done on: September 21st, 200 5        Signed: _Michael Trupei  pro se_


08 0351

FILED

FEB 27 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT-42

U.S. Department
of Transportation

**Southern Region**

P.O. **Box 20636**
Atlanta, Georgia **30320**

**Federal Aviation
Administration**

OCT 1 9 2005

CERTIFIED RETURN RECEIPT

Mr. Michael Trupei
R12743-004
FCC-Coleman Low Security Prisons
P.O. Box 1031
Coleman, Florida 33521-1031

FOIA No. 2005-007814(SO)

Dear Mr. Trupei:

This is in response to your Freedom of Information Act (FOIA) Request Number 2005-007814(SO), dated September 19, 2005. You requested "Letters of Appointment" on Theresa D. Dunn, General Attorney, Southern Region, Office of Assistant Chief Counsel, North Branch; Keith S. May, Supervisory General Attorney, Southern Region, Office of Assistant Chief Counsel, South Branch; Michael Clark, Special Agent Investigations Field Office, and Richard R. Buszek, Special Agent in the Civil Aviation Security Division Investigation Section.

After a search of the Official Personnel Files (OPFs) for Ms. Dunn and Mr. Buszek it has been determined that, there are no "Letters of Appointment" on the above individuals. "Letters of Appointment" are not required for the positions held by the individuals listed above and referenced in your request.

There is no record of a Mr. Michael Clark in the position of Special Agent Investigations Field Office at Miami, Florida. Mr. Keith S. May retired from the Federal Aviation Administration in July 2004. His Official Personnel File (OPF) has since been forwarded to the Federal Records Center. You may request the information by mailing a request to the National Personnel Records Center, Civilian Personnel Records, 111 Winnebago Street, St. Louis, MO 63118.

The undersigned and Q. Scott Brackett, Manager, Human Resource Management Division are responsible for this no records response. You may request reconsideration of this determination by writing to the Assistant Administrator for Regions and Center Operations, ARC-1, Federal Aviation Administration, 800 Independence Avenue, S.W., Washington, DC 20591. Your request must be made in writing within 30 days from the date of receipt of this letter and must include all information and arguments relied upon. Your letter must state that it

**EXHIBIT-42**

is an appeal from the above-described denial of a request made under FOIA. The envelope containing the appeal should be marked "FOIA."

Carolyn Blum
Regional Administrator

**EXHIBIT—42**