## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| **MICHAEL TRUPEI,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:08-cv-00351 (HHK)** |
| ) | |
| **UNITED STATES, et al.,** ) | |
| **Defendants.** ) | |
| _____ ) | |

## DEFENDANTS' MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Pursuant to Fed. R. Civ. P. 54(b), the United States, the Federal Aviation Administration, and Norman Mineta, in his official capacity as the Secretary of the United States Department of Transportation, Marion Blakely, Theressa Dunn, Keith May, Michael Clark and Richard Buszek (collectively "Defendants"), by and through undersigned counsel, respectfully move this Court to reconsider the Order entered February 29, 2008, granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* without prepayment of costs.

In support of this motion, Federal Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities and attachments thereto, and to the entire record in this case. A proposed Order consistent with the relief sought herein is attached.

Because plaintiff is a prisoner, appearing here *pro se*, Local Rule 7(m), which requires "counsel" to discuss non-dispositive motions with "opposing *counsel*" and nonprisoner pro se parties, does not apply to this motion.

June 9, 2008                    Respectfully submitted,

_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

   /s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

  /s/
_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 9th of June, 2008, the foregoing Motion to Reconsider the Court's February 29, 2008 Order granting Plaintiff's Motion for Leave to Proceed In Forma Pauperis, and Memorandum of Points and Authorities in Support Thereof was served on Plaintiff, <u>pro se</u>, by first class mail, postage prepaid, addressed as follows:

> Michael Trupei
> Reg. No. 12743-004
> McRae Correctional Institution
> Route 1, Box 6AA
> McRae, GA, 31055

> _/s/_____
> KENNETH ADEBONOJO
> Assistant United States Attorney
> 555 Fourth Street, N.W.
> Washington, D.C. 20530
> (202) 514-7157
> (202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| MICHAEL TRUPEI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-cv-00351 (HHK) |
| ) | |
| UNITED STATES, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
THEIR MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Pursuant to Fed. R. Civ. P. 54(b), the United States, the Federal Aviation Administration,

and Norman Mineta, in his official capacity as the Secretary of the United States Department of

Transportation (collectively "Defendants"), by and through undersigned counsel, respectfully

move this Court to reconsider the Court's Order dated February 29, 2008, granting Plaintiff's

Motion for Leave to Proceed *in forma pauperis* ("IFP") without prepayment of costs.

Michael Trupei, *pro se*, Register Number 12743-004 ("Plaintiff"), commenced this action

on February 27, 2008, by filing a complaint alleging various violations under the Federal Tort

Claims Act ("FTCA") and under Bivens v. Six Unknown Agents of Fed. Bur. of Narc., 403 U.S.

388 (1971), Docket Entry No. 1, and a Motion for Leave to Proceed IFP.  Docket Entry No. 2.

The Court granted Plaintiff's motion the following day.  Docket Entry No. 4.  Plaintiff's IFP

privilege should be revoked because he has incurred "three strikes" under the Prison Litigation

Reform Act ("PLRA") or, in the alternative, the Court may exercise its discretion to revoke

Plaintiff status for abuse of his IFP privilege.  Butler v. DOJ, 492 F.3d 440 (D.C. Cir. 2007).

For purposes of the three strikes rule, the PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff is a prisoner under 28 U.S.C. §1915(h) because he was convicted of conspiring both to possess phenylacetone with intent to distribute and to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846 and sentenced to 276 months imprisonment. United States v. Trupei, No. 89-6062 (S.D. Fl. 1990) (affirmed on appeal, United States v. Hogan, 986 F.2d 1364 (11th Cir. 1993)). The PLRA's "three strikes" rule provides that:[1]

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"In enacting the PLRA in 1996, Congress endeavored to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." In re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997) (citations and brackets omitted). Pursuant to this provision, if "a prisoner has filed, while incarcerated, three or more cases that have been dismissed for being frivolous or malicious or for failing to state a claim upon which relief could be granted, he may not proceed IFP, . . . and must therefore

---

[1]    This section is commonly referred to as the "three strikes" rule or provision. See, e.g., Thompson v. DEA, 492 F.3d 428, 431 (D.C. Cir. 2007).

pay the entire fee on filing" although "[a]n indigent prisoner otherwise subject to subsection (g) may nevertheless proceed IFP when he is 'under imminent danger of serious physical injury." Warren v. District of Columbia, 2008 U.S. App. Lexis *2 (D.C. Cir. 2008); Chandler v. D.C. Dep't of Corr., 145 F.3d 1355, 1357 (D.C. Cir. 1998).

This Circuit applies a slightly different, and perhaps narrower, definition of a "strike" for PLRA purposes than do other Circuits. Compare Thompson v. DEA, 492 F.3d 428, 440 (D.C. Cir. 2007) (holding that "[a]ppellate affirmances do not count as strikes unless the court expressly states that the appeal itself was frivolous, malicious or failed to state a claim") with Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) (holding in part that "[a]n appeal is frivolous when it lacks an arguable bases either in law or in fact, that a frivolous action advances inarguable legal conclusion[s] or fanciful factual allegation[s], and that the term frivolous refers to the ultimate merits of the case") (citing Neitzke v. Williams, 490 U.S. 319, 325 (1989) (internal quotations omitted)). Nevertheless, Plaintiff has at least three strikes under the PLRA even under this Circuit's definition of a "strike".

