UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| MICHAEL TRUPEI, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Civil Action No. 1:08-cv-00351 (HHK) |
| ) | |
| UNITED STATES, et al., ) | |
|     Defendants. ) | |

**MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS'
MOTION TO RECONSIDER PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**

Pursuant to Fed. R. Civ. P. 54(b), the United States, the Federal Aviation Administration, and Norman Mineta, in his official capacity as the Secretary of the United States Department of Transportation, Marion Blakely, Theressa Dunn, Keith May, Michael Clark and Richard Buszek (collectively "Defendants"), by and through undersigned counsel, respectfully move this Court to stay this matter pending the resolution of Defendants' Motion for Reconsideration of Plaintiff's *in forma pauperis* ("IFP") status because Plaintiff has filed at least three prior suits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Accordingly, Plaintiff is not entitled to IFP status under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915, and unless his IFP status is reaffirmed or he pays the required filing fee this matter should not proceed with dispositive briefing.

**STATEMENT OF FACTS**

Michael Trupei, *pro se*, Register Number 12743-004 ("Plaintiff"), commenced this action on February 27, 2008, by filing a complaint alleging various violations under the Federal Tort Claims Act ("FTCA") and under *Bivens v. Six Unknown Agents of Fed. Bur. of Narc.*, 403 U.S.

388 (1971), Docket Entry No. 1, and a Motion for Leave to Proceed *IFP*. Docket Entry No. 2. The Court granted Plaintiff's motion the following day. Docket Entry No. 4. Defendants argue in their Motion for Reconsideration, submitted simultaneously herewith, that Plaintiff has accumulated least three strikes under the PLRA or that the Court should exercise its discretion to revoke Plaintiff's IFP status pursuant to *Butler v. DOJ*, 492 F.3d 440 (D.C. Cir. 2007).

### ARGUMENT

To reduce the number of meritless claims filed by inmates, Congress established new standards for the grant of *in forma pauperis* status through the enactment of the PLRA. *Chandler v. D.C. Dept. of Corrections*, 145 F.3d 1355, 1357 (D.C. Cir. 1998). The PLRA provides that an inmate who qualifies for *in forma pauperis* status is required to pay an initial partial filing fee and then the balance of the entire filing fee in monthly installments. *See* 28 U.S.C. § 1915(b); *Chandler*, 145 F.3d at 1357. However, absent imminent danger of serious physical harm,[1] an inmate may not proceed *in forma pauperis* if the inmate has filed at least three prior cases while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim (commonly referred to as the "three strikes"). *See* 28 U.S.C. § 1915(g); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999); *Chandler*, 145 F.3d at 1357. If an inmate is denied *in forma pauperis* status and fails to pay the full filing fee, the case should be dismissed. *Smith*, 182 F.3d at 30.

---

[1] An inmate faces "imminent danger" when a "threat or prison condition is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Imminent danger is measured at the time the complaint or appeal is filed or when the motion to proceed *in forma pauperis* is made. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-14 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

Cases dismissed by courts prior to the effective date of the PLRA count as "strikes" under § 1915(g). *Ibrahim*, 208 F. 3d at 1036. Moreover, a dismissal on the merits by a district court is considered one strike and an appeal of the case that is likewise dismissed counts as a second strike. 28 U.S.C. § 1915(g); *Kalinowski v. Bond*, 358 F. 3d 978, 978 (7th Cir. 2004); *Thompson v. Gibson*, 289 F.3d 1218, 1222-23 (10th Cir. 2002); *Adepegba v. Hammons*, 103 F. 3d 383, 388 (5th Cir. 1996). However, properly filed habeas petitions normally are not considered strikes under the PLRA. *Blair-Bey v. Quick*, 151 F.3d 1036, 1040-42 (D.C. Cir. 1998).

"Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders to dismiss and, if so whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998). A Court may survey the dismissed lawsuits filed by the inmate to identify at least three that were dismissed as frivolous, malicious, or for failure to state a claim. *Judd v. Furgeson*, 239 F. Supp. 2d 442, 443, n.1 (D. N.J. 2002) (frequent inmate litigator had filed over 200 suits in federal courts; court identified more than a dozen dismissed at the outset as frivolous). The functional equivalent of a dismissal for failure to state a claim or for frivolousness is counted as a strike. *Rivera*,144 F.3 at 731 (dismissal upon screening under *Heck* doctrine was equivalent to failure to state claim; dismissal for abuse of process counts as strike even though the court did not use the words "frivolous" or malicious").

In light of the forgoing legal mandates and the fact that Plaintiff has accumulated three strikes under PLRA or has abused his IFP privileges pursuant to *Butler*, Defendants respectfully request that briefing on the merits of dispositive issues be stayed pending resolution of Plaintiff's

IFP status.  In addition, staying this action is apropos in order to ensure that the Court and Defendants are not unduly burdened by meritless litigation.

June 9, 2008                                        Respectfully submitted,

                                                        /s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

             /s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

             /s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MICHAEL TRUPEI,** )<br>Plaintiff, )<br>)<br>v. )<br>)<br>**UNITED STATES, et al.,** )<br>Defendants. )<br>) | Civil Action No. 1:08-cv-00351 (HHK) |

## ORDER

UPON CONSIDERATION of Defendants' Motion To Stay and the entire record herein, it is hereby

ORDERED that Defendants' motion to stay is GRANTED and dispositive briefing in this matter is stayed until either Plaintiff's IFP status is reaffirmed or he pays the required filing fee.

ORDERED that if Defendants' motion is DENIED, Defendants shall have until thirty days from the date of this ruling to file a response to Plaintiff's complaint.

_____                    _____
DATE                                    HON. HENRY H. KENNEDY, U.S.D.J.

Copies to:

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530

Michael Trupei
Reg. No. 12743-004
McRae Correctional Institution
Route 1, Box 6AA
McRae, GA, 31055

## **CERTIFICATE OF SERVICE**

I certify that on this 9th day of June, 2008, I caused the foregoing Defendants' Motion to Stay to be served on Plaintiff via first-class mail postage prepaid to:

Michael Trupei
Reg. No. 12743-004
McRae Correctional Institution
Route 1, Box 6AA
McRae, GA, 31055

_/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)