UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MICHAEL TRUPEI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:08-cv-00351 (HHK) |
| UNITED STATES, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION OF ORDER GRANTING
PLAINTIFF *IN FORMA PAUPERIS* STATUS**

The United States Federal Aviation Administration, Norman Mineta, Marion Blakely, Keith S. May, Theressa D. Dunn, Michael Clark and Richard Buszek[1] ("Defendants") respectfully submit this memorandum of law in reply to Plaintiff's opposition to their Motion for Reconsideration of the order granting Plaintiff's *in forma pauperis* status (*IFP*). In their Motion for Reconsideration, Defendants argued that Plaintiff's *IFP* status should be revoked because he has accumulated three strikes under the Prison Litigation Reform Act ("PLRA") or that Plaintiff's record of abusive filings is sufficient basis for the Court to exercise discretion to revoke Plaintiff's IFP status. Plaintiff properly challenges one of the three strikes Defendants rely on by producing an Eleventh Circuit order finding his appeal not frivolous. Nevertheless, Defendants contend that Plaintiff has incurred three strikes or, in the alternative, that there are sufficient grounds for the Court to exercise discretion to revoke Plaintiff's *IFP* status.

---

[1] By way of this motion for reconsideration, the individual federal defendants submit that they have not waived any defense or defenses available to them under Fed. R. Civ. P. 12 or otherwise, including immunity from suit.

In their Motion for Reconsideration, Defendants respectfully directed the Court's attention to three cases where Plaintiff's complaints were dismissed for failure to state a claim or as frivolous and one case that should constitute a strike because Plaintiff belligerently refused to amend his complaint to name proper defendants even after the court gave him three opportunities to do so.  Def's Motion for Reconsideration, *Ex*. B ("Defs' MFR").  In his opposition, Plaintiff submits evidence showing that one of his strikes has been overturned on appeal but concedes the two others because he does not challenge them.  Docket Entry 15.  Nevertheless, Defendants maintain that the remaining two cases constitute three strikes because, in one of the cases, the Circuit affirmed dismissal as frivolous.  In any event, Defendants request that Plaintiff's IFP status be revoked either because he has incurred three strikes or for his pattern of abusive filings, which the PLRA also proscribes.

In the action that constitutes two strikes, Plaintiff brought an action under the Federal Tort Claims Act ("FTCA"), alleging that certain correctional officers at FCI Coleman had negligently inventoried, handled and retained Plaintiff's belongings.  *Trupei v. United States*, 02-389, attached to Defs' MFR, *Ex*. C.  The court granted defendant's motion for summary judgment because the undisputed facts showed, for example, that Plaintiff was present when his belongings were inventoried and even certified that only three personal items were missing.  *Id*.  Despite this admission, Plaintiff filed an appeal and sought to proceed *IFP*.  The court denied Plaintiff's motion to proceed *IFP* because the court found that the "appeal was not taken in good faith under Rule 24(a) of the Federal Rules of Appellate Procedure." *Id*., attached hereto as *Exs*.

A and B are the court's denial and docket sheet respectively. *See also* 28 U.S.C. 1915(a)(3).[2] The Eleventh Circuit affirmed. On his Motion for Reconsideration, the Eleventh Circuit dismissed Plaintiff's appeal as "frivolous. *See* 28 U.S.C. §1915(e)(2)(B)(i)." Hence, Defendants contend that this action should constitute two strikes because the district court noted that Plaintiff did not take the appeal in good faith and the Eleventh Circuit affirmed as "frivolous." *Thompson*, *supra*, 492 F.3d at 436 (noting that a circuit dismissal as frivolous counts as a strike).

In the other action, which he does not challenge, Plaintiff brought a Freedom of Information Act ("FOIA") action against certain individuals. *Trupei v. Scotti*, 95-7027, attached to Defs' MFR, *Ex*. B. During the pendency of that action, Plaintiff was given three separate opportunities to amend his complaint to name proper defendants under FOIA but he did not in a manner that appeared to be a deliberate attempt to ignore the law and the court. *Id*. Accordingly, Defendants filed a Motion to Dismiss Plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), which the court granted. Plaintiff appealed on the grounds that "the district court erred when it dismissed his complaint finding that it was asserted against improper defendants." *Id*. The Eleventh Circuit affirmed based on the plain language of FOIA. *Id*. This action should constitute Plaintiff's third strike because of his flagrant disregard for the court's admonition to amend his complaint or serve as a basis for the Court to exercise its discretion to revoke Plaintiff's *IFP* status. *Irwin v. United States Dist. Court Clerk*, 2005 U.S. Dist. Lexis 27040, *2 (D. Ariz. 2005) (noting that if an inmate fails to file an amended complaint correcting the deficiencies identified by the court the dismissal of the action could count as a "strike").

