UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL TRUPEI,

    Plaintiff,

    v.

UNITED STATES et al.,

    Defendants.

Civil Action No. 08-0351 (HHK)

## ORDER

Pending before the Court is a motion by defendants to revoke plaintiff Michael Trupei's *in forma pauperis* ("IFP") status, the defendant's motion to stay proceedings pending a ruling on the motion regarding plaintiff's IFP status, and the plaintiff's motion to stay the case pending successful service on defendants without additional information by the plaintiff. The motion to revoke IFP status will be denied without prejudice to renew, the defendant's motion to stay will be denied as moot, and an answer will be due in 30 days. The plaintiff's motion to stay will be denied and the defendants who have not been properly served will be dismissed from the case.

The defendants have argued that the plaintiff is barred by 28 U.S.C. § 1915(g) from filing *in forma pauperis*. As proof, defendants submitted opinions and orders from prior actions in which Trupei was also plaintiff, showing that

    (1) the United States District Court for the Middle District of Florida, Ocala Division, in

    Civil Action No. 02-389 granted summary judgment to the defendants; Trupei appealed

to the Court of Appeals for the Eleventh Circuit, Appeal No. 04-15282, which dismissed the appeal as frivolous; and

(2) the United States District Court for the Southern District of Florida, in Civil Action No. 95-7027, dismissed the complaint for failure to state a claim upon which relief could be granted and for lack of subject matter jurisdiction; Trupei appealed to the Court of Appeals for the Eleventh Circuit, Appeal No. 98-5801, which affirmed the district court; and

(3) the United States District Court for the Southern District of Florida, in Civil Action No. 07-60216, dismissed the complaint for failure to state a claim upon which relief may be granted.

Defendant is correct that the dismissal of the appeal as frivolous, and the dismissal of the complaint for failure to state a claim upon which relief may be granted that has been affirmed on appeal each count as a "strike" against the plaintiff for the purposes of 28 U.S.C. § 1915(g). *See* 28 U.S.C. § 1915 and *Thompson v. DEA,* 492 F.3d 428, 431 (D.C. Cir. 2007). However, *Thompson,* which binds this Court, expressly prohibits counting as strikes dismissals that have appeals from those dismissals still pending. *Id.* 432. Because the district court's dismissal in Civil Action No. 07-60216 is still pending on appeal before the Eleventh Circuit, it cannot count as a strike.

In their reply the defendants argue that the district court's finding in Civil Action No. 02-389 that an appeal was not taken in good faith under Rule 24(a) of the Federal Rules of Appellate Procedure should count as a strike independent of the subsequent appeals court's finding that the appeal was frivolous. Defendants cite no authority for their argument, and the Court is aware of

none. To the contrary, the opinion in *Thompson* counsels the opposite conclusion. *See* 492 F.3d at 439 (declining to treat as a strike anything other than a ground explicitly mentioned in § 1915(g)). Thus, defendants have established only two strikes for the purposes of 28 U.S.C. § 1915(g).

In the alternative, defendants argue that the Court should exercise its discretion to deny plaintiff IFP status, citing *Butler v. DOJ,* 492 F.3d 440 (D.C. Cir. 2007). Defendants have not presented evidence that Trupei's 23 filings — with only two apparent strikes — demonstrate a "pattern of frivolousness or harassment of either defendants or the court" sufficient to meet *Butler's* standard for reaching such a result. Therefore, defendants' motion to reconsider the plaintiff's IFP status will be denied,[1] and the pending motion to stay the proceedings until the IFP motion is determined will be denied as moot.

The plaintiff was directed by an Order issued May 16, 2008, to provide the full name and address for defendants Richard Buszek and Michael Clark by June 13, 2008, or risk having those defendants dismissed from the case. Plaintiff asserts that he is unable to provide the information requested, and requests that the United States Marshal Service ("USMS") conduct research on his behalf to determine the addresses of these persons. The USMS executes summonses based on the information provided; it does not develop the information. Accordingly, the plaintiff's motion will be denied and the two defendants who have not been served will be dismissed from the action.

For these reasons, it is hereby

---

[1] The plaintiff incorrectly construes the Eleventh Circuit's reversal of Trupei's IFP status on appeal in that case as a reversal of the dismissal. It is not. The appeals court has not yet rendered a decision on the district's court dismissal.

ORDERED that defendants' motion [Dkt. 10] to revoke the plaintiff's IFP status is DENIED without prejudice to renew with additional information.  It is further

ORDERED that defendants' motion [Dkt. 11] to stay proceedings is DENIED as moot.  It is further

ORDERED that plaintiff's motion [Dkt. 12] to stay the case is DENIED.  It is further

ORDERED that defendants Richard Buszek and Michael Clark are DISMISSED from this action.  It is further

ORDERED that defendants' answer or other response is due in 30 days from the date of this Order.

DATED: August 8, 2008

/s/
HENRY H. KENNEDY, Jr.
United States District Judge