UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL TRUPEI,

    Plaintiff,

       v.

                                  Civil Case No. 08-351 (HHK)

UNITED STATES, et al.,

    Defendants.

**MEMORANDUM OPINION**

On January 30, 2009, the Court granted the Defendants' motion to dismiss this case because Plaintiff conceded the motion by failing to timely oppose it. Order, ECF No. 28. Over two years later, Plaintiff now moves for the Court to reconsider its dismissal order. Mot. for Reconsideration, ECF No. 30 [hereinafter Mot.]. Specifically, Plaintiff moves for reconsideration under Federal Rule of Civil Procedure 59(e), any other federal rule, any federal law, "any Common Law Writ such as '*coram nobis*,'" and "any 'British North-American Act.'" *Id.* at 1 (capitalization in original). In support of this motion, Plaintiff cites "newly discovered evidence," arguing that he only recently discovered that the Court (1) had not received his motion to stay, which he allegedly filed in response to the Court's order requiring that Plaintiff file an opposition of other response to Defendants' motion to dismiss, and (2) had granted Defendants' motion to dismiss, the order for which he allegedly never received. *Id.* at 7–8. Plaintiff further argues that Defendants, by intentionally disrupting the flow of his legal mail, have deprived him of his due process rights under the Fifth Amendment. *Id.* at 8–12. This motion will be denied.

Rule 59(e) concerns motions to alter or amend a judgment, providing that such a motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). This deadline cannot be expanded. Fed. R. Civ. P. 6(b)(2); *see Derrington-Bey v. D.C. Dep't of Corrections*, 39 F.3d 1224, 1225 (D.C. Cir. 1994) ("District courts do not have even the customary discretion given by [Rule] 6(b) to enlarge the Rule 59(e) period.") Plaintiff's motion, filed over two years after entry of the judgment of dismissal from which he seeks relief, is therefore untimely under Rule 59(e).

The Court will also construe Plaintiff's motion as made under Rule 60(b)(1) and (2), because Plaintiff mentions newly discovered evidence and loss of documents in the mail. That Rule provides that, "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for," among other reasons, "(1) mistake, inadvertence, surprise, or excusable neglect;" or "(2) newly discovered evidence." Fed. R. Civ. P. 60(b). Several courts have held that "lost mail resulting in the missing of a deadline"—here, the timely filing of an opposition to Defendants' motion to dismiss—"is within the contemplation of 'excusable neglect' as listed in Rule 60(b)." *U.S. v. Zapata-Vicente*, No. 3:01-cr-61, 2006 WL 2381959, *4 (E.D. Va. Aug. 17, 2006) (citing *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996) ("The term 'excusable neglect' . . . refers to the missing of a deadline as a result of such things as . . . lost mail . . . .")).

But a motion made under Rule 60(b)(1) or (2) may be made "no more than a year after the entry of the judgment or order" from which a movant seeks relief. Fed. R. Civ. P. 60(c)(1). As with the deadline under Rule 59(e), this deadline cannot be expanded. Fed. R. Civ. P. 6(b)(2); *see Carr v. District of Columbia*, 543 F.2d 917, 925–26 (D.C. Cir. 1976) ("We see no elasticity in Rule 60(b)'s one-year time limit on the motions to which it applies; it is not

judicially extendable . . . ."). This remains true even when the basis for an untimely motion is the loss of a document in the mail. *See, e.g.*, *La.-Pac. Corp. v. Occupational Safety & Health Rev. Comm'n*, No. 95-70479, 1996 WL 416300, *1 (9th Cir. July 24, 2006) (denying a Rule 60(b)(1) motion for relief from final judgment, filed nearly three years after such judgment, by a party that believed it had settled, but where the other party mailed the settlement agreement for filing to the wrong address). Plaintiff's motion, filed over two years after entry of the judgment of dismissal from which he seeks relief, is therefore untimely under Rule 60(b)(1)–(2).

The Court will also construe Plaintiff's motion as made under Rule 60(b)(4), because Plaintiff mentions violations of Fifth Amendment due process. That rule provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" if, among other things, "(4) the judgment is void." Fed R. Civ. P. 60(b). If an order or judgment is entered without due process, that order or judgment is void and subject to a motion under Rule 60(b)(4). *See, e.g.*, *In re Center Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985) ("[A] judgment may be set aside on voidness grounds under Rule 60(b)(4) for a violation of the due process clause of the Fifth Amendment."). *See generally* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2862 (2d ed.) ("A judgment . . . is void . . . if the court that rendered it . . . acted in a manner inconsistent with due process of law.") A motion under Rule 60(b)(4) is not subject to a one-year limitation period. *See* Fed. R. Civ. P. 60(c)(1).