In the wake of responding to Plaintiff's Complaint, the undersigned discovered that Plaintiff has run afoul of the PLRA's three strikes rule. Plaintiff's complaint alleging some of the same claims as in the current action was dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B ). Trupei v. United States, Case No. 07-60216 (S.D. Fl. June 14, 2007) (affirmed and adopted by the Honorable Marcia G. Cooke, July 11, 2007)), Ex. A. In Trupei v. Scotti, Plaintiff brought a Freedom of Information Act claim against individual federal employees. Although he amended his complaint three times, Plaintiff failed to name the proper defendant and the court dismissed his complaint for failure to state a

3

claim. <u>Trupei v. Reno</u>, No. 95-7027, <u>Ex.</u> B. Dismissal of another action captioned <u>Trupei v.</u>
<u>USA</u>, No. 04-15282-F, was affirmed as "frivolous." <u>Ex.</u> C. Collectively, these decisions provide
bases for a finding that Plaintiff has accumulated at least three strikes for purposes of the PLRA,
and is therefore barred from bringing this action IFP, absent a showing of imminent danger of
serious physical injury. Plaintiff has made no such plea here.

   In addition to the above, a search of Nationwide PACER using Plaintiff's name, Michael
Trupei, returned 23 cases including three appeals. A review these cases indicates that most of
Plaintiff's filings are brought as FOIA actions. It is surmisable that many more of Plaintiff's
actions would have been dismissed for failure to state a claim but for the fact that FOIA actions
are typically disposed of on summary judgment. Accordingly, Defendants respectfully submit
that this Court should either find that Plaintiff has three strikes or alternatively should exercise its
discretionary authority to reconsider and revoke Plaintiff's IFP privileges. <u>See</u> <u>Butler v. DOJ</u>,
492 F.3d 440 (D.C. Cir. 2007). <u>Butler</u> contemplates the following standard in determining when
to exercise discretion to deny a prisoner IFP privileges:(1) whether the "number and content of
the litigant's filings constitute a pattern of frivolousness or harassment of either defendants or the
court;" (2) frequency of the filings; and (3) disposition of the filings. <u>Butler v. DOJ</u>, 492 F.3d at
445-46.

   Clearly, Plaintiff's actions are the type of excessive and frivolous litigation that the "three
strikes" policy was intended to address. Consistent with <u>Butler</u>, a finding that Plaintiff's has
abused his IFP privileges will: (1) advance comity between and among the various Circuits; (2)
ensure that perverse incentives for forum shopping and gamesmanship do not arise on the part of
prisoner-litigants who have been found to have three strikes in other Circuits but might hope for

a different result here; and (3) be consistent with the purpose underlying the three strike

provision - the reduction of frivolous prisoner litigation by making all prisoners seeking to bring

lawsuits or appeals feel the deterrent effect created by liability for filing fees.

Finally, Plaintiff has not submitted any evidence to support the notion that he is "under

imminent danger of serious physical injury" and thus deserving of IFP privileges.  See 28 U.S.C.

§ 1915(g).  Plaintiff claims that Defendants prejudiced him by failing to timely respond to his

FOIA requests, see, e.g., Docket Entry No. 1, pp. 5-6,  which clearly do not amount to any danger

of physical injury.  Consequently, due to his aforementioned prior dismissed civil actions and

appeals, Plaintiff should not be allowed to proceed without prepayment of costs.  See 28 U.S.C. §

1915(g).  Because Plaintiff is precisely the sort of litigious prisoner who the three strikes rule was

intended to address, his action should be dismissed unless he makes full payment of his filing

fees.

Upon the foregoing, Defendants respectfully request that this Court reconsider and

rescind its Order entered February 29, 2008, granting Plaintiff's Motion for Leave to Proceed *in

forma pauperis* without prepayment of costs.

June 9, 2008                                             Respectfully submitted,


                                                        _/s/_____
                                                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                        United States Attorney


                                                        _/s/_____
                                                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                        Assistant United States Attorney

_/s/_____

KENNETH ADEBONOJO
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)

6

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                          |   |
|--------------------------|---|
| **MICHAEL TRUPEI,**      | ) |
|    **Plaintiff,** | ) |
|                          | ) |
|      **v.** | ) |
|                          | ) |
| **UNITED STATES, et al.,** | ) |
|    **Defendants.** | ) |

Civil Action No. 1:08-cv-00351 (HHK)

_____

## ORDER

This matter comes before the Court on the Defendants' Motion to Reconsider Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. After considering the appropriate pleadings, the record herein, and applicable law, it is this ____ day of _____, 2008, hereby

    **ORDERED**, the Defendant's motion is hereby GRANTED; and it is

    **FURTHER ORDERED**, that Plaintiff's *in forma pauperis* status is hereby revoked and Plaintiff is required to pay the full filing for this action.

_____

HONORABLE HENRY H. KENNEDY, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60216-CIV-COOKE
MAGISTRATE JUDGE P. A. WHITE

MICHAEL TRUPEI,

      Plaintiff,

v.

UNITED STATES, et al.,

      Defendants.

:    REPORT OF
   MAGISTRATE JUDGE

## I.  Introduction

The plaintiff Michael Trupei, currently incarcerated at the McRae Correctional Institution in McRae, Georgia, has filed an amended pro se civil rights complaint for damages and other relief, pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), and the Federal Tort Claims Act ("FTCA"). [DE# 1]. This civil action was originally filed in the United States District Court for the District of Columbia and transferred to this Court. The plaintiff is proceeding in forma pauperis.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

## II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

*   *   *

(e)(2) Notwithstanding any filing fee, or
any portion thereof, that may have been paid,
the court shall dismiss the case at any time
if the court determines that –

\* \* \*

(B) the action or appeal –

\* \* \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which
relief may be granted; or

(iii) seeks monetary relief from a
defendant who is immune from such
relief.