---

[2] 28 U.S.C. 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The action Plaintiff properly challenges exemplifies the abusive nature of his filings. From a review of the twenty-three actions attributed to Plaintiff on Nationwide PACER, it appears that, as part of his strategy to collaterally attack his conviction and other enforcement actions against him, Plaintiff files actions like the instant matter alleging that government actions against him were invalid because government actors were not proper agents of the government since they were not properly sworn in or appointed etc.[3] It appears that Plaintiff files baseless FOIA actions in order to obtain personnel information about these government employees,[4] then

---

[3]   Plaintiff is currently serving 276 months and ten years of supervised release for a conviction for conspiracy to possess a controlled substance with intent to distribute and conspiracy to manufacture a controlled dangerous substance with intent to distribute. *United States v. Trupei*, 986 F.2d 1364 (11th Cir 1993). Plaintiff was previously convicted for possession with intent to distribute cocaine and conspiracy to possess with intent to distribute cocaine. *United States v. Trupei*, 741 F.2d 363 (11th Cir. 1984). The instant matter is an action against the individuals involved in the FAA's enforcement action against Plaintiff.

[4]   Some of the FOIA actions Plaintiff filed in this futile exercise are: *Trupei v. Huff*, 96-2850 (GK), 1998 U.S. Dist. Lexis 308 (D.D.C. 1998)(in granting defendant's motion for summary judgment Judge Kessler noted that Plaintiff appeared to be seeking *Brady* material that is not covered under FOIA and rejected Plaintiff's "frivolous" arguments such as Plaintiff's investigation and trial were civil and not criminal because the drug laws are not included in Title 28); *Trupei v. DOJ et al.*, 01-301 (JR), Docket Entry 17 (granting defendants motion for summary judgment where plaintiff sought "copies of the letter of appointment, appointment affidavit, and oath of office...of Lehtinen" because Plaintiff's mere speculation that additional documents existed did not withstand defendants' motion.); *Trupei v. DOJ et al.*, 01-827 (JR), Docket Entry 24 (granting defendants' motion for summary judgment in Plaintiff's FOIA action for appointment records for the Assistant United States Attorneys who prosecuted him despite Plaintiff's speculation that additional documents should exist); *Trupei v. DOJ et al.*, 02-0333, Docket Entry 33, (granting defendants' motion for summary judgment on Plaintiff's FOIA action, seeking "letters of authorization" for certain DOJ attorneys); *Trupei v. DEA et al.*, 04-1481 (EGS), Docket Entry 25 (granting partial summary judgment where Plaintiff sought "oaths of office and officer affidavits" for Bumar and Scotti (not a DEA agent)); *Trupei v. United States Department of Navy*, 06-978 (PLF), Docket Entry 19 (granting defendant's motion for summary judgment on Plaintiff's FOIA action seeking "'oath of office' and 'appointment affidavits' for Special Agent Kevin M. Ashcroft" because Plaintiff's allegation that additional document existed was mere speculation); *Trupei v. DEA et al.*, 06-1162 (PLF), Docket Entry 25 (granting defendants' motion for summary judgment (affirmed on appeal) on Plaintiff's FOIA action

based on documents he obtains from his FOIA actions, Plaintiff commences his civil actions. Indeed, the first step of the instant matter was Plaintiff's FOIA action seeking oaths of office, letters of appointment, etc for the named Defendants.[5] Here, Plaintiff alleges that the named Defendants acted improperly in relying on Bumar's untruthful trial testimony in the FAA's enforcement action to terminate Plaintiff's commercial pilot's license. *Trupei v. U.S. et al.*, 08-351 (HHK), Docket Entry 1.[6] Plaintiff makes the same allegations and arguments here as he has in his other baseless civil actions.

In the same vein, the action Plaintiff challenges originally commenced in this District but was transferred to the Southern District of Florida by Judge Friedman. In that action, Plaintiff alleges FTCA and *Bivens*[7] claims against, *inter alia*, the United States; the Department of Justice; the Drug Enforcement Administration ("DEA") ; Dexter W. Lehtinen, a former United States Attorney; Robert J. Lehner and James M. Lord, Assistant United States Attorneys who

---

requesting Bumar's "letter of appointment" because delays in processing was an inadequate response to an otherwise credible agency declaration).

[5]     In his continuing pattern of harassing federal employees involved in his investigation and prosecution or any other governmental enforcement action, Plaintiff filed a FOIA request for "oaths of office, officer affidavits, and fidelity bonds" for FAA employees Theresa Dunn, Keith May and Michael Clark "and/or other entity's personnel connected with this matter." *Trupei v. Fed. Aviation Admin.*, 2005 U.S. Dist. Lexis 20111, *1 (D.D.C. 2005). The FAA responded with the requested documents except for the fidelity bonds, which it did not have. *Id*. The Court granted Defendant's motion for summary judgment because it found that the declarant's personal manual search of the employees' files was adequate. *Id*. at 5.

[6]     Following his pattern, it appears that on or about October 26, 2007, Plaintiff requested letters of appointment, oath of office, and fidelity bonds for the Honorable Marcia G. Cooke, U.S.D.J. in the Southern District of Florida. *Trupei v. U.S. et al.*, 07-60216, Docket Entry 14.