But Plaintiff has not alleged that the dismissal order in this case is void. Indeed, Plaintiff admits that he received the motion to dismiss, as well as the Court's order for Plaintiff to respond in opposition to that motion else risk it being granted as conceded. Mot. at 7. Plaintiff instead alleges something else: that prison staff violated his Fifth Amendment rights by interfering with *other* court filings, namely, dispatch of the alleged motion to stay and receipt of the dismissal

order.  *See* Mot. at 8–12.[1]  While interference with the mails may provide fodder for a separate

Fifth Amendment action against prison staff, *see, e.g.*, *Wall v. Pearson*, No. 5:08-cv-234, 2008

WL 3539729, *2 (S.D. Miss. Aug. 11, 2008) ("[I]if and when the petitioner is prejudiced by the

denial of the prison officials to process his mail to or from the courts or his attorneys, the

primary means to assert such a claim is by filing a civil action at that time."), Plaintiff makes no

allegation of a due-process violation as to the order from which Plaintiff seeks relief in this

motion.  Plaintiff's motion under Rule 60(b)(4) will therefore be denied.

Beyond Plaintiff's mention of due process under the Fifth Amendment, Plaintiff invites

the Court to consider "any Federal Law" that might support his motion for reconsideration.  Mot.

at 1.  The Court declines this invitation and will not examine the entire *corpus juris* of the United

States in an attempt to find authority Plaintiff has failed to cite himself.

Plaintiff also invites the Court to consider "any Common Law Writ such as '*coram*

*nobis*'" that might support his motion for reconsideration.  *Id.*  The writs to which Plaintiff refers

have been abolished in civil actions in the federal courts of the United States.  Fed. R. Civ. P.

60(e) ("The following are abolished: bills of review, bills in the nature of bills of review, and

writs of coram nobis, coram vobis, and audita querela.").  *See generally* 11 Charles Alan Wright

& Arthur R. Miller, *Federal Practice and Procedure* § 2867 (2d ed.).  However, "applications

for relief mistakenly designated as one of the writs abolished by Rule 60(b) must be treated as if

---

[1] Plaintiff does contend that his allegedly lost motion to stay was submitted in response to Defendants' motion to dismiss, and that he failed to submit a memorandum in opposition to that motion while "he was waiting for this Court to rule" on his own motion never received by the Court.  Mot. at 7.  But a motion to stay is not a proper response in opposition to a dispositive motion, because it does not consider or counter arguments made in the dispositive motion.  And regardless, in the absence of a ruling on a motion to stay—whether because the Court received the motion but has not yet ruled on it, or because the Court never received the motion in the first place—a litigant must proceed as if the action is live—which it is.  Thus, the alleged loss of Plaintiff's motion to stay is irrelevant to his failure to timely oppose Defendants' motion.

brought under the . . . Rule; nomenclature is irrelevant." *In re Brown*, 68 F.R.D. 172, 174 (D.D.C. 1975). The Court has already considered Plaintiff's motion under Rule 60(b) above.

Finally, Plaintiff also invites the Court to consider "any 'British North-American Act'" that might support his motion for reconsideration. Mot. at 1. Plaintiff, a resident of Canada, presumably refers to the British North America Act of 1867 and its amending acts dating to 1975, which were promulgated by the Parliaments of the United Kingdom and Canada and which form the basis of Canada's Constitution. *See* Eugene A. Forsey, *How Canadians Govern Themselves* 12 (7th ed. 2010), *available at* http://www2.parl.gc.ca/Sites/LOP/AboutParliament/ Forsey/PDFs/How_Canadians_Govern_Themselves-7ed.pdf. Plaintiff makes no attempt to explain why the Court should consider this foreign law or why any of these acts in any way support Plaintiff's motion. The Court will therefore decline Plaintiff's invitation to foray into the organic law of Canada.

For the reasons set forth above, Plaintiff's motion for reconsideration will be denied. However, Plaintiff may be able to pursue an independent action for equitable relief in the nature of the relief sought in this motion. *See* Fed. R. Civ. P. 60(d)(1). *See generally* 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2868 (2d ed.). A separate Order consistent with this Memorandum Opinion shall issue this date.

/s/ _____
Henry H. Kennedy, Jr.
United States District Judge