The standard for determining whether a complaint states a
claim upon which relief may be granted is the same whether under 28
U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See
Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The
language of section 1915(e)(2)(B)(ii) tracks the language of
Federal Rule of Civil Procedure 12(b)(6)"). When reviewing
complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must
apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6),
and the Court must accept as true the factual allegations in the
complaint and all reasonable inferences that can be drawn
therefrom. In order to state a claim, a plaintiff must show that
conduct under color of state law, complained of in the civil rights
suit, violated the plaintiff's rights, privileges, or immunities
under the Constitution or laws of the United States. Arrington v.
Cobb County, 139 F.3d 865, 872 (11 Cir. 1998). An action is

2

considered "frivolous" if it is "without arguable merit either in law or fact." <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, the federal rules do require "a short and plain statement" of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. <u>See</u> Fed.R.Civ.P. 8(a); <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11 Cir. 2001), <u>cert. denied</u>, 534 U.S. 1129 (2002). While notice pleading does not require the complainant to allege a fact to cover every element of a claim, "it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Id.</u> (quotations and citations omitted). "<u>Pro se</u> pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." <u>Tannenbaum v. United States</u>, 148 F.3d 1262, 1263 (11 Cir. 1998).

The plaintiff names the following defendants:

1.    United States
2.    United States Department of Justice
3.    Drug Enforcement Administration
4.    United States Parole Commission
5.    City of Fort Lauderdale Police Department
6.    Dexter W. Lehtinen (Former United States Attorney)
7.    Robert J. Lehner (Assistant United States Attorney)

8.   James M. Lord  (Assistant United States Attorney)
9.   Mark J. Bumar (DEA Agent)
10.  Alfred J. Scotti (Fort Lauderdale Police Detective)
11.  Cherry L. McBrayer (United States Probation Officer)

The plaintiff alleges generally that the defendants conspired to enter an unlawful indictment in Case No. 89-6062-ZLOCH and the prosecutors went to a grand jury without the required appointments and authorization from superiors at the United States Department of Justice.  He also raises claims concerning the validity of his arrest and claims that the prosecutors withheld exculpatory evidence.  All of the plaintiff's claims raise challenges to the constitutionality of his arrest, trial, conviction and imprisonment.  He raises ten causes of action:

1.   The defendants acted to falsely arrest the plaintiff on or around June 6, 1989.

2.   The defendants acted to falsely imprison the plaintiff on or around June 6, 1989.

3.   The defendants withheld exculpatory evidence (Counts 3, 6, 7 and 10).

4.   The defendants committed fraud by providing false information to the grand jury in 1989.

5.   The defendants breached a contract with the plaintiff by engaging in malicious prosecution.

6.   The defendants were not authorized to appear before the grand jury or engage in a prosecution (Counts 8, 9).

The plaintiff is a federal prisoner, presently serving a 276-month sentence).  He was convicted in 1990 of conspiring both to

4

possess P-2-P with intent to distribute and to manufacture and distribute methamphetamine in the United States District Court for the Southern District of Florida, United States v. Trupei et. al, Case No. 89-6062-CR-JAG. His prosecution arose from an investigation undertaken by a federal task force, which included both federal and local law enforcement officers, and was entitled "Operation Birdman." The conviction was affirmed on appeal. U.S. v. Hogan, et al., 986 F.2d 1364 (11 Cir. 1993). The plaintiff has unsuccessfully pursued a notion to vacate. See Trupei v. Scotti, 205 F.3d 1354 (11 Cir. 1999).

Pretermitting the fact that many of the claims in this Complaint appear to be barred by the applicable statute of limitations, the plaintiff has raised no cognizable FTCA or Bivens claims.

## FTCA

The FTCA permits claims only against the United States, not against individuals and federal agencies. FDIC v. Meyer, 510 U.S. 471 (1994). The FTCA provides individual federal employees with immunity from personal tort liability. Whenever federal employees are alleged to have committed common law torts within the scope of their employment, the remedy under the Act is against the United States. See Federal Employee Liability Reform & Tort Compensation Act of 1988, 1988 Amendment to 28 U.S.C. §2679; H.Rep. 100-700, 100th Cong.2d Sess. 2, U.S. Code Cong. & Admin. News 1988, p. 5945; see also Newmand v. Soballe, 871 F.2d 969 (11 Cir. 1989).

Under the FTCA, the United States has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts or omissions of its agents who act within the scope of their employment. See 28 U.S.C. §1346(b). However, the FTCA contains specific exceptions retaining sovereign immunity for any claim arising out of assault, battery, false imprisonment, false

arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. 28 U.S.C. §2680(h); <u>Conard v. Evans</u>, 193 Fed. Appx. 945 (11 Cir. 2006); <u>Kelly v. Serna</u>, 87 F.3d 1235 (11 Cir. 1996).

To determine whether a claim is one "arising out of" any of these enumerated torts, the Court must focus on the conduct upon which the plaintiff's claim is based. "Even if a plaintiff styles a claim so that it is not one that is enumerated in section 2680(h), the plaintiff's claim is still barred 'when the underlying governmental conduct 'essential' to the plaintiff's claim can fairly be read to 'arise out of' conduct that would establish an excepted cause of action.'" <u>See</u> <u>McNeily v. United States</u>, 6 F.3d 343, 347 (5 Cir. 1993); <u>Garcia v. United States</u>, 776 F.2d 116, 118 (5 Cir. 1985).