[7]     *See Bivens v. Six Unknown Agents of Fed. Bur. of Narc.*, 403 U.S. 388 (1971).

5

prosecuted the government's case against him; Mark J. Bumar, a DEA Agent; Alfred J. Scotti, a Fort Lauderdale detective who played a major role in investigating and prosecuting the government's case; and Cherry L. McBrayer, a United States Probation Officer. *Trupei v. United States, et al.*, 07-60216, attached to Defs' Motion for Reconsideration, *Ex*. A.[8]

Plaintiff alleged generally that the named defendants "conspired to enter an unlawful indictment [against him] and the prosecutors went to a grand jury without the required appointments and authorization from superiors at the United States Department of Justice." *Id*. Plaintiff appears to attempt to raise questions about "the constitutionality of his arrest, trial, conviction, and imprisonment." The court concluded that Plaintiff's claims were barred by the applicable statute of limitations because the underlying events took place in the late 1980s and 1990 and Plaintiff did not file his complaint until 2007, and that he had failed to raise a cognizable FTCA or *Bivens* claim. On the merits of Plaintiff's FTCA claims, the court concluded that Plaintiff's tort claims essentially raised questions that went to prosecutorial

---

[8] The gravamen of Plaintiff's FTCA/*Bivens* complaint filed in this District is that "the then de facto acting United States Attorney for the Southern District of Florida, namely Defendant Lehtinen violated the Appointment Clause of the United States Constitution, Art. II, §2, Cl. 2, by knowingly and willfully act[ing] as an unlawful United States Attorney." *Trupei v. United States*, 07-0073, Docket Entry 1, ¶11. Therefore, according to Plaintiff, defendant Lehtinen was "an unauthorized officer appearing for and acting on behalf of the United States." Furthermore, Plaintiff alleges that defendant Lehtinen violated his rights by "proceeding before the Fort Lauderdale Grand Jury without the required 'authorization' or otherwise the explicit permission from the 'Criminal Division USDOJ...'" *Id*., ¶14. Plaintiff levels the same allegations against the Assistant United States Attorneys. Plaintiff further alleges that DEA Agent Mark J. Bumar was "an unlawful employee" of the DEA who made false allegations against him about a drug conspiracy even though he, Plaintiff, did not engage in any overt acts in furtherance of the conspiracy. Plaintiff made the same allegations against Fort Lauderdale detective Alfred Joseph Scotti even though nowhere in his complaint does he reference 42 U.S.C. 1983. Plaintiff attaches to his complaint what appears to be letters of appointment and or declarations, which he apparently obtained through FOIA.

discretion for which there was a specific exemption from liability under the FTCA. 28 U.S.C. 2680(a).[9] Regarding his *Bivens* claims, the court correctly concluded that those were *Heck*[10] barred. Accordingly, the court dismissed Plaintiff's action for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). Subsequently, on June 24, 2008, after Defendants in this case filed their Motion for Reconsideration, the Eleventh Circuit entered an order that Plaintiff's appeal is not frivolous. *See* Pl's Opp., *Ex*. 1.[11] Despite the futility of Plaintiff's FTCA and *Bivens* claims as shown in the court's disposition of the matters, on or about February 22, 2008, Plaintiff filed a *habeas* action alleging that his conviction and sentence were tainted by the fact that the investigators and attorneys were acting without proper authority. *Trupei v. Lappin et al.*, 08-019 (S.D. Ga 2008).

In enacting the PLRA, "[c]ongress's principal intent was to reduce frivolous litigation by prisoners." *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 430 (D.C. Cir. 2007) (quoting *Blair-Bey v. Quick*, 151 F.3d 1036, 1040 (D.C. Cir. 1998)). One of the PLRA's principal sponsors, Senator Dole, noted that "[p]risoners have filed lawsuits claiming such grievances as insufficient storage locker space, being prohibited from attending a wedding anniversary party,

---

[9] 28 U.S.C. 2680(a) is an exception from liability under the FTCA for "any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."

[10] *Heck v. Humphrey*, 512 U.S. 477 (1994).

[11] True to his pattern of abusive and harassing filings, it appears that on or about October 26, 2007, Plaintiff requested letters of appointment, oath of office and fidelity bonds for the Honorable Marcia G. Cooks, U.S.D.J. in the Southern District of Georgia. *Trupei v. US et al.*, 07-60216, Docket Entry 11.

and yes, being served creamy peanut butter instead of the chunky variety they had ordered." *Id*. (quoting 141 Cong. Rec. 14,570, 14,570 (1995)). These types of "frivolous lawsuits...waste valuable judicial and legal resources, and affect the quality of justice enjoyed by the law-abiding population." *Id*.

Accordingly, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

See 28 U.S.C. § 1915(g).

Pursuant to this provision, if "a prisoner has filed, while incarcerated, three or more cases that have been dismissed for being frivolous or malicious or for failing to state a claim upon which relief could be granted, he [or she] may not proceed IFP, . . . and must therefore pay the entire fee on filing" although "[a]n indigent prisoner otherwise subject to subsection (g) may nevertheless proceed IFP when he [or she] is "under imminent danger of serious physical injury." *See Chandler v. Dist. of Columbia Dep't of Corr.*, 145 F.3d 1355, 1357 (D.C. Cir. 1998). "In enacting the PLRA in 1996, Congress endeavored to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997) (citations and brackets omitted).