All of the claims in the instant complaint are essentially claims of false imprisonment, false arrest, malicious prosecution, abuse of process, misrepresentation, deceit, or interference with contract rights, which all arise out of the torts specified in section 2680(h). Additionally, 28 U.S.C. §2680(a) exempts the Government from liability for exercising prosecutorial discretion. The decision to prosecute the plaintiff, the appointment of prosecutors, and whether to disclose exculpatory material are inextricably tied to a prosecutor's exercise of discretion. <u>See</u>, <u>e.g.</u>, <u>Moore v. Valder</u>, 65 F.3d 189, 197 (D.C.Cir. 1995), <u>rev'd on other grounds</u>, <u>Hartman v. Moore</u>, 547 U.S. 250 (2006) ("Deciding whether to prosecute, assessing a witness's credibility to ensure that he is giving an accurate and complete account of what he knows, identifying the evidence to submit to the grand jury and determining whether information is 'exculpatory' and 'material' and therefore must be disclosed pursuant to a <u>Brady</u> request are actions that require the prosecutor to exercise his professional judgment. They are therefore quintessentially discretionary."). The "discretionary function" exception protects the federal government

from liability for "any claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. §2680(a).

For the above reasons, the plaintiff's claims under the FTCA should be dismissed for lack of subject matter jurisdiction.

## Bivens Claims

Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution. "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981).

To the extent that the plaintiff alleges that he was falsely arrested and imprisoned, and all other claims arising out of his conviction and sentence, such as malicious prosecution and prosecutorial misconduct, he specifically attacks the legality of his conviction and sentence. As such, his claims are foreclosed under Heck v. Humphrey, 512 U.S. 477, 486-487 (1994), and its progeny. In Heck, the Supreme Court held that if a judgment in favor of a state prisoner seeking damages in a §1983 suit would

necessarily imply the invalidity of his or her conviction or sentence, the claim for damages is not cognizable under §1983 and the complaint must be dismissed, because the claim for damages will not exist unless and until the prisoner can demonstrate that the conviction or sentence has previously been reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. The <u>Heck</u> decision applies to <u>Bivens</u> claims.[1] <u>Abella v. Rubino</u>, 63 F.3d 1063, 1065 (11 Cir. 1995). <u>Heck</u> applies both to actions for money damages and to those, like this one, for injunctive relief. <u>Wilkinson v. Dotson</u>, 125 S.Ct. 1242 (2005).

## III.  <u>Recommendation</u>

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted; and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 14th day of June, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1]The Court recognizes that the claim against the Fort Lauderdale Police Officer is grounded on 42 U.S.C. §1983, not <u>Bivens</u>. The plaintiff states no constitutional claim against this defendant.

cc:  Michael Trupei, <u>Pro Se</u>
     No. 12743-004
     CI McRae Correctional Institution
     P.O. Drawer 30
     McRae, GA 31055

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**



FILED

NOV 1 0 1998

MICHAEL TRUPEI,

     PLAINTIFF,

v.                                       **CASE NO. 95-7027-C.V.-GONZALEZ**

JANET RENO, Attorney General,
<u>et. al.</u>

     DEFENDANTS.

---

**ORDER**

    **THIS CAUSE** has come before the Court upon Defendants' Motion

to Dismiss Federal Defendants, filed June 19, 1998.

    On November 4, 1996, United States Magistrate Judge, Frank J.

Lynch, Jr., issued a Report and Recommendation informing the Court

that Plaintiff should be entitled to amend his Complaint to include

any Federal agencies which he feels are in possession of records

which would be the subject of his FOIA action. This Court adopted

the Magistrates Order of November 4, 1996, and granted leave to

amend the Complaint.

    On May 1, 1998, Plaintiff filed his Third Amended Complaint

however, he failed to name any Federal agencies. Instead he listed

individuals and the City of Fort Lauderdale Police Department.

Thus, Defendants moved to Dismiss Plaintiff's Complaint pursuant to

Fed. R. Civ. P. 12(b) for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction.

An "Agency," for the purposes of the FOIA and Privacy Act, is defined at 5 U.S.C. §551(1) as "each authority of the Government of the United States..." with certain exclusions. Under FOIA and the Privacy Act, the only proper party Defendants are "Agencies." Individuals, officials and employees are not proper Defendants. *See* Petrus v. Bowen, 833 F.2d 581, 582-83 (5th Cir. 1987). The plain language of the act clearly states that only agencies may be sued. Friedman v. F.B.I., 605 F.Supp. 306, 317 (N.D.GA. 1981). Furthermore, State and local governments do not fall within the definition of "agency". St. Michael's Covalescent v. State of Cal., 643 F.2d 1369, 1373-74 (9th Cir. 1981.)

The Court notes that even after allowing Plaintiff to amend his Complaint for the third time, none of the Defendants named are proper Defendants under FOIA or the Privacy Act.