Even on the merits, Plaintiff's claims that governmental actors were not authorized to prosecute actions against him lacks merit. For example, relying on 28 U.S.C. §515 and *United States v. Providence Journ. Co.*, 485 U.S. 693 (1988), Plaintiff argues that his criminal prosecution and the FAA's enforcement action against him were improper. First, the basic purpose of 28 USCS §515 is to grant power and authority to the Attorney General to appoint special independent counsel who are primarily private outside counsel who are to operate within districts of regular United States Attorneys. *United States v Morrison*, 531 F2d 1089 (1st Cir. 1976) *cert. den*. 429 U.S. 837 (1976). In addition, Plaintiff's reliance on *Providence Journ. Co.* is misplaced because that matter involved a court appointed special prosecutor that had been appointed to handle a matter because the U.S. Attorney represented the federal defendants in the underlying civil matter.

Plaintiff's pleadings are devoid of any explanation for why these provisions would apply to his own routine drug prosecution by the United States Attorney's Office in the Southern District of Florida. In addition, as the Southern District of Florida correctly noted regarding Plaintiff's civil complaints, the statute of limitations would preclude many of Plaintiff's claims since the underlying facts occurred mostly in the early to mid-1990s. The claims may also be precluded by other doctrines such as res judicata or the *Heck* doctrine. Given these facts, it is arguable that Plaintiff is in violation of the PLRA because his several FOIA and FTCA/*Bivens* actions lacked merit and only drained already scarce judicial resources.

The Circuit's law countenances Defendants' request. As the Court noted in *Thompson*, "we are mindful that a driving purpose of the PLRA is to preserve the resources of both the courts and the defendants in prisoner litigation." 492 F.3d 428. Also, as noted in *Butler v. DOJ*,

9

492 F.3d 440 (D.C. Cir. 2007), the relevant question is whether Plaintiff has abused a special privilege of the courts to such an extent that the privilege should not again be extended to him. *Id*. at 446. *Butler* noted as examples of abuse, eight appeals in four years and fifteen FOIA actions related to the plaintiff's conviction, many seeking the same documents. *Id*. at 447. All but one were dismissed on either summary judgment, a motion to dismiss, or for failure to respond. *Id*. The Court concluded that considering this pattern, it appears that filing these actions was the inmate's "pastime." *Id*.

Likewise, in this case, Plaintiff has filed several FOIA actions for the release of letters of appointments and oaths of office for several government officials, which he has used in a futile attempt to challenge his criminal conviction and sentence. These filings are objectionable because they put an unnecessary strain on judicial and defendants' resources.

Upon the foregoing, Defendants respectfully request that Plaintiff's *IFP* status be revoked.

July 28, 2008                                   Respectfully submitted,

                                                 _/s/_____
                                                 JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                 United States Attorney

                                                 _/s/_____
                                                 RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                 Assistant United States Attorney

                                                 _/s/_____
                                                 KENNETH ADEBONOJO
                                                 Assistant United States Attorney
                                                 555 Fourth Street, N.W., Room E4815
                                                 Washington, D.C. 20530
                                                 (202) 514-7431
                                                 (202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 28th of July, 2008, the foregoing Reply to Plaintiff's Opposition to Defendants' Motion for Reconsideration was served on Plaintiff, pro se, by first class mail, postage prepaid, addressed as follows:

>Michael Trupei
>Reg. No. 12743-004
>McRae Correctional Institution
>Route 1, Box 6AA
>McRae, GA, 31055

>__/s/_____
>KENNETH ADEBONOJO
>Assistant United States Attorney
>555 Fourth Street, N.W., Room E4815
>Washington, D.C. 20530
>(202) 514-7431
>(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL TRUPEI,

    Plaintiff,

v.      Case No. 5:02-cv-389-Oc-10GRJ

UNITED STATES OF AMERICA,

    Defendant.

_____

### ORDER

This cause is before the Court on Plaintiff's Notice of Appeal (Doc. 39) and Motion for Leave to Proceed In Forma Pauperis on Appeal (Doc. 40). Upon due consideration, the Court finds that this appeal is not taken in good faith under Rule 24(a) of the Federal Rules of Appellate Procedure. Thus, Plaintiff is not entitled to appeal as a pauper and his motion for leave to proceed *in forma pauperis* is **DENIED**. Plaintiff shall pay the $255.00 appellate filing and docketing fees as required by the Prison Litigation Reform Act. See 28 U.S.C. 1915.

In addition, Plaintiff's Motion to Stay the Notice of Appeal (Doc. 37) pending the outcome of his Motion for Reconsideration is **DENIED as moot**. Plaintiff's Motion for Reconsideration was denied on September 23, 2004.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 6th day of October 2004.