Accordingly, having reviewed the motion and the record, and being otherwise duly advised, it is hereby;

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Federal Defendants, filed June 19, 1998, is **GRANTED**. This case is **DISMISSED**. Defendants shall submit a proposed Final Order within twenty (20) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this

_____10TH_____ day of November, 1998.

JOSE A. GONZALEZ, JR
UNITED STATES DISTRICT JUDGE

cc: All counsel



Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

February 01, 2000

RE: 98-5801-BB    Trupei v. Scotti
DC DKT NO.: 95-07027 CV-JAG

TO:    Clarence Maddox

CC:    Michael Trupei #12743-004

CC:    Stephen Schlessinger

CC:    Administrative File



# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

February 01, 2000

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale  FL  33301

RE: 98-5801 -BB       Trupei v. Scotti
DC DKT NO.:  95-07027 CV-JAG



The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
Original record on appeal or review, consisting of one volume.

Please acknowledge receipt on the enclosed copy of this letter.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Lisa Hester (404) 335-6134

Encl.

MDT-1 (1-1999)

# United States Court of Appeals

## For the Eleventh Circuit



No. 98-5801
Non-Argument Calendar

District Court No. 95-07027-CV-*SAG*

**FILED**
COURT OF APPEALS
ELEVENTH CIRCUIT

DEC 2 9 1999

THOMAS K. KAHN
CLERK

MICHAEL TRUPEI,

Plaintiff-Appellant,

versus

AL SCOTTI, and in his official
capacity as detective,
FORT LAUDERDALE, THE CITY OF,
Police Department, et al.,

Defendants-Appellees.

------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

------------------------------------

Before BLACK, HULL and MARCUS, Circuit Judges.

J U D G M E N T

This cause came to be heard on the transcript of the record
from the United States District Court for the Southern District of
Florida, and was taken under submission by the Court upon the
record and briefs on file, pursuant to Eleventh Circuit Rule 34-3;

UPON CONSIDERATION WHEREOF, it is now hereby ordered and
adjudged by this Court that the judgment of the said District Court
in this cause be and the same is hereby AFFIRMED.

Entered: December 29, 1999
For the Court: Thomas K. Kahn, Clerk

By: _____
Deputy Clerk

ISSUED AS MANDATE: FEB 0 1 2000

**[DO NOT PUBLISH]**

## IN THE UNITED STATES COURT OF APPEALS

### FOR THE ELEVENTH CIRCUIT



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

DEC 29 1999

THOMAS K. KAHN
CLERK

No. 98-5801
Non-Argument Calendar

D.C. Docket No. 95-07027-CV-JAG

MICHAEL TRUPEI,

Plaintiff-Appellant,

versus

AL SCOTTI, and in his official
capacity as detective,
FORT LAUDERDALE, THE CITY OF,
Police Department, et al.,

Defendants-Appellees.

Appeal from the United States District Court for the
Southern District of Florida

(December 29, 1999)

Before BLACK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Michael Trupei appeals the district court's dismissal of his complaint

brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a),

and the Privacy Act, 5 U.S.C. § 552a.

On appeal, Trupei argues that the district court erred when it dismissed his complaint finding that it was asserted against improper defendants. He contends that FOIA and Privacy Act claims may be brought against employees and officers of a federal agency.

Because the dismissal of Trupei's complaint involved statutory interpretation, we review the district court's order of dismissal <u>de novo</u>. <u>Gonzalez v. McNary</u>, 980 F.2d 1418, 1419 (11th Cir. 1993).

We have reviewed all pleadings, motions, the magistrate's report and recommendation, and the district court's ruling in the record. Upon consideration of these documents and the briefs of the parties, we find no reversible error.

We conclude that because the plain language of FOIA and the Privacy Act indicates that only a federal agency may be sued under these statutes, the district court properly dismissed this action because no federal agency was named as a defendant.

**AFFIRMED.**

A True Copy - Attested
Clerk, U.S. Court of Appeals
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT



No. 04-15282-F

S:02CV389-OC-10GRS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

FEB 2 4 2005

THOMAS K. KAHN
CLERK

MICHAEL TRUPEI,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

FILED

Appeal from the United States District Court for the
Middle District of Florida

Before ANDERSON, HULL and PRYOR, Circuit Judges.

BY THE COURT:

Appellant has filed a motion for reconsideration of this Court's order dated December 21,

2004, denying leave to proceed. Upon reconsideration, appellant's motion for leave to proceed is

DENIED and the appeal is DISMISSED because it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i);

Fed.R.Civ.P. 56(c). This Court already has reviewed the evidence and ruled that there are no

non-frivolous issues for appeal regarding the district court's summary judgment ruling. Moreover,

the consent form that appellant signed does not obligate this Court to grant him leave to proceed,

particularly based on language that appellant unilaterally added to the form.

A True Copy - Attested:
Clerk, U. S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

SCANNED

# United States Court of Appeals

### Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

February 24, 2005

Sheryl L. Loesch
Clerk, U.S. District Court
207 N.W. 2nd Street
Room 337
Ocala  FL  34475

**Appeal Number: 04-15282-F**
Case Style: Michael Trupei v. U.S. Dept. of Justice
District Court Number: 02-00389 CV-OC-10-GRJ

The enclosed certified copy of this Court's Order of Dismissal is issued as the mandate of this court.

Also enclosed is the record on appeal, which consists of:
one volume of original papers.

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Mildred Norwood (404) 335-6185

Encl.

DIS-4  (3-2003)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL TRUPEI,

        Plaintiff,

v.

                                      Case No.  5:02-cv-389-Oc-10GRJ

UNITED STATES OF AMERICA,[1]

        Defendant.