UNITED STATES DISTRICT JUDGE

c:  Michael Trupei
    Counsel of Record
    USCA

ARCHIVED, CLOSED

# U.S. District Court
## Middle District of Florida (Ocala)
### CIVIL DOCKET FOR CASE #: 5:02-cv-00389-WTH-GRJ

Trupei v. U.S. Dept of Justice, et al
Assigned to: Senior Judge Wm. Terrell Hodges
Referred to: Magistrate Judge Gary R. Jones
Demand: $0
Cause: 28:1331 Fed. Question: Civil Rights Violation

Date Filed: 12/27/2002
Date Terminated: 08/10/2004
Jury Demand: Plaintiff
Nature of Suit: 555 Prisoner Civil Rights (Prison Condition)
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Michael Trupei**     represented by **Michael Trupei**
#R12743004
FCC Coleman - Medium
P.O. Box 1032
Coleman, FL 33521-1031
PRO SE

V.

**Defendant**

**United States Department of Justice**     represented by **Ralph J. Lee**
*TERMINATED: 03/17/2004*
U.S. Attorney's Office
Middle District of Florida
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202
904/301-6324
Fax: 904/301-6363
Email: Dee.Jackson@usdoj.gov
*TERMINATED: 03/17/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States of America**     represented by **Ralph J. Lee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

| 12/27/2002 | 1 | COMPLAINT under Federal Tort Claim Act, pursuant to title 28 U.S.C. 2671, et seq., and 1391(e) 1346 verified filed; jury demand (1 service copy provided) (lmf) Modified on 12/27/2002 (Entered: 12/27/2002) |
|---|---|---|
| 12/27/2002 | | MAGISTRATE JUDGE CASE ASSIGNMENT Magistrate assigned: Gary R. Jones (lmf) (Entered: 12/27/2002) |
| 12/27/2002 | 2 | MOTION by Michael Trupei to proceed in forma pauperis /affidavit of indigency referred to Magistrate Judge Gary R. Jones (lmf) (Entered: 12/27/2002) |
| 12/27/2002 | | NOTICE to prisoner of filing of case. Sent by deputy clerk. (lmf) (Entered: 12/27/2002) |
| 12/30/2002 | 3 | NOTICE of designation under Local Rule 3.05 - TRACK 1. (ctc) (mam) (Entered: 12/30/2002) |
| 01/07/2003 | 4 | ORDER that Plaintiff has 20 days from the date of this order to submit an Affidavit of Indigency and Prisoner Consent Form and Financial Certification. Additionally, Plaintiff has 20 days to file the appropriate documentation establishing the exhaustion of his available administrative remedies. Set proof of indigency due by 1/28/03 for Michael Trupei . ( Signed by Magistrate Judge Gary R. Jones ) ctc (lmf) (Entered: 01/08/2003) |
| 02/06/2003 | 5 | AFFIDAVIT of indigency filed by plaintiff Michael Trupei (lmf) (Entered: 02/10/2003) |
| 02/06/2003 | 6 | PROOF of financial status by Michael Trupei (lmf) (Entered: 02/10/2003) |
| 02/12/2003 | 7 | ORDER granting [2-1] motion to proceed in forma pauperis, to the extent the case may proceed without the prepayment of the entire filing fee, however, the plaintiff is assessed the total $150.00 filing fee. Set fee payment due by 3/17/03 in amount of $ .38 . The clerk is directed to send a copy of this order by certified mail to Shep Olliff, FCC Coleman Budget and Accounting Officer. ( Signed by Magistrate Judge Gary R. Jones ) ctc (lmf) (Entered: 02/13/2003) |
| 03/13/2003 | | FEES paid in the amount of $ .38, Receipt # C-2047. Balance due $ 149.62. (lmf) (Entered: 03/13/2003) |
| 04/30/2003 | 8 | ORDER that Plaintiff has 20 days from the date of this order, to submit an additional copy of his complaint for service of process. ( Signed by Magistrate Judge Gary R. Jones ) ctc (lmf) (Entered: 05/01/2003) |
| 06/16/2003 | 9 | NOTICE by Michael Trupei of change of address for pro se party (lmf) (Entered: 06/16/2003) |
| 06/19/2003 | 10 | ORDER TO SHOW cause as to why additional service copy of Complaint has not been filed. Response due by 7/7/03 for Michael Trupei ( Signed by Magistrate Judge Gary R. Jones ) ctc (lmf) (Entered: 06/20/2003) |
| 07/03/2003 | 11 | RESPONSE to the Court's order to show cause filed by plaintiff Michael Trupei (lmf) (Entered: 07/07/2003) |
| 08/22/2003 | | Received from Plaintiff summonses for U.S. Department of Justice and U.S. Attorney General to be issued. (lmf) (Entered: 08/22/2003) |