## ORDER GRANTING SUMMARY JUDGMENT

      Plaintiff initiated this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq. In the Complaint, Plaintiff alleges negligence on the part of employees of the Federal Bureau of Prisons (BOP) at the Coleman Federal Correctional Complex (FCC Coleman) which resulted in the loss or damage of Plaintiff's personal property. The Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment on October 28, 2003.[2] (Doc. 15.) Plaintiff filed a reply to the Defendant's motion on February 27, 2004(Doc. 32), and this case is ripe for review.

---

[1] Plaintiff originally initiated this action against the United States Department of Justice. However, as the Defendant correctly pointed out in its motion to dismiss, the United States Department of Justice is not the proper defendant in a case filed pursuant to the Federal Tort Claims Act. See 28 U.S.C. § 2679; Walker v. United States, 471 F.Supp. 38 (11th Cir. 1978). Plaintiff later conceded this fact and requested permission to substitute the United States as the proper defendant. (Doc. 28.) Because the Defendant did not object to the motion, and because the Court found that the United States would not be prejudiced by the granting of the motion, the United States was substituted as the Defendant in this case on March 16, 2004. See Doc. 33.

[2] Because the Defendant's motion is supported by affidavits and other documents, the Court will construe the motion as a motion for summary judgment. Further, the Court notes that Plaintiff was twice advised of the consequences of failing to appropriately respond to a motion for summary judgment. See Doc. 12 and Doc. 23

## Federal Tort Claims Act

The FTCA waives the federal governments' traditional immunity from suit for claims based on the negligence of its employees. However, the FTCA is a limited waiver of sovereign immunity and applies only in instances in which a private individual would be liable under the same circumstances.[3] Therefore, because the conduct giving rise to this case occurred in the state of Florida, the substantive law of Florida governs.[4] "To succeed on a negligence claim in Florida, Plaintiff must 'show that the defendant owed a duty of care to the Plaintiff, that defendant breached the duty, that the breach caused plaintiffs' injury, and that damages are owed.'"[5]

## Plaintiff's Complaint

On September 27, 2001, Plaintiff was placed in the Special Housing Unit (SHU) at FCC Coleman for allegedly threatening a BOP employee.[6] Shortly thereafter, Plaintiff's personal property was removed from his cell by the day shift officer Ms. Ward. Plaintiffs' property was later inventoried and packed in a duffel bag for transport to the SHU property room. Once the duffel bag was received in the

---

[3] 28 U.S.C. § 2674.

[4] 28 U.S.C. § 1346(b)(1).

[5] Miles v. Naval Aviation Museum Foundation, Inc., 289 F.3d 715, 722 (11th Cir. 2002) (quoting Ewing v. Sellinger, 758 So.2d 1196, 1197 (Fla.Dist.Ct.App. 2000)).

[6] Those charges were dropped on October 4, 2001.

SHU property room, a partial inventory was done by the property Officer, Mr. Goff.[7] This inventory was completed in the presence of the Plaintiff so that he could verify that all of his personal property had been collected from his cell. At the inventory, Plaintiff noticed several items of personal property missing,[8] however, only three items were recorded missing on the inventory property record.[9]

On November 15, 2001, Plaintiff was released from confinement and returned to the general population. Upon his return to general population, Plaintiff began searching for his missing property. During this search, Plaintiff was informed by other inmates that Officer Ward had left Plaintiff's property unsecured and unattended prior to taking the property to a secure area for inventorying. Plaintiff was also told that during the time his property was unattended, other inmates were seen darting in and out of his cell.

In addition, Plaintiff alleges that much of his property in the form of books and legal papers, was not returned to him for several months after his release back into the general population. When those item were eventually returned, Plaintiff asserts that the items were water damaged. Plaintiff asserts that some of the water damage

---

[7] The inventory was partial in the sense that plaintiff alleges that Officer Goff failed to itemize all of the property contained within the duffel bag, and failed to record all the property that was missing.

[8] Plaintiff alleges that the following property was missing: (1) one pair Koss headphones; (2) one pair sweat shorts; (3) one pair Balorama sunglasses; (4) one document file; (5) one cereal bowl with lid; (6) one pair heavy duty socks; (7) one pair cotton socks; (8) one pair cotton socks; (9) two acrylic mirrors; (10) one paper back book titled "The Art of Cross Examination;" (11) one historic/pictorial book title "WAFFEN-SS;" (12) one cardboard box full of legal documents; and, (13) a collection of personal letters.

[9] See Complaint at Ex. 1A, a copy of an Inmate Personal Property Record dated October 16, 2001, and signed by Plaintiff and Officer Goff. The record lists as missing, one pair of Koss headphones, one gallon jug, and one cap.

3

was so severe that the items had to be discarded.

Accordingly, Plaintiff seeks compensation for the negligent handling of his property, punitive damages for the negligent handling and detention of his property, the costs and expenses for litigating this suit, and an injunction protecting Plaintiff from any retaliatory action that might result from the filing of this suit.

## Defendant's Motion for Summary Judgment

Initially, the Defendant correctly states that to the extent the Plaintiff seeks punitive damages, a right to a jury trial, and injunctive relief, those claims are not available under the FTCA.[10]  As to the merits of the Plaintiff's underlying claim of negligence, the Defendant argues that the duty owed to a federal prisoner by the federal government is one of reasonable care.[11]  Moreover, pursuant BOP Program Statement 5580.06, each inmate is responsible for  the  security of his or her own personal  property.[12]  To the extent that the Defendant owes an inmate any further duty with regard to the safekeeping of his personal, PS 5580.06 contains a provision that requires each institution to establish its own local procedures for managing and storing an inmate's personal property.[13]  When an inmate is placed in the SHU, FCC

---

[10] Defendant's Motion for Summary Judgment (Doc. 15) at 4-5 (citing 28 U.S.C. § 2674, which prohibits punitive damages in FTCA cases; 28 U.S.C. § 2402, which states that there is no right to a jury trial in cases under the FTCA; 28 U.S.C. §1346(b), which states that injunctive relief is not available under the FTCA).