| | | |
|---|---|---|
| 08/25/2003 | 12 | ORDER TO ANSWER AND NOTICE TO PLAINTIFF; the clerk is directed to send a copy of the complaint by certified mail to the U.S. Attorney and the U.S. Attorney General along with a copy of this order. Defendant's have 60 days to answer or otherwise plead. Plaintiff has 20 days to respond. Set answer due for 10/27/03 for U.S. Dept of Justice ( Signed by Magistrate Judge Gary R. Jones ) ctc (lmf) (Entered: 08/27/2003) |
| 08/26/2003 | 13 | MOTION by Michael Trupei for order directing service of process upon all defendants by the U.S. Marshal ; referred to Magistrate Judge Gary R. Jones (lmf) (Entered: 08/27/2003) |
| 08/29/2003 | 14 | ORDER denying as moot [13-1] motion for order directing service of process upon all defendants by the U.S. Marshal ( Signed by Magistrate Judge Gary R. Jones ) ctc (lmf) (Entered: 08/29/2003) |
| 10/28/2003 | 15 | MOTION by U.S. Dept of Justice with memorandum in support to dismiss action or, in the alternative, for summary judgment (lmf) (Entered: 10/28/2003) |
| 10/28/2003 | 16 | NOTICE of filing declarations in support of Defendant's motion, with incorporated memorandum, to dismiss or, in the alternative, for summary judgment by U.S. Dept of Justice (lmf) (Entered: 10/28/2003) |
| 10/28/2003 | 17 | DECLARATION of Jodi Ward by U.S. Dept of Justice re: [15-1] motion to dismiss action or, in the alternative [15-2] motion for summary (lmf) (Entered: 10/28/2003) |
| 10/28/2003 | 18 | DECLARATION of James Bauder by U.S. Dept of Justice re: [15-1] motion to dismiss action or, in the alternative, [15-2] motion for summary judgment (lmf) (Entered: 10/28/2003) |
| 10/28/2003 | 19 | DECLARATION of Clint Crosby by U.S. Dept of Justice re: [15-1] motion to dismiss action or, in the alternative, [15-2] motion for summary judgment (lmf) (Entered: 10/28/2003) |
| 10/28/2003 | 20 | DECLARATION of John Goff by U.S. Dept of Justice re: [15-1] motion to dismiss action or, in the alternative, [15-2] motion for summary (lmf) (Entered: 10/28/2003) |
| 10/28/2003 | 21 | DECLARATION of Rene Viera by U.S. Dept of Justice re: [15-1] motion to dismiss action or, in the alternative, [15-2] motion for summary judgment. (lmf) (Entered: 10/28/2003) |
| 10/28/2003 | 22 | DECLARATION of Ken Pike by U.S. Dept of Justice re: [15-1] motion to dismiss action or, in the alternative, [15-2] motion for summary. (lmf) (Entered: 10/28/2003) |
| 10/30/2003 | 23 | SUMMARY JUDGMENT NOTICE: response to motion set to 11/13/03 for [15-2] motion for summary judgment ; ( Signed by Deputy Clerk ) ctc (lmf) (Entered: 10/30/2003) |
| 11/07/2003 | | FEES paid in the amount of $20.09. Receipt #C-2566. Balance due $129.53. (ail) (Entered: 11/10/2003) |
| 11/10/2003 | 24 | OBJECTION by Michael Trupei to [23-1] Summary Judgment Notice and |

| | | |
|---|---|---|
| | | MOTION for more definite statement under Federal Rule Civil Procedure, Rule 12(4)(B) ; referred to Magistrate Judge Gary R. Jones. (lmf) (Entered: 11/12/2003) |
| 11/10/2003 | 25 | AMENDED OBJECTIONS by Michael Trupei to [23-2] Summary Judgment Notice. (lmf) (Entered: 11/12/2003) |
| 11/10/2003 | 25 | AMENDED MOTION amending [24-1] motion for more definite statement under Federal Rule Civil Procedure, Rule 12(4)(B) (amended) by Michael Trupei; referred to Magistrate Gary R. Jones. (lmf) (Entered: 11/12/2003) |
| 12/10/2003 | 26 | ORDER terminating [25-1] amended motion for more definite statement, [24-1] motion for more definite statement and [24-2] response. Defendant has until 12/24/03 to re-serve the Plaintiff a copy of the motion to dismiss, or in the alternative, Motion for Summary Judgment; and the Plaintiff has until 1/16/04 to repond to that motion. Response to motion set to 1/16/04 for [15-1] motion to dismiss action, and [15-2] motion for summary judgment ( Signed by Magistrate Judge Gary R. Jones ) ctc (lmf) (Entered: 12/10/2003) |
| 12/23/2003 | 27 | NOTICE of Additional service pursuant to by U.S. Dept of Justice pursuant to [26-2] court order dated 12/10/03. (lmf) (Entered: 12/23/2003) |
| 01/15/2004 | 28 | MOTION by Michael Trupei to substitute the United States as the proper party defendant; instead of the United States Department of Justice under 28 U.S.C. 2679(d)(1) as amended and to extend time to 1/31/04 to respond to defendant's Motion to Dismiss or otherwise an opposition thereto; pursuant to Federal Rule of Civil Procedure-Rule 6(b)(1) ; referred to Magistrate Judge Gary R. Jones. (lmf) (Entered: 01/15/2004) |
| 02/05/2004 | 29 | MOTION by Michael Trupei to extend time for 20 days to repond to Defendant's Motion to Dismiss ; referred to Magistrate Judge Gary R. Jones. (lmf) (Entered: 02/05/2004) |
| 02/06/2004 | 30 | ORDER mooting [28-2] motion to extend time to 1/31/04 to respond to defendant's Motion to Dismiss or otherwise an opposition thereto. Granting [29-1] motion to extend time for 20 days to repond to Defendant's Motion to Dismiss. The Plaintiff has 20 days from the date of this order to file a response. Response to motion set to 3/1/04 for [15-1] motion to dismiss action . ( Signed by Magistrate Judge Gary R. Jones ) ctc (lmf) (Entered: 02/09/2004) |
| 02/09/2004 | 31 | RESPONSE by U.S. Dept of Justice to [29-1] motion to extend time for 20 days to repond to Defendant's Motion to Dismiss. (lmf) (Entered: 02/09/2004) |
| 02/27/2004 | 32 | OPPOSITION by Michael Trupei to Defendant's [15-1] motion to dismiss action or, in the alternative [15-2] motion for summary judgment under Federal Rules Civil Procedure Rule 56(e) "verified". (lmf) (Entered: 02/27/2004) |
| 03/01/2004 | | FEES paid in the amount of $ 3.76, Receipt # C-2833. Balance due $ 125.77. (lmf) (Entered: 03/02/2004) |
| 03/08/2004 | | FEES paid in the amount of $ 1.05, Receipt # C-2865. Balance due $ 124.72. (lmf) (Entered: 03/10/2004) |
| 03/16/2004 | 33 | ORDER granting [28-1] motion to substitute the United States as the proper |