[11] See 28 U.S.C. §§ 2671-2680; see also Mesa v. United States, 123 F.3d 1435, 1437 (11th Cir. 1997).

[12] PS 5880.06, page 3, paragraph 7.b, stating that each inmate will be provided with a securable area (i.e. a cell locker) in which he is responsible for securing his own personal property.

[13] P.S. 5880.06, page 19.

Coleman's local Institutional Supplement, COC 5580.06A, states:

> An inmate placed in the Special Housing Unit (SHU) will
> have his property inventoried by a Correctional Officer or
> other designated staff, upon notification, using the . . .
> Inmate Personal Property Record. . . . The property will be
> brought to the (SHU) officer and stored in the SHU
> property room until the inmate is returned to the general
> population.[14]

Therefore, the Defendant asserts that it fulfilled any duty owed to the Plaintiff

in this case, that the Plaintiff has alleged no facts which would show that any BOP

employee breached the duty of ordinary or reasonable care, or that even if they did,

Plaintiff failed to show he suffered any loss because of it.

### **Summary Judgment Standard**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate

"if the pleadings, depositions, answers to interrogatories and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that the moving party is entitled to a judgment as a matter of law."

Fed.R.Civ.P. 56(c).   A genuine issue of material fact exists where the evidence is

such that a reasonable jury could return a verdict for the nonmoving party.[15]

In applying the standard for summary judgment, the Court must review all the

evidence "in  the light most favorable to the nonmoving  party."[16]  The  Court must

---

[14] Defendant's Motion for Summary Judgment (Doc. 15) at 8.

[15] See Anderson v. Liberty Lobby, 477 U.S. 242, 248 106 S.Ct. 2505, 2510 (1986).

[16] Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

5

avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist.[17] If the party who has the burden of proof at trial fails to establish even one essential element of the case, "there can be no genuine issue as to any material fact" because the failure to establish one essential element "renders all other facts immaterial."[18] The nonmoving party must go "beyond the pleadings, [and show] that there exist genuine issues of material fact."[19]

## Discussion

A review of the file discloses that the following facts are not in dispute:

(1) Plaintiff was placed in the SHU on September 27, 2001;

(2) Shortly thereafter, Officer Ward collected Plaintiff's personal property from his cell;

(3) Plaintiffs' personal property was at some point secured in the Unit Officer's office prior to transport to the SHU property room;

(4) An inventory of Plaintiff's property was done in his presence by Officer Goff, the SHU property officer;

(5) At that time, Plaintiff alleged that some items were missing from his property and there are three items noted as missing on the property form;

---

[17] <u>Anderson</u> at 249.

[18] <u>Id</u>.

[19] <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56 (1986).

6

(6) Some of Plaintiff's books and papers were confiscated;

(7) Plaintiff signed the property form verifying that his property was otherwise accounted for;

(8) All of Plaintiff's property remained in the SHU property room until Plaintiff's release from confinement;

(9) When Plaintiff was released from confinement, his authorized property was returned to him and Plaintiff again certified the accuracy of the inventory form; and,

(10) Plaintiffs' confiscated property was returned to him on March 20, 2002.

Therefore, the only issue before the Court is whether the Plaintiff has sufficiently established that the Defendant was negligent in handling and detaining his personal property after Plaintiff was placed in the SHU. In particular, Plaintiff asserts that Officer Ward negligently handled the collection of his personal property from his cell, that Officer Goff failed to properly record Plaintiff's missing property on the Inmate Property Form, and that Plaintiff's confiscated property was returned from storage in a damaged condition.

<u>Negligent Handling</u>

As to Plaintiff's claim that Officer Ward negligently left his property unsecured, and that such action allowed Plaintiff's property to be stolen by other inmates, Plaintiff's allegations are nothing but mere supposition.

In Officer Ward's declaration in support of the Defendant's motion for summary judgment (Doc. 17), Officer Ward certifies that she was not on duty when

7

Plaintiff was placed in the SHU and did not know of Plaintiff's placement there until she was informed by a newly assigned inmate that Plaintiff's personal property was still in his cell. Officer Ward immediately went to the cell and found huge amounts of Plaintiff's legal and personal papers laying unsecured about the cell. Moreover, although Officer Ward observed a few of Plaintiff's personal hygiene items laying around, Plaintiff's other personal property was securely held in his padlocked storage locker. Officer Ward immediately placed all the items determined as belonging to Plaintiff in a plastic bag labeled with Plaintiff's name and register number. Officer Ward then secured those bags in the Unit Officer's office until they could be inventoried by the evening watch officer. Based on her sworn account of the events, once Officer Ward was informed that Plaintiff was in the SHU and that his personal property needed to be inventoried and stored, Officer Ward took immediate action to secure Plaintiff's property and at no time did she leave Plaintiff's personal property unattended.[20]

Plaintiff, on the other hand, has no personal knowledge of the events that occurred in the securing of his personal property after his placement in the SHU. Instead, Plaintiff relies solely on information provided to him by other inmates, weeks

---

[20] See also Declaration of James Bauder (Doc. 18) (Certifying that he was the night watch officer on the date that Plaintiff's personal property was secured and that he inventoried Plaintiff's property prior to transport to the SHU property room. Mr. Bauder certifies that it is standard procedure to secure an inmate's personal property in the Unit Officer's office immediately after said property is removed from the Plaintiff's cell.); Declaration of Clint Crosby (Doc. 19) (Certifying that he removed all of Plaintiff's personal property from the secured Unit Office on September 29, 2001, and transported it directly to the SHU property room.)