|  |  | party defendant; instead of the United States Department of Justice under 28 U.S.C. 2679(d)(1) as amended. The Clerk is directed to terminate the Department of Justice as defendant in this action and substitute the United States of America. Terminated defendant U.S. Dept of Justice . Added defendant U.S.A. ( Signed by Magistrate Judge Gary R. Jones ) ctc (lmf) Modified on 03/17/2004 (Entered: 03/17/2004) |
|---|---|---|
| 08/10/2004 | 34 | ORDER granting 15 Motion for summary judgment. The Clerk is directed to enter judgment for the Defendant and against the Plaintiff. Signed by Judge Wm. Terrell Hodges on 8/9/2004. (LAA) (Entered: 08/10/2004) |
| 08/11/2004 | 35 | JUDGMENT in favor of defendant and against Plaintiff. Civil appeals checklist mailed. (Signed by Deputy Clerk) (LMF) (Entered: 08/11/2004) |
| 08/25/2004 | 36 | MOTION for reconsideration re 34 Order on motion to dismiss, Order on motion for summary judgment and 35 Judgment - prisoner under Federal Rules of Civil Procedure 59(e) or 60(b) and/or cure the judgment from the denial of the judgment by this court granting defendant summary judgment "verified" by Michael Trupei. (LMF) (Entered: 08/26/2004) |
| 09/01/2004 | 37 | MOTION to stay the notice of appeal in abeyance by Michael Trupei. (LMF) (Entered: 09/02/2004) |
| 09/23/2004 | 38 | ORDER denying 36 motion for reconsideration. Signed by Judge Wm. Terrell Hodges on 9/23/2004. (LAA) (Entered: 09/23/2004) |
| 10/04/2004 | 39 | NOTICE OF APPEAL as to 38 Order on motion for reconsideration by Michael Trupei. (LMF) (Entered: 10/05/2004) |
| 10/04/2004 | 40 | MOTION for Leave to Appeal in forma pauperis with supporting documentation by Michael Trupei. (LMF) (Entered: 10/05/2004) |
| 10/06/2004 | 41 | ORDER denying 40 motion for leave to appeal in forma pauperis and finding as moot 37 motion to stay. Signed by Judge Wm. Terrell Hodges on 10/6/2004. (LAA) (Entered: 10/06/2004) |
| 10/12/2004 | 42 | TRANSMITTAL of initial appeal package to USCA consisting of certified copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 39 Notice of appeal. Transcript information form sent. (LMF) (Entered: 10/12/2004) |
| 10/18/2004 | 43 | ACKNOWLEDGMENT by USCA of receiving Notice of Appeal and Order denying Motion to Proceed on Appeal in Forma Pauperis on 10/14/04 re 39 Notice of appeal. USCA number: 04-15282-F. (LMF) (Entered: 10/19/2004) |
| 10/22/2004 | 44 | TRANSCRIPT information form filed by Michael Trupei re 39 Notice of appeal. USCA number: 04-15282-F. (LMF) (Entered: 10/25/2004) |
| 11/01/2004 | 46 | Consent form (copy) for authorization to pay $255.00 appeal fees. USCA # 04-15282-F. (LMF) (Entered: 11/02/2004) |
| 11/08/2004 | 47 | FEES paid by Michael Trupei (Filing fee $.92, receipt number C-3465). Balance due $123.80. (LMF) (Entered: 11/09/2004) |
| 11/10/2004 | 48 | TRANSMITTAL to USCA: forwarding Original Papers re 39 Notice of appeal; |