8

after the events occurred. Plaintiff has offered no affidavits or declarations from those inmates to contradict Officer Ward's sworn statement. In addition, the Court notes that Plaintiff has not provided any evidence that he even owned the missing items. Accordingly, assuming that the Defendant owed Plaintiff a duty to safeguard his property in these circumstances, Plaintiff has failed to show that the Defendant breached such a duty, and even if it did, Plaintiff has failed to show any actual loss or damage, or that the Defendant proximately caused any loss or damage. Therefore, Plaintiff has failed to establish that the Defendant was negligent in this instance, and the Defendant is entitled to judgment as a matter of law.

### Negligent Inventory

As to Plaintiff's claim that Officer Goff failed to properly inventory Plaintiff's personal property, Plaintiff's allegations are clearly refuted by the record. In Officer Goff's declaration in support of the Defendant's motion for summary judgment (Doc. 20), Officer Goff certifies that he was working as the SHU property officer on the date Plaintiff's personal property was inventoried. Officer Goff states that it was his responsibility to receive, store, review, and return, authorized property to inmates in the SHU. As a part of those duties, Officer Goff reviews an inmate's personal property with him and files the appropriate inventory forms. Any items that are missing or damaged are noted on the form and any unauthorized items are confiscated and stored.

On the date Plaintiff's property was inventoried in the SHU property room,

9

Officer Goff reviewed Plaintiff's personal property with him and noted three missing items on the property form, a Koss headphone, a gallon jug, and a cap. Officer Goff states that these were the only items Plaintiff reported missing. Moreover, Officer Goff states that after reviewing his personal property, Plaintiff certified that the inventory was accurate by affixing his signature to the form.[21] Officer Goff also states that he confiscated some of Plaintiff's legal documents, personal documents, and books, because Plaintiff exceeded the amounts authorized by policy. On the date that Plaintiff was released from confinement, Plaintiff's personal property was again inventoried in his presence, and except for the three items noted on the form, Plaintiff again verified that all of his personal property was present. After Plaintiff's release from confinement, his confiscated property was retained in the SHU property room until March 20, 2002.[22]

The record clearly shows that on two separate occasions, Plaintiff's personal property was inventoried in his presence. Both times, Plaintiff certified that all of his personal property was accounted for, with the exception of the Koss headphones, the gallon jug, and the cap.[23] In addition, by signing the form, Plaintiff certified the accuracy of the report and expressly relinquished his claim to any property not listed

---

[21] See Defendant's Motion for Summary Judgment (Doc. 15) at Ex. D, Inmate Property Form.

[22] See also Declaration of Rene Viera. (Doc. 21.)

[23] Interestingly, Plaintiff does not allege the loss of a gallon jug or a cap in these proceedings.

on the form or noted as missing.[24]  Accordingly, Plaintiff's claim that Officer Goff negligently inventoried Plaintiff's personal property is clearly refuted by the record and the Defendant is entitled to judgment as a matter of law.[25]

<u>Negligent Detention</u>

Finally, with regard to the Plaintiff's claim that his property was negligently detained, Plaintiff has failed to provide a single piece of evidence to support this claim.  In fact, Plaintiff has not even established that any of his property was actually damaged, let alone, that the Defendant was responsible.  Plaintiff has provided no affidavits, no declarations, nor any examples of the damaged property.  The Defendant, on the other hand, has filed three declarations certifying that Plaintiff's property was in good condition at the time it was returned to him, and that the property room sustained no water intake or water damage during the time in which Plaintiff's property was stored there.[26]  Accordingly, the Plaintiff has failed to show that his property sustained any damage during its detention, or that even if it had, that the Defendant was responsible for such damage.  Thus, the Defendant is

---

[24] Doc. 15 at Ex. D, "[t]he inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory."

[25] The Court notes that in his Opposition to the Defendant's Motion to Dismiss, Plaintiff asserts that he was coerced into signing the property form at the time his property was first inventoried because he was handcuffed and because he was afraid that his refusal would prolong his stay in the SHU.  Doc. 32 at 6.  However, Plaintiff does not state any basis for these fears, such as an actual threat or evidence of similar past behavior.  In addition, Plaintiff's fears at the time of the original inventory do not explain the fact that he again certified the accuracy of the inventory at the time of his release.

[26] <u>See</u> Declaration of John Goff (Doc. 20), Declaration of Rene Viera (Doc. 21), and Declaration of Ken Pike (Doc. 22).

entitled to judgment as a matter of law.

## Conclusion

For the reasons set forth in this Order, the Defendant's Motion for Summary Judgment (Doc. 15) is **GRANTED**. The Clerk is directed to enter judgment for the Defendant and against the Plaintiff. In addition, the Clerk is directed to terminate any pending motions and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 9th day of August 2004.

UNITED STATES DISTRICT JUDGE

c:  Michael Trupei
    Counsel of Record

12