| | | |
|---|---|---|
| | | USCA number: 04-15282-F. (LMF) (Entered: 11/10/2004) |
| 11/22/2004 | 49 | ACKNOWLEDGMENT by USCA of receiving original papers on 11/12/04 re 39 Notice of appeal. USCA number: 04-15282-F. (LMF) (Entered: 11/22/2004) |
| 02/11/2005 | 50 | FEES paid by Michael Trupei (Filing fee $8.97, receipt number C-3784). Balance due $122.83. (LMF) (Entered: 02/14/2005) |
| 02/28/2005 | 51 | USCA ORDER issued as a mandate on 2/24/05 dismissing 39 Notice of appeal as frivolous. (Before Anderson, Hull and Pryor, USCA Circuit Judges on 2/24/05). (LMF) (Entered: 03/01/2005) |
| 03/07/2005 | 52 | FEES paid by Michael Trupei (Filing fee $23.60, receipt number C-3779; and $13.87, receipt number C-3782). Balance due $85.36. (AIQ) (Entered: 03/08/2005) |
| 04/01/2005 | 53 | FEES paid by Michael Trupei (Filing fee $1.37, receipt number C-3871). Balance due $83.99. (AIQ) (Entered: 04/12/2005) |
| 05/09/2005 | 54 | FEES paid by Michael Trupei (Filing fee $1.82, receipt number C-3955). Balance due $82.17. (LMF) (Entered: 05/10/2005) |
| 06/13/2005 | | FEES paid by Michael Trupei (Filing fee $1.27, receipt number C-4023). Balance due $80.90. (LMF) (Entered: 06/14/2005) |
| 07/11/2005 | | FEES paid by Michael Trupei (Filing fee $5.60, receipt number C-4107). Balance due $75.30. (LMF) (Entered: 07/13/2005) |
| 08/15/2005 | | FEES paid by Michael Trupei (Filing fee $1.42, receipt number C-4191). Balance due $73.88. (LMF) (Entered: 08/16/2005) |
| 09/12/2005 | | FEES paid by Michael Trupei (Filing fee $9.70, receipt number C-4259 and C-4260). Balance due $64.18. (LMF) (Entered: 09/12/2005) |
| 10/17/2005 | | FEES paid by Michael Trupei (Filing fee $.98, receipt number C-4331). Balance due $63.20. (LMF) (Entered: 10/18/2005) |
| 05/15/2006 | | FEES paid by Michael Trupei (Filing fee $1.10, receipt number C-4850). Balance due $62.10. (LMF) (Entered: 05/16/2006) |
| 06/15/2006 | | FEES paid by Michael Trupei (Filing fee $.34, receipt number C-4908). Balance due $61.76. (LMF) (Entered: 06/15/2006) |
| 07/17/2006 | | FEES paid by Michael Trupei (Filing fee $1.04, receipt number C-4984). Balance due $60.72. (LMF) (Entered: 07/18/2006) |
| 07/26/2006 | | Mail returned as to Michael Trupei as Undeliverable re: Fees paid. No change of address filed. (LMF) (Entered: 07/26/2006) |
| 08/10/2006 | | FEES paid by Michael Trupei (Filing fee $3.36, receipt number C-5052). Balance due $57.36. (LMF) (Entered: 08/10/2006) |
| 09/25/2006 | | FEES paid by Michael Trupei (Filing fee $6.01, receipt number C-5149). Balance due $51.35. (LMF) (Entered: 09/26/2006) |
| 10/26/2006 | | FEES paid by Michael Trupei (Filing fee $5.42, receipt number C-5224). |

|            |   |                                                                                                                                 |
|------------|---|---------------------------------------------------------------------------------------------------------------------------------|
|            |   | Balance due $45.93. (LMF) (Entered: 10/26/2006)                                                                                 |
| 11/13/2006 |   | FEES paid by Michael Trupei (Filing fee $4.00, receipt number C-5268). Balance due $41.93. (AIQ) (Entered: 11/13/2006)          |
| 12/11/2006 |   | FEES paid by Michael Trupei (Filing fee $4.80, receipt number C-5336). Balance due $37.13. (LMF) (Entered: 12/12/2006)          |
| 01/22/2007 |   | FEES paid by Michael Trupei (Filing fee $2.30, receipt number C-5435). Balance due $34.83. (LMF) (Entered: 01/22/2007)          |
| 04/09/2007 |   | FEES paid by Michael Trupei (Filing fee $.10, receipt number C-5631) Balance due $34.73. (LMF) (Entered: 04/09/2007)            |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/23/2008 12:11:11 | | | |
| PACER Login: | du6818 | Client Code: | doj |
| Description: | Docket Report | Search Criteria: | 5:02-cv-00389-WTH-GRJ |
| Billable Pages: | 5 | Cost: | 0.40 |